1

2  **LINCOLN, GUSTAFSON & CERCOS, LLP**          SPACE BELOW FOR FILING STAMP
    *ATTORNEYS AT LAW*
3   **550 West "C" Street, Suite 1400**
    **San Diego, California 92101**
4   (619) 233-1150/ Fax: (619) 233-6949

5  TERESA M. BECK, Esq. SBN 149763
   PAUL H. JAMES, Esq. SBN 227228
6  MONICA J. YOON, SBN 238256
   Attorneys for Ken B. Privett, PLC

7

8              **UNITED STATES DISTRICT COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**

10 WELK RESORT GROUP, INC., a          ) **Case No.:  3:17-cv-01499-L-AGS**
   California Corporation; and WELK      )
11 RESORTS PLATINUM OWNERS             ) **MEMORANDUM OF POINTS &**
   ASSOCIATION,  a California non-       ) **AUTHORITIES IN SUPPORT OF**
12 profit corporation, et al.;           ) **DEFENDANT KEN B. PRIVETT, PLC's**
                                         ) **FRCP RULE 12(B)(6) MOTION TO**
13            Plaintiffs,                ) **DISMISS PLAINTIFFS' FIRST**
                                         ) **AMENDED COMPLAINT**
14 vs.                                   )
                                         ) *Assigned For All Purposes:*
15                                       ) *The Honorable: Andrew G. Schopler*
   REED HEIN & ASSOCIATES, LLC          )
16 dba TIMESHARE EXIT TEAM, a           ) *Complaint Filed: July 25, 2017*
   Washington limited liability company; ) *Trial Date: Non-Set*
17 SCHROETER GOLDMARK &                 )
   BENDER, P.S., a Washington            ) Date:  October 23, 2017
18 professional corporation; and KEN B.  ) Time:  11:00 am.
   PRIVETT, PLC, an Oklahoma limited     ) Dept.   Courtroom 5b
19 liability company,                    )
                                         ) NO ORAL ARGUMENT UNLESS
20            Defendants.                ) REQUESTED BY COURT
                                         )
21

22

23

24

25

26 //

27 //

28

---

1

## TABLE OF CONTENTS

I.   Introduction/Summary of Argument ... ... ... ... ... ... ... ... ... ... ... ..... ... ... ....2

II.  Points & Authorities ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ..... ... ....2

  A. Plaintiffs' Claims Against Privett Should Be Dismissed  Under  FRCP Rule

     12(b)(6) ... ... ... ... ... ... ..... ... ... ... ... ... ... ... ... ... ... ... ... ... ....2

  B. Plaintiffs' Claims Against Privett Should Be Dismissed  Because They Fail

     To Meet The Pleading Standards Required To State A Claim For Relief

     (And Avoid Rule 12(b)(6) Dismissal) ... ... ... ... ... ... ... ... ... ... ... ... ....3

     1. General Pleading Requirements Per FRCP Rule 8 ... ... ... ... ..... ... ... ....3

     2. Heightened Pleading Requirements For Fraud Allegations Per FRCP

        Rule 9(b) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ..... ... ....4

     3. Statutory Standing Must Be Pleaded and Proved ... ... ... ... ... ..... ... ....4

III. All Claims For Relief Asserted Against Privett Fail To State A Claim For Which

     Relief May Be Granted ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ..... ....5

  A. First Claim For Relief - Intentional Interference With Contractual

     Relations ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ..... ... ... .....5

  B. Second Claim For Relief - Violation of 18 U.S.C. 1961 *ET. SEQ* ... ... ... ....7

     1. Plaintiffs Fail To Sufficiently Allege Defendants Constitute Enterprise

        Under 18 U.S.C. 1961(4) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....8

     2. Without an Enterprise, Plaintiffs Are Necessarily Unable To Demonstrate

        That Privett Conspired to Violate RICO ... ... ... ... ... ... ... ... ... ... ....9

     3. Plaintiffs Fail To Adequately Plead The Allegations Of Mail and Wire

        Fraud Upon Which the RICO Conspiracy Claim Is Predicated ... ... ... ....10

     4. Privett Is Immune From RICO Liability Under The Litigation Privilege

        and *Noerr- Pennington* Doctrine ... ... ... ... ... ... ... ... ... ... ... ....11

  C. Third Claim For Relief – Unfair Competition Law ... ... ... ... ... ... ... ....12

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

1.  "Unlawful" Prong of the UCL ... ... ... ... ... ... ... ... ... ... ... ... 12

2.  "Unfair" Prong of the UCL ... ... ... ... ... ... ... ... ... ... ... ... ...13

3.  "Fraud" Prong of the UCL ... ... ... ... ... ... ... ... ... ... ... ... ...15

4.  Privileged Communications Cannot Serve As Basis For Liability ... ...17

D.  Sixth Claim For Relief – Running And Capping Law ... ... ... ... ... ...17

1.  Plaintiffs Lack Statutory Standing To Pursue This Claim For Relief....18

2.  Elements Of Statute Not Satisfied By Allegations In Complaint ... ........19

3.  Privileged Communications Cannot Serve As Basis For Liability ... ...20

E.  Seventh Claim For Relief – California Referral Service Laws ... ... ... ...20

1.  The Cited Referral Service Laws Do Not Support Plaintiff's Claim ... ...21

2.  Plaintiff's Allegations Fail To State A Claim That Privett Violated
    Attorney Referral Service Laws ... ... ... ... ... ... ... ... ... ... ... ...22

IV.  Conclusion ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... .23

1

# TABLE OF AUTHORITIES

2

## I.   Cases

3
Block v. Sacramento Clinical Labs, Inc., 131 Cal. App. 3d 386 (Cal. App. 3d Dist.
4
April 30, 1982.)   ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...6, 11

Boyle v. United States, 556 U.S. 938, 944 (U.S. 2009.)
5
... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...8, 10

6
Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969 (9th Cir. Idaho Mar. 21,
7
2008)... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...5

Cetacean Cmty. v. Bush, 386 F.3d 1169 (9th Cir. 2004)
8
... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...4, 18
9
Columbia Pictures Indus. v. Prof'l Real Estate Investors, Inc., 944 F.2d 1525, (9th Cir.
Cal. Sept. 24, 1991.)   ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...11
10
Gertz v. Toyota Motor Corp., 2011 U.S. Dist. LEXIS 158165, 19-20 (C.D. Cal. Apr.
11
28. 2011) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... 13, 14, 15, 16
12
Howard v. American Online Inc., 208 F.3d 741 (9th Cir. 2000.)... ... ... ... ... ...8, 10

In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods.
13
Liab. Litig., 754 F. Supp. 2d 1145 (C.D. Cal. Nov. 30, 2010)... ... ... ... ......3, 13, 15

14
In re Sony Gaming Network & Customer Data Sec. Breach Litig. 996 F. Supp. 2d
15
942, (S.D. Cal. Jan. 21, 2014) ... ... ... ... ... ... ... ... ... ... ... ... ......3, 4, 16

In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig.,
16
758 F. Supp. 2d 1077, 1092 (S.D. Cal. Nov. 30, 2010)... ... ... ... ... ... ... ... 16
17
Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009)... ... ... ..............................16
18
Lancaster Community Hospital v. Antelope Valley Medical Group, Inc., 940 F.2d 397
19
(9th Cir. 1991) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...10
20
Lasko v. Am. Bd. Of Surgery, 47 F. Supp. 3d 1122, (D. Nev. Sept. 19, 2014) ... ... ...3
Luckey v. Visalia Unified School District, 2013 U.S. Dist. LEXIS 70121, 11 (E.D.
21
Cal. May 16, 2013) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...3
22
McClatchy Newspapers, Inc. v. Superior Court, 189 Cal. App. 3d 961.(Cal. App. 5th
Dist. February 24, 1987.)   ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...6
23
Mostowfi v. 12 Telecom Int'l, Inc., 269 Fed. Appx. 621 (9th Cir. Cal. Mar. 4, 2008.)
24
... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...10
Pacific Gas & Electric Co. v. Bear Stearns & Co. 50 Cal.3d 1118 (Cal. June 7, 1990)
25
... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...6
26
Roling v. E*Trade Securities, LLC, 756 F. Supp. 2d 1179 (N.D. Cal. 2010)... ... ... ...14
Rubin v. Green, 4 Cal. 4th 1187 (Cal. Apr. 5, 1993.) ... ... ... ... ... ... ... ...17, 18, 20
27
Sanford v. Memberworks, Inc., 625 F.3d 550 (9th Cir. 2010.)   ... ... ... ... ... ..... ... 10

28

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

_Schick v. Lerner_, 193 Cal. App. 3d 1321 (Cal. App. 3d Dist. July 30, 1987.) ... ... ... ...7

_Shoemaker v. Myers_, 52 Cal. 3d 1, 24–25 (Cal. December 20, 1990.) ... ... ... ... ... ...6

_Shopoff & Cavallo LLP v. Hyon_, 167 Cal. App. 4th 1489 (Cal. App. 1st Dist. Oct. 31, 2008.) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...21, 23

_Simon v. Value Behavioral Health, Inc._, 208 F.3d 1073 (9th Cir. Cal. Mar. 17, 2000.) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...7

_Sosa v. DIRECTV, Inc._, 437 F.3d 923 (9th Cir. Cal. Feb. 15, 2006.) ... ... ... ... ... ...12

_Stevens v. Superior Court_, 75 Cal. App. 4th 594 (Cal. App. 2d Dist. Oct. 5, 1999.) ...13

_Sun Sav. And Loan Assoc. v. Dierdorff_, 825 F 2d 187 (9th Cir. 1987.) ... ... ... ... ...11

_Swartz v. KPMG LLP_, 476 F.3d 756, (9th Cir. 2007) ... ... ... ... ... ... ... ... ... ...15

_West v. JPMorgan Chase Bank, N.A._, 214 Cal. App. 4th 780 (Cal. App. 4th Dist. Mar. 18, 2013.) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...14

## II.   Statutes

Cal. Bus. & Prof. Code § 6151 ... ... ... ... ... ... ... ... ... ... ... ... ... ...17, 18, 19

Cal. Bus. & Prof. Code § 6152 ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...17, 18

Cal. Bus. & Prof. Code § 6153 ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...18

Cal. Bus. & Prof. Code § 6155 ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...21, 22

Cal. Bus. & Prof. Code § 17200 ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...11, 12

Cal. Civ. Code  47(b) ... ... ... ... ... ... ... ... ... ... ... ... ... ...6, 16, 19, 20

Federal Rule of Civ. Proc. 12(b)(6) ... ... ... ... ... ... ... ... ...2, 3, 4, 5, 18, 21

FRCP Rule 9(b) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...4, 10, 11, 15

18 U.S.C. 1961(4) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...8

18 U.S.C. §1341 ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...10

18 U.S.C.S. § 1962(c) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...7, 9

## I.    INTRODUCTION/SUMMARY OF ARGUMENT

Defendant Ken B. Privett, PLC ("Privett") brings this motion to dismiss the five claims for relief asserted against Privett in Plaintiffs' First Amended Complaint ("Complaint"): the First, Second, Third, Sixth and Seventh Claims for Relief. Privett is a law firm based in Oklahoma which Plaintiffs allege was involved in an elaborate conspiracy with the other named defendants to induce individual owners of vacation timeshares managed by Defendants Welk Resort Group, Inc. ("Welk") and Welk Resorts Platinum Owners Association (collectively "Plaintiffs") to breach their contracts with Welk. While Privett does not by this motion admit or deny any of the allegations, laintiffs' specific claims against Privett are sparse and premised entirely on actions allegedly taken in Privett's capacity as counsel for individual timeshare owners which would be considered privileged and immune from liability. Further, Plaintiffs fail to state facts which establish that Privett was in any way deliberately involved in a broader enterprise or plan involving all named defendants. Lastly, Plaintiffs fail to allege the requisite standing or facts necessary to establish that Privett would be in any way liable for violating California attorney referral service and running and capping laws.

Since all claims for relief asserted against Privett therefore fail to state a claim under Rule 12(b)(6) against Privett, Privett requests that the Court dismiss the Complaint as to Privett.

## I.    POINTS & AUTHORITIES

### A. PLAINTIFFS' CLAIMS AGAINST PRIVETT SHOULD BE DISMISSED UNDER FRCP RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") provides in relevant part, "[a] party may assert the following defenses by motion…(6) failure to state a claim upon which relief can be granted…". A motion to dismiss pursuant to

Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); In re Sony Gaming Networks & Customer Data Sec. Breach Litig. Sony Gaming Networks ("Sony Gaming Networks"), 996 F. Supp. 2d 942, 958 (S.D. Cal. Jan. 21, 2014) (internal citations omitted.)

Plaintiffs' claims for relief fail to state a claim upon which relief may be granted, and therefore should be dismissed pursuant to Rule 12(b)(6) because (1) the claims do not satisfy FRCP Rule 8's general pleadings requirements, (2) the claims do not satisfy FRCP Rule 9(b)'s requirement of pleading with particularity for claims of alleged fraud, and/or (3) Plaintiffs lack statutory standing.  The legal authority for each of these bases is set forth in turn below.

**B.    PLAINTIFFS' CLAIMS AGAINST PRIVETT SHOULD BE DISMISSED BECAUSE THEY FAIL TO MEET THE PLEADING STANDARDS REQUIRED TO STATE A CLAIM FOR RELIEF (AND AVOID RULE 12(B)(6) DISMISSAL)**

**1.    General Pleading Requirements Per FRCP Rule 8**

To avoid a Rule 12(b)(6) dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a); Sony Gaming Networks at 958.  Plaintiff must enumerate and identify each claim for relief. Luckey v. Visalia Unified School District, 2013 U.S. Dist. LEXIS 70121, 11 (E.D. Cal. May 16, 2013.)  Under each claim for relief, Plaintiff must provide a short and plain statement of the facts relevant to that particular claim. Id.; see also, e.g., Lasko v. Am. Bd. of Surgery, 47 F. Supp. 3d 1122, 1146-1147 (D. Nev. Sept. 19, 2014) (emphasis added): **"Each claim should be in a separate cause of action that contains all  facts supporting its essential elements and states the specific relief requested."**

In resolving a Rule 12(b)(6) motion, the Court must follow a two-pronged approach. In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig. ("In re Toyota Litigation"), 754 F. Supp. 2d 1145, 1169 (C.D.

---

3

1  Cal. Nov. 30, 2010) (internal citations omitted).  First, the Court must accept all well-

2  pleaded factual allegations as true, but "[t]hread-bare recitals of the elements of a

3  cause of action, supported by mere conclusory statements, do not suffice." Id.

4  (internal citations omitted) (emphasis added).  Nor must the Court "accept as true a

5  legal conclusion couched as a factual allegation." Id. (internal citations omitted)

6  (emphasis added).

7       Second, assuming the veracity of well-pleaded factual allegations, the Court

8  must "determine whether they plausibly give rise to an entitlement to relief." Id.

9  (internal citations omitted). This determination is context-specific, requiring the Court

10  to draw on its experience and common sense; there is no plausibility "where the well-

11  pleaded facts do not permit the court to infer more than the mere possibility of

12  misconduct." Id. (internal citations omitted).

13

14      **2.**    **Heightened Pleading Requirements for Fraud Allegations per FRCP Rule 9(b)**

15       Moreover, complaints alleging fraud must satisfy the heightened pleading

16  requirements of Rule 9(b). Sony Gaming Networks at 958.  Rule 9(b) requires that in

17  all averments of fraud or mistake, the circumstances constituting that fraud or mistake

18  should be stated with particularity. Id. A pleading is sufficient under Rule 9(b) if it

19  "state[s] the time, place[,] and specific content of the false representations as well as

20  the identities of the parties to the misrepresentation." Id. (internal citations omitted.)

21  In addition, FRCP Rule 9(b) does not allow a complaint to merely lump multiple

22  defendants together but requires plaintiffs to differentiate their allegations when suing

23  more than one defendant and inform each defendant separately of the allegations

24  surrounding alleged participation in the fraud. Id.

25      **3.**    **Statutory Standing Must be Pleaded and Proved**

26       A plaintiff attempting to state a claim for violation of a statute must plead and

27  prove the statute in question grants a right to sue. See, e.g., Cetacean Cmty. v. Bush,

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   386 F.3d 1169, 1175 (9th Cir. 2004).  The United States Court of Appeals for the

2   Ninth Circuit has held that the question of statutory standing is to be resolved under

3   FRCP Rule 12(b)(6).  See, e.g., Canyon County v. Syngenta Seeds, Inc., 519 F.3d

4   969, 971 (9th Cir. Idaho Mar. 21, 2008).  If a plaintiff has suffered sufficient injury to

5   satisfy the jurisdictional requirement of Article III but Congress has not granted

6   statutory standing, that plaintiff cannot state a claim upon which relief can be granted.

7   Canyon County v. Syngenta Seeds, Inc., 519 F.3d 969, 971 (9th Cir. Idaho Mar. 21,

8   2008,)

9           As discussed more fully below, Plaintiffs' claims for relief fail to satisfy one or

10  more of the above pleading requirements and therefore should be dismissed pursuant

11  to FRCP Rule 12(b)(6).  Each of the claims for relief at issue will be discussed in

12  numerical order below.

13

14  ## III.  ALL CLAIMS FOR RELIEF ASSERTED AGAINST PRIVETT FAIL TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

15

16          For the reasons set forth below, each of Plaintiffs' claims for relief against

17  Privett set forth in the Complaint fail to state a claim upon which relief may be

18  granted. Therefore, dismissal of the entire Complaint as to Privett is requested

19  pursuant to FRCP Rule 12(b)(6).  In the alternative, if the Court is inclined to deny the

20  motion to dismiss with respect to any one or more of the claims for relief, Privett

21  requests that the Court dismiss those claims for relief that do fail to state a claim for

22  relief.

23  ### A.    FIRST CLAIM FOR RELIEF – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

24          In order to plead a cause of action for intentional interference with contractual

25  relations, Plaintiffs must allege "(1) a valid contract between plaintiff and a third

26  party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts

27  designed to induce a breach or disruption of the contractual relationship; (4) actual

28

---

5

1  breach or disruption of the contractual relationship; and (5) resulting damage." <u>Pacific</u>

2  <u>Gas & Electric Co. v. Bear Stearns & Co.</u> 50 Cal.3d 1118, 1126 (Cal. June 7, 1990)

3  (internal citations omitted). Plaintiffs' Complaint includes general allegations that

4  Plaintiffs "have valid and enforceable contracts" with Welk timeshare owners that

5  "Defendants" were aware of and intended to disrupt. See Complaint at ¶¶ 33 – 34,

6  Plaintiffs further contend:

7

8  > Defendants then conspire with each other and send bare-bones, generic one
   > page attorney demand letters to Welk wherein a law firm claims to represent
9  > the owners that Defendant Timeshare Exit Team has induced to breach their
   > contract. However their attorneys never provide specific information about the
10 > owner's dispute despite multiple requests by Welk for any details whatsoever.
   > Instead, Defendants instruct Welk not to communicate with the owners further
11 > and to communicate only to the attorneys purportedly representing the owners,
12 > all to Welk's detriment. Id. at ¶35.

13

14 Plaintiffs allege the foregoing conduct by "Defendants" has "disrupted vacation

15 ownership contracts, threatens to continue to disrupt vacation ownership contracts and

16 has made the performance of vacation ownership contracts more expensive and/or

17 difficult." (<u>d</u>. at 37.

18 Without any allegation of specific conduct by Privett, Plaintiffs' First Claim for Relief

19 fail to meet the minimal pleading requirements of FRCP §8(a). Even if the Court

20 were to infer that Plaintiffs allege Privett is a "law firm" that "claims to represent the

21 owners" and sends demand letters on said owners behalf, Plaintiffs' allegations merely

22 refer to conduct that is immune from liability under the litigation privilege. Statements

23 made by counsel in a judicial proceeding that have a relationship to the proceeding are

24 absolutely privileged. <u>See</u> Cal. Civ. Code § 47(b); <u>McClatchy Newspapers, Inc. v.</u>

25 <u>Superior Court</u>, 189 Cal. App. 3d 961, 968–971.(Cal. App. 5th Dist. February 24,

26 1987). If a communication has some relation to a proceeding that is actually

27 contemplated in good faith and under serious consideration by a possible party to the

28 proceeding, the communication is absolutely privileged. <u>Block v. Sacramento Clinical</u>

1   <u>Labs, Inc.</u>, 131 Cal. App. 3d 386, 393–394 (Cal. App. 3d Dist. April 30, 1982).

2   Although Plaintiffs contend the "attorney demand letters" are brief and fail to provide

3   details regarding the nature of the timeshare owners' disputes, Plaintiffs do not

4   contend such letters are sent without an intent to further pursue claims on the owners'

5   behalf.

6        Even without application of the litigation privilege doctrine, cases interpreting

7   contractual interference claims against agents or attorneys for parties to a contract who

8   induce the party to breach the contract lead to the same result.  An agent for a party to

9   a contract enjoys a qualified privilege to induce his or her principal to breach a

10  contract that he or she reasonably believes to be harmful to the entity's best interests.

11  <u>Shoemaker v. Myers,</u>52 Cal. 3d 1, 24–25 (Cal. December 20, 1990).  Similarly, an

12  attorney is privileged to induce the breach of his or her client's contract by lawful

13  means, so long as the inducement is intended to protect the interests of the client and

14  the inducement is within the scope of the duty owed by the attorney to the client under

15  the confidential relationship  <u>Schick v. Lerner,</u> 193 Cal. App. 3d 1321, 1329 (Cal.

16  App. 3d Dist. July 30, 1987).

17       Plaintiffs' Complaint fails to demonstrate how the above-discussed litigation

18  privilege and privileges specific to intentional interference with contract claims do not

19  insulate Privett from liability here based on the allegations.  As such, Plaintiffs' First

20  Claim for Relief should be dismissed.

21

22  **B.**    **SECOND CLAIM FOR RELIEF - VIOLATION OF 18 U.S.C. 1961**
    ***ET SEQ.***

23

24  Plaintiffs' Second Claim for violation of the  Racketeering Influenced and

25  Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq. ("RICO") is premised on

26  Privett's alleged participation in a conspiracy to violate 18 USC 1962(c).  Section

27  1962(c) prohibits persons employed or associated with an "enterprise" from

28

1   participating in the activities of the enterprise through a pattern of racketeering
2   activity affecting interstate commerce.
3          To state a claim under § 1962(d), the plaintiff must allege the existence of an
4   "agreement to participate in an endeavor which, if completed, would constitute a
5   violation" of the RICO statute. Howard v. American Online Inc., 208 F.3d 741, 751
6   (9th Cir. 2000).  A failure to plead the requisite elements of Section 1962(c) would
7   implicitly mean Plaintiffs cannot plead a conspiracy under Section 1962(d) to violate
8   Section 1962(c). Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th
9   Cir. Cal. Mar. 17, 2000).

### 1. Plaintiffs Fail to Sufficiently Allege Defendants Constitute an Enterprise Under 18 U.S.C. 1961(4)

12          Plaintiffs conclusively allege that "Timeshare Exit Team, SBG and Privett are
13   enterprises within the meaning of 18 U.S.C. 1961(4)" that "conspired to unlawfully
14   disrupt the contracts between Welk and their vacation owners and members." See
15   Complaint at ¶42.  Because Plaintiffs subsequently assert "Defendants acted in
16   concert and participated in the enterprise's affairs through a pattern of racketeering
17   activity" the Complaint is ambiguous as to whether Plaintiffs contend Defendants
18   collectively constitute an enterprise under Section 1961(4) or whether each Defendant
19   qualifies as a separate enterprise. If Plaintiffs allege the former, Plaintiffs presumably
20   contend Defendants constitute an "association-in-fact enterprise" as no allegation is
21   made that Defendants collectively constitute a legal entity.  See: e.g. Boyle v. United
22   States, 556 U.S. 938, 944 (U.S. 2009).  To properly allege Defendants constitute an
23   "association-in-fact" enterprise, Plaintiffs must demonstrate that Defendants share "a
24   purpose, relationships among those associated with the enterprise, and longevity
25   sufficient to permit these associates to pursue the enterprise's purpose." Id. at 946.
26   An association-in-fact enterprise cannot exist where individuals act "independently
27   and without coordination." Id., 947, n4.
28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  Plaintiffs contend "Timeshare Exit Team targeted Welk's vacation owners who

2  owned timeshares in California and advised them that they could assist them in

3  cancelling or avoiding their vacation ownership obligations; and then sold those

4  owners as leads to SGB and/or Privett (or engaged in a fee splitting arrangement with

5  them)." Complaint at ¶42.  Plaintiffs' Complaint proceeds to reference activity of

6  Timeshare Exit Team that Plaintiffs allege constitute concerted actions of

7  "Defendants" without establishing how each action was coordinated or in any way in

8  furtherance of a broader enterprise or scheme. Id. at ¶¶44 – 46(b).  With regard to

9  Privett, Plaintiffs allege:

10      On or about January 12, 2017, defendant Privett conspired with other
        Defendants to cause the fraudulent use of interstate mail in furtherance of
11      Defendants' scheme to induce Welk's owners and members to breach their
        contract with Welk by sending a bare-bones, generic one page attorney
12      demand letter to Welk, wherein the attorney claims to represent the owners
        that Timeshare Exit Team has induced to breach their contract in violation of
13      18 USC Section 1341.  See Exhibit B.  Welk is further informed and believes
        that the owners are often not even aware that they are 'represented' by
14      Defendant Privett, and that they are not even aware of, much less consent to,
15      the trivial, one-size fits all letters being sent by Privett's firm. Id at ¶46.c.

16

17  Plaintiff thereafter reverts to more general allegations that "Timeshare Exit Team's

18  lawyers instruct Welk not to communicate with the owners further and to

19  communicate only to the attorneys purportedly representing the owners" but make no

20  specific allegation as to Privett.[1]  Plaintiffs allege such practices somehow render

21  Welk unable to inform the owners of the consequences of their obligations to Welk

22  and causes said owners to breach their contracts with Welk. Id.

23      The only alleged apparent connection between Timeshare Exit Team and

24  Privett is a referral of timeshare owners for representation in connection with the

25  owners' disputed timeshare contracts. Aside from conclusory and vague statements

26  that the "Defendants" were involved in a "scheme," no specific allegations are made

27

28
_____
[1] Indeed no such instruction is evident in the letter sent by Privett attached as Exhibit B to the Complaint.

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

to demonstrate Privett's knowledge or contribution to a shared purpose necessary to constitute an "enterprise" under 18 U.S.C.S. § 1962(c). See Boyle, *supra* 556 U.S. 938, 946).

### 2. Without an Enterprise, Plaintiffs are Necessarily Unable to Demonstrate That Privett Conspired to Violate RICO.

Plaintiffs' failure to establish the existence of any cognizable "enterprise" underscores the fact that Plaintiffs fail to state a claim against Privett for conspiracy to violate RICO. To state a claim under § 1962(d), Plaintiffs must allege either (1) that the defendant agreed to facilitate the operation of an enterprise through a pattern of racketeering activity; or (2) that the defendant conspired to commit at least two predicate acts. Howard v. American Online Inc., *supra*, 208 F.3d 741, 751. Furthermore, Plaintiffs must show that Privett was "aware of the essential nature and scope of the enterprise and intended to participate in it." (Id.)

Plaintiffs' allegation that Privett somehow conspired with Timeshare Expert Team to commit mail and wire fraud is entirely conclusory and is not supported by specific allegations to demonstrate Privett's alleged knowledge or complicity with a purported broader scheme.

### 3. Plaintiffs Fail to Adequately Plead the Allegations of Mail and Wire Fraud Upon Which the RICO Conspiracy Claim is Predicated.

The heightened requirements for pleading fraud claims under FRCP Rule 9(b) apply to RICO claims predicated or grounded in allegations of fraud. Mostowfi v. 12 Telecom Int'l, Inc., 269 Fed. Appx. 621, 624 (9th Cir. Cal. Mar. 4, 2008). Plaintiffs' Complaint must "detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." Lancaster Community Hospital v. Antelope Valley Medical Group, Inc., 940 F.2d 397, 405 (9th Cir. 1991); Sanford v. Memberworks, Inc., 625 F.3d 550, 557 (9th Cir. 2010). A specific intent to deceive is an element of the predicate act, mail fraud, upon which Plaintiffs' RICO

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1   claim is based. 18 U.S.C. §1341; <u>Sun Sav. And Loan Assoc. v. Dierdorff</u>, 825 F 2d
2   187 (9th Cir. 1987).

3       Plaintiffs' Complaint here broadly and conclusively asserts that "Defendants
4   each conspired to cause the fraudulent use of interstate wires through Timeshare Exit
5   Team's internet website" and that "Defendants each conspired to cause the fraudulent
6   use of interstate mail to fraudulently induce Welk's owners to breach their contracts."
7   Complaint at ¶¶46.a.-b.   As demonstrated above, the only specific allegation relating
8   to Privett is the act of sending demand letters to Welk on behalf of an owner to dispute
9   a timeshare agreement which Plaintiffs contend the owner was unaware of.  Id. at
10  ¶46.c.  The court is left to speculate as to how Privett's letter was in furtherance of a
11  broader scheme with a specific intent to defraud.

### 4. Privett is Immune from RICO Liability Under the Litigation Privilege and *Noerr- Pennington* Doctrine

14      Like the intentional interference claim, Privett is immune from liability for the
15  RICO cause of action because the specific conduct alleged in Plaintiffs' Complaint is
16  subject to the litigation privilege. Even if no lawsuits between owners and Welk were
17  pending at the time the alleged communications referenced in the Complaint were
18  made, the litigation privilege applies to pre-litigation statements made in connection
19  with proposed litigation that was contemplated in good faith and under serious
20  consideration. <u>Block v. Sacramento Clinical Labs, Inc.</u>, supra, 131 Cal. App. 3d 386,
21  393–394.

22      Even if the Court is not inclined to apply the California statutory litigation
23  privilege to Plaintiffs' RICO claim, the analogous *Noerr-Pennington* doctrine under
24  federal law leads to the same result.  The *Noerr-Pennington* doctrine provides
25  immunity to those who petition the government to redress grievances and applies to
26  "not only petitions sent directly to the court in the course of litigation, but also
27  conduct incidental to the prosecution of the suit." <u>Columbia Pictures Indus. v. Prof'l</u>
28  <u>Real Estate Investors, Inc.</u>, 944 F.2d 1525, 1528-29 (9th Cir. Cal. Sept. 24, 1991).

Such immunity has been specifically applied to preclude liability for RICO claims predicated on mail and wire fraud claims based on pre-litigation demand letters.  Sosa v. DIRECTV, Inc., 437 F.3d 923, 942 (9th Cir. Cal. Feb. 15, 2006.)  The Court in *Sosa v. DIRECTTV, Inc.* relied in part on the California litigation privilege discussed above and noted that pre-litigation demands "are the type of activity that typically arises only in the context of contemplated petitioning activity." Id. at 936.

Although Plaintiffs attempt to allege the demand letters alleged to have been sent by Privett were intended to further an elaborate conspiracy to violate RICO, such contentions are not supported by the requisite specific factual allegations required under FRCP Rule 9(b) as noted above.  Furthermore, Plaintiffs do not dispute the validity of the timeshare owners' disputes with Welk.  Accordingly, Privett's alleged actions are entirely immune from liability under RICO pursuant to California and Federal law, and the Second Claim for Relief for violation of RICO should be dismissed.

C.     THIRD CLAIM FOR RELIEF – UNFAIR COMPETITION LAW

Plaintiff's Third Claim for Relief alleges that Defendants' business practices were unlawful, unfair and fraudulent, in violation Section 17200 of California's Business & Professions Code which is referred to as the "Unfair Competition Law" (hereinafter, "UCL").  Section 17200 defines "unfair competition" to include, in relevant part, "any unlawful, unfair or fraudulent business act or practice…" Cal Bus & Prof Code § 17204 provides statutory standing to pursue UCL claims on those who have suffered injury in fact and have lost money or property as a result of the unfair competition.

For the reasons set forth below, Plaintiffs' Third Cause of Action fails to state facts sufficient to support the essential elements of a violation of any of the three "prongs" (i.e., unlawful, unfair or fraudulent prongs) of the UCL.

1.     "Unlawful" Prong of the UCL

1    The "unlawful prong" of the UCL works by borrowing violations of other laws
2  and treating those transgressions, when committed as a business activity, as unlawful
3  business practices. <u>Stevens v. Superior Court</u>, 75 Cal. App. 4th 594, 598 (Cal. App. 2d
4  Dist. Oct. 5, 1999).  By proscribing "any unlawful" business practice, the UCL
5  permits injured consumers to "borrow" violations of other laws and treat them as
6  unfair competition that is independently actionable. <u>Gertz v. Toyota Motor Corp.</u>,
7  2011 U.S. Dist. LEXIS 158165, 19-20 (C.D. Cal. Apr. 28, 2011) (internal citations
8  omitted).  **To effectively plead a UCL claim based on an "unlawful" business act**
9  **or practice, a plaintiff must allege facts sufficient to show a violation of some**
10  **underlying law.** <u>Gertz</u> at 19-20 (emphasis added) (internal citations omitted).
11    Here, Paragraph 57 of the Complaint (within the Third Claim for Relief) sets
12  forth the entirety of Plaintiffs' claim for relief under the "unlawful prong" of the UCL
13  as follows:

14        Defendants' acts and practices, as averred herein, constitute unlawful
        practices in that they are tortious, and, in particular, intentionally
15        interfere with contractual relations between Plaintiffs and their vacation
        owners and members, and violate 18 U.S.C. 1962(c), and Business and
16        Professions Code sections 6150, et seq. (California's Runners and
        Cappers Act), 6155 (California's Lawyer Referral law), 11245, et seq.
17        (California's Vacation Ownership and Time-Share Act), and 17500, et
        seq. (California's False Advertising Act).
18
19
20    The above allegations **do not identify a single fact to support this claim**
21  against Privett.  Accordingly, Plaintiffs have failed to state a claim for which relief
22  may be granted under the "unlawful prong" of the UCL. <u>See</u>, <u>e.g.</u>, <u>In re Toyota</u>
23  <u>Litigation</u>, 754 F. Supp. 2d. 1145, 1169.
24    In addition, as a separate and additional basis for finding the "unlawful" prong
25  of Plaintiff's UCL claim deficient, it should be noted that the "unlawful prong" of the
26  UCL claim is based on purported violations of other statutes. <u>Gertz</u> at 19-20.
27  Therefore, because the Complaint fails to sufficiently state claims for relief directly
28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  under the statutes cited in paragraph 57 (as set forth more fully herein), Plaintiffs'

2  claim for unlawful conduct based on such violations is likewise deficient.

3       Accordingly, for either one (or both) of the reasons discussed above, the

4  "unlawful" prong of Plaintiffs' UCL claim as set forth in paragraph 57 has not been

5  sufficiently pled and the UCL claim should be dismissed.

6       2.    "Unfair" Prong of the UCL

7       California courts have utilized different definitions for "unfair" conduct within

8  the meaning of the UCL. Gertz v. Toyota Motor Corp., 2011 U.S. Dist. LEXIS

9  158165, 20-24 (C.D. Cal. Apr. 28, 2011); (citing, among others, Roling v. E*Trade

10  Securities, LLC, 756 F. Supp. 2d 1179, 2010 WL 4916401, at 10 (N.D. Cal. 2010),

11  "The appropriate definition of the word 'unfair' in the UCL is unclear.".)  Several

12  definitions of "unfair" under the UCL have been formulated. West v. JPMorgan Chase

13  Bank, N.A., 214 Cal. App. 4th 780, 806 (Cal. App. 4th Dist. Mar. 18, 2013.) These

14  have included: (1) An act or practice is unfair if the consumer injury is substantial, is

15  not outweighed by any countervailing benefits to consumers or to competition, and is

16  not an injury the consumers themselves could reasonably have avoided; (2) An unfair

17  business practice occurs when that practice offends an established public policy or

18  when the practice is immoral, unethical, oppressive, unscrupulous or substantially

19  injurious to consumers; and (3) An unfair business practice means the public policy

20  which is a predicate to the action must be tethered to specific constitutional, statutory

21  or regulatory provisions. (Id. (internal citations omitted).

22       Plaintiffs' Third Claim for Relief does not identify which test Plaintiffs believe

23  applies here.  Instead, Plaintiffs reiterate several tests for "unfairness" and then

24  conclude, without factual support, that violations occurred as follows:

25       Defendants' business practices, as detailed herein, are also unfair, as they
26       are unethical, oppressive, and unscrupulous, and they violate
         fundamental policies of this State. Further, any justification for
27       Defendants' wrongful conduct is outweighed by the adverse effects of
28       such conduct. Plaintiffs and vacation owners could not reasonably avoid

the harm caused by Defendants' wrongful practices. Furthermore, Defendants' acts and practices constitute unfair business practices in that they misled consumers by making misrepresentations and untrue statements about their relationship and contractual obligations with Welk, their ability to guarantee an exit from their vacation ownership, and that Welk's vacation owners and members would incur no consequences if they stopped paying on their contractual obligations.

59. Assuming, arguendo, that Defendants' practices are not express violations of the laws, those practices fall within the penumbra of such laws and a finding of unfairness can properly be tethered to public policy. Thus, Defendants engaged in unfair business practices prohibited by Business & Professions Code sections 17200, et seq.

As is clear from the above, Plaintiff's Third Claim for Relief fails to state any facts pertaining to conduct by Privett that would, if true, support a violation by Privett of the "unfairness" prong of the UCL. The only portion of the above that arguably contains alleged "facts" is the reference to alleged misrepresentations that Plaintiffs claim have been made by the Timeshare Exit Team Defendants to vacation owners. Even if such alleged misrepresentations were interpreted as being attributed to Privett because the allegation refers generally to "Defendants," Plaintiffs' Complaint fails to allege how such alleged misrepresentations satisfy any of the cited tests for unfairness.

Accordingly, Plaintiffs fail to state a claim under the "unfair" prong of the UCL. See, e.g., In re Toyota Litigation at 1169. ("Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

### 3.    "Fraud" Prong of the UCL

Plaintiffs' Complaint also alleges that Defendants violated the "fraud" prong of the UCL. (See, e.g., Complaint at ¶ 60.) A fraudulent business practice is one that is likely to deceive the public and may be based on representations that are untrue. Gertz v. Toyota Motor Corp., 2011 U.S. Dist. LEXIS 158165, 24-25 (C.D. Cal. Apr. 28, 2011) (internal citations omitted).

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's

To state a claim for fraudulent conduct under the UCL, the complaint must allege with specificity that Defendant Privett:  (1) made alleged misrepresentation(s) that: (2) were relied upon; (3) were material; (4) influenced the decisions of those hearing the misrepresentation; and (5) were likely to deceive members of the public. Gertz at 24-25 (internal citations omitted).

As discussed above, claims under the UCL that are grounded in fraud must be pleaded with particularity pursuant to FRCP Rule 9(b). In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig. ("In re Sony Grand"), 758 F. Supp. 2d 1077, 1092 (S.D. Cal. Nov. 30, 2010), citing Kearns, 567 F.3d at 1125 ("We have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL." (internal citations omitted)).  A plaintiff therefore "**must include a description of the 'time, place, and specific content** of the false representations **as well as the parties to the misrepresentations.'**" In re Sony Grand at 9 (N.D. Cal. Aug. 25, 2010) (emphasis added) (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

In addition, **FRCP Rule 9(b) does not allow a complaint to merely lump multiple defendants together** but **requires plaintiffs to differentiate their allegations when suing more than one defendant** and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 996 F. Supp. 2d 942, 953 (S.D. Cal. Jan. 21, 2014).

Here, Plaintiff's Third Claim for Relief improperly "lumps" all defendants together and does not differentiate allegations against each Defendant. See Complaint at pg. 16-17. Further, Plaintiffs fail to identify any time, place, specific content or parties to any alleged misrepresentation by Defendant Privett. Id.  Instead, Plaintiffs state general, conclusory allegations against all Defendants collectively as follows:

60. Defendants' business practices, as detailed herein, are also fraudulent, as they misled consumers by making misrepresentations and untrue statements about their relationship and contractual obligations with Welk, their ability to guarantee an exit from their vacation ownership, and that Welk's vacation owners and members would incur no consequences if they stopped paying on their contractual obligations. On information and belief, reasonable members of the public are likely to be deceived by Defendants' misrepresentations and untrue statements. (See COMPLAINT ¶ 60.)

Accordingly, Plaintiffs' claim that Defendant Privett violated the "fraud" prong of the UCL should be dismissed for failing to state a claim with particularity pursuant to FRCP Rule 9(b).

### 4. Privileged Communications Cannot Serve As Basis for Liability

As set forth more fully in the above section regarding Plaintiffs' First Claim for Relief which is incorporated by reference here as though fully set forth herein, alleged communications between Privett and potential clients regarding potential litigation areprivileged pursuant to the litigation privilege and/or attorney-client communication privilege. See also, e.g., Cal. Civ. Code Section 47(b) and Rubin v. Green, 9 Cal. App. 4th 986. Therefore, such communications cannot serve as a basis for liability or as a basis for stating a claim for relief. Id.

Because the Complaint fails to state a claim upon which relief may be granted under each of the three "prongs" of the UCL. Privett respectfully requests dismissal of Plaintiffs' Third Claim for Relief against Privett for violation of the UCL.

### D. SIXTH CLAIM FOR RELIEF – RUNNING AND CAPPING LAW

Plaintiffs' Sixth Claim for Relief alleges that all Defendants violated Cal. Bus. & Prof. Code §§ 6151 and 6152. Section 6152 makes it unlawful for: "(1) Any person… to act as a runner or capper for any attorneys or to solicit any business for any attorneys ….(2) Any person to solicit another person to commit or join in the commission of a violation of subdivision (a)." Cal. Bus. & Prof. Code § 6151 defines "Runner," "capper," and "agent" as follows: (a) A runner or capper is any person,

---

17

1  firm, association or corporation acting for consideration in any manner or in any

2  capacity as an agent for an attorney at law or law firm, whether the attorney or any

3  member of the law firm is admitted in California or any other jurisdiction, in the

4  solicitation or procurement of business for the attorney at law or law firm as provided

5  in this article.

6

7      1.  **Plaintiffs Lack Statutory Standing to Pursue This Claim for Relief**

8          These statutes, however, do not confer standing on Plaintiff to pursue this claim

9  for relief.  If a plaintiff has suffered sufficient injury to satisfy U.S. Const. art. III, a

10  federal court must ask whether a statute has conferred standing on that plaintiff.

11  Cetacean Cmty. v. Bush, 386 F.3d 1169, 1171 (9th Cir. Haw. Oct. 20, 2004). Non-

12  constitutional, "statutory standing", exists when a particular plaintiff has been granted

13  a right to sue by the specific statute under which he or she brings suit. … Cetacean

14  Cmty. v. Bush, 386 F.3d 1169, 1171 (9th Cir. Haw. Oct. 20, 2004).  If a plaintiff has

15  suffered sufficient injury to satisfy the jurisdictional requirement of U.S. Const. art. III

16  but Congress has not granted statutory standing, that plaintiff cannot state a claim

17  upon which relief can be granted. In that event the suit should be dismissed under

18  FRCP12(b)(6). Cetacean Cmty. v. Bush, 386 F.3d 1169, 1171 (9th Cir. Haw. Oct. 20,

19  2004).

20          Attorney solicitation through the use of "runners" or "cappers" is a crime,

21  punishable as a misdemeanor. Bus. & Prof. Code, § 6152- 6153. Attorneys who

22  engage in solicitation in violation of these statutes are also subject to discipline by the

23  State Bar.  See e.g., Rubin v. Green, 4 Cal. 4th 1187, 1198 (Cal. Apr. 5, 1993). These

24  statutes, however, do not provide Plaintiffs with a right to sue Defendants in a civil

25  action for alleged violations of §§ 6151-6153.  Cal. Bus. & Prof. Code §§ 6151-6153;

26  see also, e.g., Rubin v. Green, 4 Cal. 4th 1187, 1198-1199 (Cal. Apr. 5, 1993.)

27

28

1   Therefore, Plaintiffs' Sixth Claim for Relief should be dismissed under FRCP Rule

2   12(b)(6) because Plaintiffs lack statutory standing to pursue this claim.

3        **2.    Elements of Statute Not Satisfied by Allegations in Complaint**

4        Even if Plaintiffs had standing, Plaintiff's Sixth Claim for Relief would still be

5   deficient and subject to a Rule 12(b)(6) dismissal because Plaintiffs fail to allege

6   sufficient facts to satisfy required elements of the claim.  Plaintiffs' Sixth Claim for

7   Relief alleges as follows:

8

9        80. Defendants have violated Business and Professions Code sections 6151 and
         6152 by engaging in "Running and Capping," the practice of non-attorney
10       agents obtaining business for an attorney or law firm for compensation, or
         soliciting other to engage in running in capping.
11

12       81. On information and belief, Defendant ReedHein actively solicit Welk's
         owners and members through the unfair and misleading practices described
13       above. ReedHein then contracts with vacation owners for a flat fee, determined
         by the amount the owners still owe to Welk. ReedHein has preexisting
14       agreements with outside attorneys (SGB and Privett) to write letters on the
15       owners' behalf, for a portion of the original flat fee. Although the outside
         attorneys write to Welk with the claim that they represent the owners, the
16       attorneys do not know the particulars of their "clients'" cases, and instead
17       attempt to negotiate a quick exit, without having to invest time or money
         researching their position.
18

19       82. Any contract for professional services secured by any attorney at law or law
20       firm in California through the services of a runner or capper is void. Plaintiffs
         have been substantially harmed by Defendants' violations of Running and
21       Capping laws, and are entitled to relief, including injunctive relief, restitution
         for costs incurred associated with Defendants' actions, and disgorgement of all
22       profits accruing to Defendants because of their actions.
23
         As set forth above, as defined by Cal. Bus. & Prof. Code § 6151, to be
24
    considered a "runner" or "capper", ReedHein must have been "acting for
25
    consideration" as an "agent for an attorney at law or law firm" and soliciting or
26
    procuring business for the attorney.  Careful review of Plaintiff's Sixth Claim for
27
    Relief, however, reveals that Plaintiffs fail to allege that (1) ReedHein acted as
28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's

1   Privett's agent; (2) that the Defendant Privett compensated ReedHein for the alleged

2   solicitations[2]; (3) that ReedHein was soliciting clients for/on behalf of Privett; or that

3   (4) Defendant Privett solicited or joined in the commission of a violation of the

4   statute.

5          Therefore, Plaintiffs do no not sufficiently plead that there was any improper

6   solicitation or that Defendant Privett in any way participated in such allegedly

7   improper solicitation. As a result, Plaintiffs' Sixth Claim for Relief fails to state a

8   claim for which relief may be granted and should therefore be dismissed.

9      3.      **Privileged Communications Cannot Serve As Basis for**
            **Liability**
10

11         As set forth more fully above regarding Plaintiffs' First Claim for Relief, which

12   is incorporated by reference here as though fully set forth herein, alleged

13   communications between Privett and potential clients regarding potential litigation is

14   absolutely privileged pursuant to the litigation privilege and/or attorney-client

15   communication privilege. See also, e.g., Cal. Civ. Code Section 47(b) and Rubin v.

16   Green, 9 Cal. App. 4th 986.  All such communications are privileged and cannot serve

17   as a basis for liability (or, accordingly, as a basis for stating a claim for relief) under

18   this Claim for Relief.  Id.

19   E.      **SEVENTH CLAIM FOR RELIEF – CALIFORNIA REFERRAL**
            **SERVICE LAWS**
20

21         Plaintiffs' Seventh Claim for Relief alleges that all defendants violated

22   California's "Referral Service Law", namely Cal. Bus. & Prof. Code §6155 et seq. and

23   Rule 3.700 of the California State Bar Rules.  Again, however, Plaintiffs fail to allege

24

25

26

27   [2] Instead, that claim states, in relevant part, that the timeshare owners paid attorneys fees as part of their "flat fee" for
     services. "ReedHein then contracts with vacation owners for a flat fee" and "has preexisting agreements with outside
28   attorneys (SGB and Privett) to write letters on the owners' behalf, for a portion of the original flat fee." (Complaint at p.
     22 ¶81:5-8.)

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's

1   sufficient facts to support such a claim.  Therefore, dismissal is proper pursuant to

2   FRCP Rule 12(b)(6).

3

4         **1.**     **The Cited Referral Service Laws Do Not Support Plaintiffs' Claim**

5         Cal. Bus. & Prof. Code §6155(a) provides, in relevant part, that "An individual,

6   partnership, corporation, association, or any other entity shall not operate for the direct

7   or indirect purpose, in whole or in part, of referring potential clients to attorneys, and

8   no attorney shall accept a referral of such potential clients" unless certain

9   requirements are met including but not limited to registration with the State Bar and

10  operation in conformity with certain minimum standards, etc.

11        Article 1, Rule 3.700 of Title 3, Division 5, of the Rules of the State Bar of

12  California, addresses the certification requirements for "lawyer referral services".

13        Case law has further explained that an attorney does not accept an illegal

14  referral pursuant to section 6155 merely because he or she was retained by someone

15  who was operating an illegal referral service.  Shopoff & Cavallo LLP v. Hyon, 167

16  Cal. App. 4th 1489, 1521 (Cal. App. 1st Dist. Oct. 31, 2008). Acceptance of an illegal

17  referral by an attorney must be with knowledge of at least the nature of the referral

18  business that violates the statute—that is, a business that operates "for the direct or

19  indirect purpose, in whole or in part, of referring potential clients to attorneys." Id.

20  (internal citations omitted).  Otherwise, attorneys who have accepted employment in

21  good faith and without any awareness of an association with an illegal operation

22  would fall within the proscription of the statute just by agreeing to represent clients.

23  Id. "We are persuaded that the Legislature did not intend to punish those who have no

24  knowledge of or complicity in the illegality." Id.

25        Further, Section 6155 does not make the "commonplace uncompensated

26  attorney referrals" illegal. Id.   Nor does the statute make an uncompensated

27

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  acceptance of a referral illegal, particularly where the evidence fails to show the

2  attorney was aware an unlawful referral service was in operation. Id.

3        2.    **Plaintiffs' Allegations Fail to State a Claim that Privett Violated**
4              **Attorney Referral Service Laws**

5        Plaintiffs' Seventh Cause of Action alleges that all Defendants violated

6  California's attorney referral service law as follows:

7

8        84. Defendants have violated Business and Professions Code sections 6155 and
           Article 1, Rule 3.700 of Title 3, Division 5, of the Rules of the State Bar of
9          California, by operating for the direct or indirect purpose, in whole or in part, of
           referring potential clients to attorneys, and accepting such referrals, without
10         complying with the registration and other requirements of Business &
           Professions Code section 6155.
11

12       85. On information and belief, Defendant ReedHein actively solicits Welk's
13         owners and members through the unfair and misleading practices described
           above. ReedHein then contracts with vacation owners for a flat fee, determined
14         by the amount the owners still owe to Welk. ReedHein has preexisting
           agreements with outside attorneys (SGB and Privett) whereby it refers these
15         potential clients to SGB and Privett, for a portion of the original flat fee.
           Although the outside attorneys write to Welk with the claim that they represent
16         the owners, the attorneys do not know the particulars of their "clients'" cases,
17         and instead attempt to negotiate a quick exit, without having to invest time or
           money researching their position.
18

19

20       This claim fails to cite facts to support an allegation that ReedHein was an

21  attorney "referral service", i.e., acting for the "direct or indirect purpose of referring

22  clients" to attorneys.  Further, even if ReedHein had been an illegal attorney "referral

23  service" (assuming arguendo), Plaintiffs' Seventh Claim for Relief fails to show that

24  Privett knew about the purported illegality of the service or that there was any

25  compensation given in exchange for referrals.  Therefore, Plaintiffs have failed to

26  allege facts to show that Privett violated these attorney referral laws and the Seventh

27  Claim for Relief should be dismissed for this reason as well. See, e.g., Cal. Bus. &

28

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

1  Prof. Code §6155 et seq.; Shopoff & Cavallo LLP v. Hyon, 167 Cal. App. 4th 1489,

2  1521 (Cal. App. 1st Dist. Oct. 31, 2008).

### IV. CONCLUSION

5      For the reasons set forth above, Privett requests that this Court dismiss all

6  claims for relief in the Complaint asserted against Privett because each and every such

7  claim fails to state a claim upon which relief may be granted.  In the event that this

8  Court is inclined to deny this motion as to any given claim, Privett requests that the

9  Court dismiss all other claims for relief set forth in the Complaint against  Privett that

10  were insufficiently plead under FRCP Rule 12(b)(6).

11  DATED:  9/15/17                     LINCOLN, GUSTAFSON & CERCOS,  LLP

14  BY:
        TERESA M. BECK, Esq. SBN 149763
15      PAUL H. JAMES, Esq. SBN 227228
        MONICA J. YOON, SBN 238256
16      Attorneys for Ken B. Privett, PLC

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT