1  **LINCOLN, GUSTAFSON & CERCOS, LLP**  SPACE BELOW FOR FILING STAMP
   *ATTORNEYS AT LAW*
2  **550 West "C" Street, Suite 1400**
   **San Diego, California 92101**
3  (619) 233-1150/ Fax: (619) 233-6949

4  TERESA M. BECK, Esq. SBN 149763
   PAUL H. JAMES, Esq. SBN 227228
5  MONICA J. YOON, SBN 238256
   Attorneys for Ken B. Privett, PLC
6

7

8              **UNITED STATES DISTRICT COURT**
9            **SOUTHERN DISTRICT OF CALIFORNIA**

10  WELK RESORT GROUP, INC., a          ) **Case No.: 3:17-cv-01499-L-AGS**
    California Corporation; and WELK     )
11  RESORTS PLATINUM OWNERS              ) **MEMORANDUM OF POINTS &**
    ASSOCIATION, a California non-       ) **AUTHORITIES IN SUPPORT OF**
12  profit corporation, et al.;          ) **DEFENDANT KEN B. PRIVETT, PLC's**
                                         ) **FRCP RULE 12(B)(6) MOTION TO**
13              Plaintiffs,              ) **DISMISS PLAINTIFFS' SECOND**
                                         ) **AMENDED COMPLAINT**
14          vs.                          )
                                         )
15                                       ) Courtroom:        5B
    REED HEIN & ASSOCIATES, LLC          ) Complaint Filed:  July 25, 2017
16  dba TIMESHARE EXIT TEAM, a           ) Trial Date:       None Set
    Washington limited liability company;) Judge:            M. James Lorenz
17  SCHROETER GOLDMARK &                 ) Magistrate Judge: Andrew G. Schopler
    BENDER, P.S., a Washington           )
18  professional corporation; and KEN B. ) Date: November 20, 2017
    PRIVETT, PLC, an Oklahoma limited    ) Dept.  Courtroom 5b
19  liability company,                   )
                                         ) **NO ORAL ARGUMENT UNLESS**
20          Defendants.                  ) **REQUESTED BY COURT**
                                         )
21  ─────────────────────────────────────

22

23

24

25  //

26  //
27

28  **MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's**
    **FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

I. Introduction/Summary of Argument ... ... ... ... ... ... ... ... ... ... ... ...1

II. Points & Authorities ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...2

   A. Plaintiffs' Claims Against Privett Should Be Dismissed Under FRCP Rule 12(b)(6) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...2

   B. Plaintiffs' Claims Against Privett Should Be Dismissed Because They Fail To Meet The Pleading Standards Required To State A Claim For Relief (And Avoid Rule 12(b)(6) Dismissal) ... ... ... ... ... ... ... ... ... ... ...2

      1. General Pleading Requirements Per FRCP Rule 8 ... ... ... ... ...2

      2. Heightened Pleading Requirements For Fraud Allegations Per FRCP Rule 9(b) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...3

III. All Claims For Relief Asserted Against Privett Fail To State A Claim For Which Relief May Be Granted ... ... ... ... ... ... ... ... ... ... ... ... ...4

   A. First Claim For Relief - Intentional Interference With Contractual Relations ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...4

   B. Third Claim For Relief – Civil Conspiracy ... ... ... ... ... ... ... ... . 7

   C. Fourth Claim For Relief – Unfair Competition Law ... ... ... ... ... ... ...9

      i. Plaintiffs Fail to State Facts Sufficient to Support Allegations of Unlawful, Unfair or Fraudulent Conduct ... ... ... ... ... ... ...9

         1. "Unlawful" Prong of the UCL ... ... ... ... ... ... ... ... ...9

            a. Plaintiffs Provide no Basis to Support a Claim that Privett Violated the California Running & Capping Statute ... ... 10

            b. Plaintiffs Provide no Basis to Support a Claim that Privett Violated California's Attorney Referral Service Statute ...12

         2. "Unfair" Prong of the UCL ... ... ... ... ... ... ... ... ... ...13

         3. "Fraud" Prong of the UCL ... ... ... ... ... ... ... ... ... ...15

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

ii.    Privileged Communications Cannot Serve As Basis For
        Liability ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... .16

iii.   Plaintiffs Fail to Establish any Causal Relationship Between the
        Alleged Economic Injury and Privett's Alleged
        Conduct ... ... ... 16

IV.   Conclusion ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... .19

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

## I.    Cases

Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503 (Cal. 1994)....7

Block v. Sacramento Clinical Labs, Inc., 131 Cal. App. 3d 386 (Cal. App. 3d Dist. 1982.) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...6, 17

Bronson v. Green Tree Servicing, LLC, 2009 U.S. Dist. LEXIS 20221, 21 (2009) ....6

Compton v. Ide, 732 F.2d 1429 (9th Cir. 1984)... ... ... ... ... ... ... ... ... ... ... ...8

In re Firearm Cases 126 Cal. App. 4th 959 (Cal App. 1st Dist. 2005)......................17

Gertz v. Toyota Motor Corp., 2011 U.S. Dist. LEXIS 158165, 19-20 (C.D. Cal. 2011) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....9, 10, 13, 15

Hale v. Sharp Healthcare, 183 Cal. App. 4th 1373 (Cal. App. 4th Dist 2010)... ... ...17

In re Sony Gaming Network & Customer Data Sec. Breach Litig. 996 F. Supp. 2d 942, (S.D. Cal. 2014) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...2, 3, 16

In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig., 758 F. Supp. 2d 1077, 1092 (S.D. Cal.2010)... ... ... ... ... ... ... ... ... ... ... ... ...15

In re Tobacco II Cases 46 Cal. 4th 298 (Cal. 2009)... ... ... ... ... ... ... ... ... ....17

In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prods. Liab. Litig., 754 F. Supp. 2d 1145 (C.D. Cal. 2010) ... ... ... ... ... ... ... ... ...3, 15

Kearns v. Ford Motor Co., 567 F.3d 1120 (9th Cir. 2009)... ... ...............................15

Lasko v. Am. Bd. Of Surgery, 47 F. Supp. 3d 1122, (D. Nev. 2014) ... ... ... ... ... ... 2

Luckey v. Visalia Unified School District, 2013 U.S. Dist. LEXIS 70121, 11 (E.D. Cal. 2013) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...2

McClatchy Newspapers, Inc. v. Superior Court, 189 Cal. App. 3d 961.(Cal. App. 5th Dist. 1987.) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....6, 8

McMartin v. Children's Institute International, 212 Cal. App. 3d 1393, 1406 (Cal. App 2nd Dist. 1989). ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ....................7

Pacific Gas & Electric Co. v. Bear Stearns & Co. 50 Cal.3d 1118 (Cal. 1990)... ... ...4

Roling v. E*Trade Securities, LLC, 756 F. Supp. 2d 1179 (N.D. Cal. 2010)... ... ... 13

Rubin v. Green, 4 Cal. 4th 1187 (Cal.1993)... ... ... ... ... ... ... ... ... ... ...6, 16

Sanford v. Memberworks, Inc., 625 F.3d 550 (9th Cir. 2010.) ... ... ... ... ... ... ... 10

Schick v. Lerner, 193 Cal. App. 3d 1321 (Cal. App. 3d Dist 1987) ... ... ... ... ...7, 8

Shoemaker v. Myers,52 Cal. 3d 1 (Cal. 1990.) ... ... ... ... ... ... ... ... .... ... ...6, 8

iii

MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's
FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Shopoff & Cavallo LLP v. Hyon, 167 Cal. App. 4th 1489 (Cal. App. 1st Dist. 2008) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...12

Stevens v. Superior Court, 75 Cal. App. 4th 594 (Cal. App. 2d Dist. 1999.) ... ... ... ... 9

Swartz v. KPMG LLP, 476 F.3d 756, (9th Cir. 2007) ... ... ... ... ... ... ... ... ... ... ...15

West v. JPMorgan Chase Bank, N.A., 214 Cal. App. 4th 780 (Cal. App. 4th Dist. 2013.) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...13

## II.    Statutes

Cal. Bus. & Prof. Code § 6151    ... ... ... ... ... ... ... ... ... ... ... ... ... ... 11
Cal. Bus. & Prof. Code § 6152    ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... .  11
Cal. Bus. & Prof. Code § 6155    ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... 12
Cal. Bus. & Prof. Code § 17200   ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...9
Cal. Civ. Code  47(b) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...6, 8, 16
Federal Rule of Civ. Proc. 12(b)(6) ... ... ... ... ... ... ... ... ... ...1, 3, 4, 18
FRCP Rule 9(b) ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...1,18
FRCP Rule 8 ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ... ...2

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF DEFENDANT KEN B. PRIVETT, PLC's FRCP RULE 12(B)(6) MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

# I.  INTRODUCTION/SUMMARY OF ARGUMENT

Defendant Ken B. Privett, PLC ("Privett") brings this motion to dismiss the three claims for relief asserted against Privett in Plaintiffs' Second Amended Complaint ("Complaint"): the First, Third Claims and Fourth claims for Relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Privett is a law firm based in Oklahoma which Plaintiffs allege was involved in an elaborate conspiracy with the other named defendants to induce individual owners of vacation timeshares managed by Defendants Welk Resort Group, Inc. ("Welk") and Welk Resorts Platinum Owners Association (collectively "Plaintiffs") to breach their contracts with Welk. The allegations are vehemently denied by Privett. Plaintiffs' specific claims against Privett are sparse and premised entirely allegations regarding acts taken in Privett's capacity as counsel for individual timeshare owners or for Defendant, Reed Hein & Associates, LLC ("Reed Hein".)  In either case, as alleged, Privett's actions are privileged and immune from liability.

In addition to those deficiencies common to all of Plaintiffs' claims, Plaintiffs' civil conspiracy claim for relief (the third cause of action) must be dismissed on grounds civil conspiracy does not constitute an independent  basis for relief, but rather a theory of liability for separate wrongful conduct.

Plaintiff's Fourth Claim for Relief for violation of the California Unfair Competition Law must be dismissed because Plaintiffs fail to sufficiently plead that Privett's  alleged conduct was in any way unlawful or unfair or fraudulent.  Plaintiffs' unfair competition claim must also be dismissed under FRCP Rule 9(b) because Plaintiffs fail to specifically plead allegations of fraudulent conduct. Lastly, Plaintiffs fail to establish the requisite causal relationship between Privett's alleged conduct and Plaintiffs' claimed injury necessary to assert an unfair competition claim.

Since all claims for relief asserted against Privett therefore fail to state a claim under Rule 12(b)(6) against Privett,  Privett requests that the Court dismiss the Complaint in its entirety as to Privett.

# I.   POINTS & AUTHORITIES

## A. PLAINTIFFS' CLAIMS AGAINST PRIVETT SHOULD BE DISMISSED UNDER FRCP RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") provides in relevant part, "[a] party may assert the following defenses by motion...(6) failure to state a claim upon which relief can be granted...". A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); In re Sony Gaming Networks & Customer Data Sec. Breach Litig. Sony Gaming Networks, 996 F. Supp. 2d 942, 958 (S.D. Cal. 2014) (internal citations omitted).

Plaintiffs' claims for relief fail to state a claim upon which relief may be granted, and therefore should be dismissed pursuant to Rule 12(b)(6) because (1) the claims do not satisfy FRCP Rule 8's general pleadings requirements, (2) the claims do not satisfy FRCP Rule 9(b)'s requirement of pleading with particularity for claims of alleged fraud, and/or (3) Plaintiffs lack statutory standing. The legal authority for each of these bases is set forth in turn below.

## B.   PLAINTIFFS' CLAIMS AGAINST PRIVETT SHOULD BE DISMISSED BECAUSE THEY FAIL TO MEET THE PLEADING STANDARDS REQUIRED TO STATE A CLAIM FOR RELIEF (AND AVOID RULE 12(B)(6) DISMISSAL)

### 1.   General Pleading Requirements Per FRCP Rule 8

To avoid a Rule 12(b)(6) dismissal, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a); In Re Sony Gaming Networks, 996 F. Supp. 2d at 958. Plaintiff must enumerate and identify each claim for relief. Luckey v. Visalia Unified School District, 2013 U.S. Dist. LEXIS 70121, 11 (E.D. Cal. 2013.) Under each claim for relief, Plaintiff must provide a short and plain statement of the facts relevant to that particular claim. Id.; see also, e.g., Lasko v. Am. Bd. of Surgery, 47 F. Supp. 3d 1122, 1146-1147 (D. Nev.

2014) (emphasis added): **"Each claim should be in a separate cause of action that contains all facts supporting its essential elements and states the specific relief requested."**

In resolving a Rule 12(b)(6) motion, the Court must follow a two-pronged approach. In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig. ("In re Toyota Litigation") 754 F. Supp. 2d 1145, 1169 (C.D. Cal. 2010) (internal citations omitted). First, the Court must accept all well-pleaded factual allegations as true, **but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."** Id. (internal citations omitted) (emphasis added). **Nor must the Court "accept as true a legal conclusion couched as a factual allegation."** Id. (internal citations omitted) (emphasis added).

Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." Id. (internal citations omitted). This determination is context-specific, requiring the Court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. (Internal citations omitted.)

## 2. Heightened Pleading Requirements for Fraud Allegations per FRCP Rule 9(b)

Moreover, complaints alleging fraud must satisfy the heightened pleading requirements of Rule 9(b). Sony Gaming Networks, *supral*, 996 F. Supp. 2d at 958. Rule 9(b) requires that in all averments of fraud or mistake, the circumstances constituting that fraud or mistake should be stated with particularity. Id. A pleading is sufficient under Rule 9(b) if it "state[s] the time, place[,] and specific content of the false representations as well as the identities of the parties to the misrepresentation." Id. (Internal citations omitted.) In addition, FRCP Rule 9(b) does not allow a

complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding the alleged participation in the fraud. Id.

## III. ALL CLAIMS FOR RELIEF ASSERTED AGAINST PRIVETT FAIL TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

For the reasons set forth below, each of Plaintiffs' claims for relief against Privett set forth in the Complaint fail to state a claim upon which relief may be granted. Therefore, dismissal of the entire Complaint as to Privett is requested pursuant to FRCP Rule 12(b)(6). In the alternative, if the Court is inclined to deny the motion to dismiss with respect to any one or more of the claims for relief, Privett requests that the Court dismiss those claims for relief that do fail to state a claim for relief.

### A. FIRST CLAIM FOR RELIEF – INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

In order to plead a cause of action for intentional interference with contractual relations, Plaintiffs must allege "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." Pacific Gas & Electric Co. v. Bear Stearns & Co. 50 Cal.3d 1118, 1126 (Cal. 1990) (internal citations omitted). Plaintiffs' Complaint includes general allegations that Plaintiffs "have valid and enforceable contracts" with Welk timeshare owners that "Defendants sought to capitalize on...through [Reed Hein's] false and misleading advertising" which induced owners to stop making payments to Plaintiffs. See Complaint at ¶¶ 81 – 83. Plaintiffs further contend:

1       Privett and SBP advance and contribute to [Reed Hein's] interference by
      sending representation letters to Plaintiffs, providing no basis for termination

2       of Welk owners' contracts. Nonetheless, [Reed Hein] conspires with SGP and

3       Privett (among many other law firms to send generic form letters to Welk,
      wherein a law firm claims to represent the owners that [Reed Hein] has

4       induced to breach their contract. However, their attorneys never provide

5       specific information about the nature of the owners' dispute—despite multiple
      requests by Welk for any details whatsoever. Worse, Privett and SBG's

6       representation letters are fraudulent because, despite their written

7       representations to the contrary, neither Privett nor SGB actually represents any
      Welk Owner. To be sure, this is specifically prohibited by [Reed Hein's]

8       master fee agreement it entered with Privett and SBG. While this false claim

9       of representation is unknown to Plaintiffs, in order to comply with the law and
      other ethical obligations, when Privett and SGB instruct Welk not to

10      communicate with the owners further, and to communicate only with the

11      attorneys purportedly representing the owners, Welk complies- all to
      Plaintiffs' detriment.

12      Id. at ¶35.

13 Plaintiffs contention disputing Privett's representation of timeshare owners is based

14 on language in the "Master Fee Agreement" between KBP and Reed Hein dated July

15 5, 2015 (2015 Agreement). Complaint at Exhibit C. Such a contention ignores the

16 terms of a subsequent "Memorandum of Understanding & Amendment of Agreement"

17 dated March 17, 2016 ("2016 Agreement"), however, which is included with the same

18 exhibit to Plaintiffs' Complaint. Id. While, the 2015 Agreement provides "[Privett]

19 represents [Reed Hein] and not its customers," the 2016 Agreement expressly

20 modifies the terms of the 2015 Agreement and indicates that "[**Privett] will serve as

21 the attorney for the timeshare owner (timeshare owner is [Privett's] client**)" upon

22 payment by Reed Hein on behalf of the owners and after obtaining the express consent

23 from the owners. Id. The 2016 Agreement which would have been the operative

24 agreement at the time Plaintiffs' Complaint was filed directly contradicts Plaintiffs'

25 contentions regarding the identity of Privett's clients and must be afforded greater

26 weight by the court. "When an exhibit contradicts facts alleged in the complaint, the

27

28

1  facts in the exhibit take precedence. " <u>Bronson v. Green Tree Servicing, LLC</u>, 2009

2  U.S. Dist. LEXIS 20221, 21 (2009).[1]

3      Regardless of who Privett is alleged to represent, the fact that Plaintiffs'

4  allegations against Privett are premised on alleged communication by Privett in its

5  capacity as counsel warrants dismissal as Plaintiffs' claims arise from

6  communications which are immune from liability under the litigation privilege.

7  Statements made by counsel in a judicial proceeding that have a relationship to the

8  proceeding are absolutely privileged.  Cal. Civ. Code § 47(b); <u>McClatchy</u>

9  <u>Newspapers, Inc. v. Superior Court</u>, 189 Cal. App. 3d 961, 968–971(Cal. App. 5th

10  Dist. 1987).  If a communication has some relation to a legal proceeding that is

11  actually contemplated in good faith and under serious consideration by a possible

12  party to the proceeding, the communication is absolutely privileged. <u>Block v.</u>

13  <u>Sacramento Clinical Labs, Inc.</u>, 131 Cal. App. 3d 386, 393–394 (Cal. App. 3d Dist.

14  1982); <u>Rubin v. Green</u>, 4 Cal. 4th 1187, 1195-1196 (Cal. 1993.).   Although Plaintiffs

15  contend Privett's letters are brief and fail to provide details regarding the nature of the

16  timeshare owners' disputes, Plaintiffs do not contend such letters are sent <u>without</u> an

17  intent to further pursue claims on Privett's clients' behalf.  Accordingly, no allegation

18  in the Complaint precludes application of the litigation privilege.

19      Even without application of the litigation privilege doctrine, cases interpreting

20  contractual interference claims against agents or attorneys for parties to a contract who

21  induce the party to breach the contract lead to the same result. An agent for a party to

22  a contract enjoys a qualified privilege to induce his or her principal to breach a

23  contract that he or she reasonably believes to be harmful to the entity's best interests.

24  <u>Shoemaker v. Myers</u>, 52 Cal. 3d 1, 24–25 (Cal. 1990).  Similarly, an attorney is

25

26  [1] Similarly, Plaintiffs allege Privett specifically instructs Welk not to contact owners directly
27  regarding the disputes, but such a contention is not supported by the letter from Privett attached to
    Plaintiffs' Complaint.  Pursuant to *Bronson*, Plaintiffs' contentions regarding Privett's instructions
28  and Welk's reliance thereon must therefore be disregarded.

privileged to induce the breach of his or her client's contract by lawful means, so long as the inducement is intended to protect the interests of the client and the inducement is within the scope of the duty owed by the attorney to the client under the confidential relationship  Schick v. Lerner, 193 Cal. App. 3d 1321, 1329 (Cal. App. 3d Dist. 1987).

Plaintiffs' Complaint fails to demonstrate how the above-discussed litigation privilege and agency privilege defense to Plaintiffs' intentional interference with contract claim do not insulate Privett from liability here  As such, Plaintiffs' First Claim for Relief should be dismissed.

## B.   THIRD CLAIM FOR RELIEF - CIVIL CONSPIRACY

Plaintiffs' Third Claim for Relief for Civil Conspiracy includes general allegations that "Defendants" 'are parties to a civil conspiracy that conspired to do an unlawful act and conspired to interfere with Welk's contracts with timeshare owners. (Id. at 112- 114).  Plaintiffs' general allegations are followed by repeating the above-referenced allegations regarding Privett's alleged interference with timeshare owners' contracts as well as well as allegations of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Despite Plaintiffs' conspiracy claims, Plaintiffs elected not to include Privett in Plaintiffs' Second Claim for Relief in the Complaint for RICO violations.

As a preliminary matter, Plaintiffs cannot allege a "civil conspiracy" claim for relief as a basis for liability in its own right.  "A conspiracy cannot be alleged as a tort separate from the underlying wrong it is organized to achieve."  McMartin v. Children's Institute International, 212 Cal. App. 3d 1393, 1406 (Cal. App 2nd Dist. 1989).  As noted by the California Supreme Court, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration."  Applied Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 510-511 (Cal. 1994).  "It is the wrongful act, not the conspiracy,

which is actionable in a civil case." <u>Compton v. Ide</u>, 732 F.2d 1429, 1433 (9th Cir. 1984).

Plaintiffs' attempt to re-cast prior allegations or duplicate current allegations in a separate "civil conspiracy" claim is improper and on this basis alone, Plaintiffs' Third Claim for Relief for Civil Conspiracy must therefore be dismissed.

Even if assertion of an independent "civil conspiracy" claim for relief were somehow permissible, Plaintiffs' allegations again are premised entirely on litigation-privileged communications. To support claims that Privett furthered a conspiracy to interfere with timeshare owners' contracts, Plaintiffs allege:

> At [Reed Hein's] direction, Privett sends representation letters purporting to represent Welk owners which state false legal bases to Welk in furtherance of [Reed Hein's] interference between Welk and Welk owners and [Reed Hein] pays a portion of the vacation owners' fees to Privett for this.

The foregoing contention is again premised upon Privett's alleged communications in its capacity as counsel for timeshare owners regarding a prospective legal proceeding that is contemplated in good faith and under serious consideration. As demonstrated above, Privett is immune from liability for such communications which are absolutely privileged. Cal. Civ. Code § 47(b); <u>McClatchy</u>, <i>supra,</i> 189 Cal. App. 3d at 968–971. Furthermore, the alleged actions were on behalf of timeshare owners who were parties to the contracts that Plaintiffs allege Privett conspired to disrupt. Rather than suggesting Privett is a third party to the Welk timeshare agreements, Plaintiff's complaint and supporting exhibits suggest Privett was an agent or representative of parties to the contracts. As demonstrated above, Privett cannot be liable for alleged action taken in this capacity. See eg., <u>Shoemaker v. Myers</u>, 52 Cal. 3d at 24–25 (immunity of agents to contract parties from contract interference claims); <u>Schick,</u> <i>supra,</i> 193 Cal. App. 3d at 1329 (immunity of attorneys for parties to contracts from contract interference claims.)

To support claims that Privett furthered a conspiracy to violate RICO, Plaintiffs allege:

> Beginning on at least or about January 12, 2017, defendant Privett conspired with other Defendants to cause the fraudulent use of interstate mail in furtherance of Defendants' scheme to induce Welk's owners and members to breach their contract with Welk by sending a bare-bones, generic form letter to Welk, wherein the attorney claims to represent the owners that [Reed Hein] has induced to breach their contract in violation of 18 USC Section 1341. **See Exhibit B**. Welk is further informed and believes that the owners are often not even aware that they are 'represented' by Defendant Privett, and that they are not even aware of, much less consent to, the trivial, one-size fits all letters being sent by Privett's firm. Id at ¶118a. [emphasis original]

The foregoing allegations are again premised entirely upon litigation-privileged communications in Privett's letters to Welk on behalf of timeshare owners. As demonstrated above, Privett is absolutely immune from liability for claims arising from such communications. Accordingly, Plaintiffs' Third Claim for Relief fails so state a claim upon which relief may be granted and should dismissed.

## C. FOURTH CLAIM FOR RELIEF – UNFAIR COMPETITION LAW

Plaintiff's Third Claim for Relief alleges that Defendants' business practices were unlawful, unfair and fraudulent, in violation of Section 17200 of California's Business & Professions Code which is referred to as the "Unfair Competition Law" (hereinafter, "UCL"). Section 17200 defines "unfair competition" to include, in relevant part, "any unlawful, unfair or fraudulent business act or practice…"

### 1. Plaintiffs Fail to State Facts Sufficient to Support Allegations of Unlawful, Unfair Or Fraudulent Conduct

#### a. "Unlawful" Prong of the UCL

The "unlawful prong" of the UCL works by borrowing violations of other laws and treating those transgressions, when committed as a business activity, as unlawful business practices. Stevens v. Superior Court, 75 Cal. App. 4th 594, 598 (Cal. App. 2d Dist. Oct. 5, 1999). **To effectively plead a UCL claim based on an "unlawful"**

**business act or practice, a plaintiff must allege facts sufficient to show a violation of some underlying law**. <u>Gertz v. Toyota Motor Corp.</u>, 2011 U.S. Dist. LEXIS 158165, 19-20 (C.D. Cal. Apr. 28, 2011)

Here, Paragraph 127 of the Complaint (within the Fourth Claim for Relief) sets forth the basis for Plaintiffs' claim for relief under the "unlawful prong" of the UCL as follows:

> Defendants' acts and practices, as averred herein, constitute unlawful practices in that they are tortious, and, in particular, intentionally interfere with contractual relations between Plaintiffs and their vacation owners and members, and violate 18 U.S.C. 1962(c) (Civil RICO) and 15 U.S.C. 1125 (Lanham Act), and Business and Professions Code sections 6150 *et seq*. (California's Runners and Cappers Act), 6155 (California's Lawyer Referral law), 11245, et seq. (California's Vacation Ownership and Time-Share Act), and 17500, et seq. (California's False Advertising Act). Complaint at ¶ 127.

Four of the six statutes that "Defendants" are generally alleged to have violated are specifically alleged elsewhere in Plaintiffs' Complaint. Namely these are: alleged Civil Rico violations (2nd Claim for Relief); alleged Vacation Ownership and Timeshare Act violations (5th Claim for Relief); alleged violations of the California False Advertising Law (6th Claim for Relief) and alleged Lanham Act violations (7th Claim for Relief.) Because none of the foregoing claims for relief are alleged against Privett, Plaintiff cannot contend Privett's alleged violation of the corresponding statutes provides a basis a for a separate unfair competition claim.

Because not all general references to conduct by "Defendants" encompass conduct by Privett, the court need only consider those allegations which refer to Privett specifically. With regard to Privett specifically, Plaintiffs allege, "[Reed Hein]" has preexisting agreements with outside attorneys (SGB and Privett) to write letters on the owners' behalf, for a portion of the original flat fee, but explicitly precludes these attorneys from representing the owners directly." <u>Id.</u> at ¶129. No

specific connection is made between the above allegation and the many statutes Plaintiffs reference in support of the unfair competition claim for relief. Nevertheless, the paragraphs which immediately precede and follow paragraph 129 of the Complaint include general allegations of "Defendants' " violations of the running & capping and attorney referral service statute and these are the only statutory claims given anything more than cursory reference in Plaintiffs' unfair competition claim. Id. at ¶¶ 128, 130 & 131. Even if the court were to assume Plaintiff specifically alleges that Privett was in violation of the running & capping and attorney referral service statutes, however, such allegations are insufficiently pled and do not support a finding that Privett engaged in unlawful conduct necessary to support an unfair competition claim.

**b. Plaintiffs Provide no Basis to Support a Claim that Privett Violated the California Running & Capping Statute**

California Business & Professions Code Section 6152 makes it unlawful for: "(1) Any person... to act as a runner or capper for any attorneys or to solicit any business for any attorneys ... (2) Any person to solicit another person to commit or join in the commission of a violation of subdivision (a)." Cal. Bus. & Prof. Code §§ 6152. A "runner," "capper," or "agent" is defined as "any person, firm, association or corporation acting for consideration in any manner or in any capacity as an agent for an attorney at law or law firm...in the solicitation or procurement of business for the attorney at law or law firm..." Cal. Bus. & Prof. Code §§ 6151. Careful review of Plaintiff's Fourth Claim for Relief, however, reveals that Plaintiffs fail to allege that (1) Reed Hein acted as Privett's agent; (2) that Privett compensated Reed Hein for the alleged solicitations[2]; (3) that Reed Hein was soliciting clients for or on behalf of Privett; or that (4) Defendant Privett solicited or joined in the commission of a violation of the statute.

---

[2] Instead, that claim states, in relevant part, that the timeshare owners paid attorneys' fees as part of their "flat fee" for services. "ReedHein then contracts with vacation owners for a flat fee" and "has preexisting agreements with outside attorneys (SGB and Privett) to write letters on the owners' behalf, for a portion of the original flat fee." (Complaint at p. 23 ¶129:3-6.)

Furthermore, Plaintiffs assert the "outside attorneys" do not actually represent the timeshare owners. Complaint at ¶ 129. Plaintiffs' allegation that Reed Hein solicited timeshare-owner clients for SGB cannot be reconciled with the contention that SGB represents Reed Hein and not the timeshare owners.

Because Plaintiffs do no not sufficiently plead that there was any improper solicitation or that Privett in any way participated in such allegedly improper solicitation, Plaintiffs fail to establish that any violation of the running & capping statute supports Plaintiffs' unfair competition claim.

### c. Plaintiffs Provide No Basis to Support a Claim Privett Violated California's Attorney Referral Service Statute

California Business & Professions Code §6155(a) provides, in relevant part, that "An individual, partnership, corporation, association, or any other entity shall not operate for the direct or indirect purpose, in whole or in part, of referring potential clients to attorneys, and no attorney shall accept a referral of such potential clients" unless certain requirements are met including but not limited to registration with the State Bar and operation in conformity with certain minimum standards, etc. An attorney does not accept an illegal referral pursuant to section 6155 merely because he or she was retained by someone who was operating an illegal referral service. Shopoff & Cavallo LLP v. Hyon, 167 Cal. App. 4th 1489, 1521 (Cal. App. 1st Dist. 2008). Acceptance of an illegal referral must be with knowledge of at least the nature of the referral business that violates the statute—that is, a business that operates "for the direct or indirect purpose, in whole or in part, of referring potential clients to attorneys." Id. (Internal citations omitted.) Otherwise, attorneys who have accepted employment in good faith and without any awareness of an association with an illegal operation would fall within the proscription of the statute just by agreeing to represent clients. Id. "We are persuaded that the Legislature did not intend to punish those who have no knowledge of or complicity in the illegality." Id. Further, Section 6155 does

1  not make "commonplace uncompensated attorney referrals" illegal. Id. Nor does the

2  statute make an uncompensated acceptance of a referral illegal, particularly where the

3  evidence fails to show the attorney was aware an unlawful referral service was in

4  operation. Id.

5        Here, Plaintiffs' unfair competition claim for relief provides no facts to suggest

6  that Reed Hein was an attorney "referral service", i.e., acting for the "direct or indirect

7  purpose of referring clients" to attorneys. Further, even if Reed Hein had been an

8  illegal attorney "referral service" (assuming *arguendo*), Plaintiffs fail to show that

9  Privett knew about the purported illegality of the service. Lastly, as discussed above,

10  Plaintiffs' assertion that Privett represented Reed Hein and not timeshare owners

11  cannot be reconciled with the assertion that Privett knowingly accepted unlawfully-

12  obtained client referrals from Reed Hein.

13        For the reasons discussed above, the "unlawful" prong of Plaintiffs' UCL claim

14  as set forth in paragraph 127 has not been sufficiently pled and the UCL claim should

15  be dismissed.

16        2.        **"Unfair" Prong of the UCL**

17        California courts have utilized different definitions for "unfair" conduct within

18  the meaning of the UCL. Gertz v. Toyota Motor Corp., 2011 U.S. Dist. LEXIS

19  158165, 20-24 (C.D. Cal. 2011); (citing, among others, Roling v. E*Trade Securities,

20  LLC, 756 F. Supp. 2d 1179, 2010 WL 4916401, at 10 (N.D. Cal. 2010), "The

21  appropriate definition of the word 'unfair' in the UCL is unclear.") Several definitions

22  of "unfair" under the UCL have been formulated. West v. JPMorgan Chase Bank,

23  N.A., 214 Cal. App. 4th 780, 806 (Cal. App. 4th Dist. 2013.) These have included: (1)

24  an act or practice is unfair if the consumer injury is substantial, is not outweighed by

25  any countervailing benefits to consumers or to competition, and is not an injury the

26  consumers themselves could reasonably have avoided; (2) an unfair business practice

27  occurs when that practice offends an established public policy or when the practice is

28  immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

and (3) an unfair business practice means the public policy which is a predicate to the action must be tethered to specific constitutional, statutory or regulatory provisions. (Id. (Internal citations omitted.)

Plaintiffs' Fourth Claim for Relief does not identify which test Plaintiffs believe applies here. Instead, Plaintiffs reiterate several tests for "unfairness" and then conclude, without factual support, that violations occurred as follows:

132. Defendants' business practices, as detailed herein, are also unfair, as they are unethical, oppressive, and unscrupulous, and they violate fundamental policies of this State. Further, any justification for Defendants' wrongful conduct is outweighed by the adverse effects of such conduct. Plaintiffs and vacation owners could not reasonably avoid the harm caused by Defendants' wrongful practices. Furthermore, Defendants' acts and practices constitute unfair business practices in that they misled consumers by making misrepresentations and untrue statements about their relationship and contractual obligations with Welk, their ability to guarantee an exit from their vacation ownership, and that Welk's vacation owners and members would incur no consequences if they stopped paying on their contractual obligations.

133. Assuming, arguendo, that Defendants' practices are not express violations of the laws, those practices fall within the penumbra of such laws and a finding of unfairness can properly be tethered to public policy. Thus, Defendants engaged in unfair business practices prohibited by Business & Professions Code sections 17200, et seq.

As is clear from the above, Plaintiff's Fourth Claim for Relief fails to state any facts pertaining to conduct by Privett that would, if true, support a violation by Privett of the "unfairness" prong of the UCL. The only portion of the above that arguably contains alleged "facts" is the reference to alleged misrepresentations that Plaintiffs claim have been made by Reed Hein to timeshare owners. Even if such alleged misrepresentations were interpreted as being attributed to Privett because the allegation refers generally to "Defendants," Plaintiffs' Complaint fails to allege how such alleged misrepresentations satisfy any of the cited tests for unfairness.

Accordingly, Plaintiffs fail to state a claim under the "unfair" prong of the UCL. See, e.g., In re Toyota Litigation, *supra,* at 1169. ("Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

### 3. "Fraud" Prong of the UCL

Plaintiffs also allege that Defendants violated the "fraud" prong of the UCL. (See, e.g., Complaint at ¶ 134.) A fraudulent business practice is one that is likely to deceive the public and may be based on representations that are untrue. Gertz v. Toyota Motor Corp., 2011 U.S. Dist. LEXIS 158165, 24-25 (C.D. Cal. 2011) (internal citations omitted).

To state a claim for fraudulent conduct under the UCL, the complaint must allege with specificity that Privett: (1) made alleged misrepresentation(s) that: (2) were relied upon; (3) were material; (4) influenced the decisions of those hearing the misrepresentation; and (5) were likely to deceive members of the public. Gertz at 24-25 (internal citations omitted).

Claims under the UCL that are grounded in fraud must be pleaded with particularity pursuant to Federal Rule of Civil Procedure Rule 9(b). In re Sony Grand WEGA KDF-E A10/A20 Series Rear Projection HDTV TV Litig. ("In re Sony Grand"), 758 F. Supp. 2d 1077, 1092 (S.D. Cal. 2010), citing Kearns v. Ford Motor Co. 567 F.3d 1120 1125 (9th Cir. 2009)("We have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the . . . UCL." (internal citations omitted)). A plaintiff therefore **must include a description of the 'time, place, and specific content** of the false representations **as well as the parties to the misrepresentations.'"** In re Sony Grand, 758 F. Supp. 2d at 1092 (emphasis added) (quoting Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

In addition, **FRCP Rule 9(b) does not allow a complaint to merely lump multiple defendants together** but **requires plaintiffs to differentiate their allegations when suing more than one defendant** and inform each defendant

separately of the allegations surrounding his alleged participation in the fraud. <u>In re Sony Gaming Networks & Customer Data Sec. Breach Litig.</u>, 996 F. Supp. 2d 942, 953 (S.D. Cal. 2014).

Here, Plaintiff's Fourth Claim for Relief improperly "lumps" all defendants together and does not differentiate allegations against each Defendant. <u>See</u> Complaint at pg. 134. Further, Plaintiffs fail to identify any time, place, specific content or parties to any alleged misrepresentation by Privett. <u>Id</u>. Instead, Plaintiffs state general, conclusory allegations against all Defendants collectively as follows:

> 134. Defendants' business practices, as detailed herein, are also fraudulent, as they misled consumers by making misrepresentations and untrue statements about their relationship and contractual obligations with Welk, their ability to guarantee an exit from their vacation ownership, and that Welk's vacation owners and members would incur no consequences if they stopped paying on their contractual obligations. On information and belief, reasonable members of the public are likely to be deceived by Defendants' misrepresentations and untrue statements. (<u>Id</u>.)

Accordingly, Plaintiffs' claim that Privett violated the "fraud" prong is insufficiently pled and fails to comply with the pleading requirements of FRCP Rule 9(b).

### i. Privileged Communications Cannot Serve As Basis for Liability

As set forth more fully in the above section regarding Plaintiffs' First Claim for Relief, alleged communications between Privett and Welk on behalf of Privett's client(s) regarding potential litigation are privileged pursuant to the litigation privilege communication privilege. <u>See also</u>, <u>e.g.</u>, Cal. Civ. Code Section 47(b) and <u>Rubin v. Green</u> 4 Cal. 4th at 1195-1196. Therefore, such communications cannot serve as a basis for liability or as a basis for stating a claim for relief. <u>Id</u>.

### ii. Plaintiffs Fail to Establish any Causal Relationship Between the Alleged Economic Injury and Privett's Alleged Conduct

A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm—that is, **that the defendant's conduct caused or was likely to cause substantial injury.** In re Firearm Cases 126 Cal. App. 4th 959, 982–982 (Cal App. 1st Dist. 2005). If an unfair competition claim is based on fraud or misrepresentation , the plaintiff must plead and prove actual reliance to satisfy requirements for standing to bring the action. See eg, In re Tobacco II Cases 46 Cal. 4th 298, 328. (Cal. 2009) (regarding reliance on fraud); Hale v. Sharp Healthcare, 183 Cal. App. 4th 1373, 1985 (Cal. App. 4th Dst. 2010)(regarding reliance on misrepresentation).

Here, Plaintiffs merely assert that "as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices averred herein, Plaintiffs have suffered injury in fact." Complaint at ¶ 135. Such injury is alleged to include loan payments Welk "would have otherwise received through Welk's contractual relationship with its owners,…VOA Dues owed to the Association by Welk owners" pursuant to timeshare agreements and, "future losses in VOA Dues contractually owed to Welk." Id.

No specific allegations are made regarding how Privett's alleged communication with or on behalf of timeshare owners resulted in the lost loan payments and dues. While Plaintiffs may refer to allegations elsewhere in the Complaint that timeshare owners were advised to stop making payments to Plaintiffs or that Privett somehow prevented Welk from collecting payments due, such allegations are wholly unsupported and directly contradicted by exhibits lodged with the Complaint. The very timeshare exit agreement upon which Plaintiffs' rely specifically advises timeshare owners to maintain their ongoing financial obligations pending completion of efforts to terminate their timeshare agreements. See: Exhibit F to Complaint at p. 20 ("Client's Duties").

Plaintiffs also claim injury in the form of expenditure of "money, time and energy in the form of hiring additional staff to manage the substantial volume of 'exit' letters from [Reed Hein's] co-conspirator law firms, including Privett and SGB." Complaint at ¶ 136. As demonstrated in the above discussion regarding Plaintiffs failed attempt to meet the multiple "prongs" of the UCL statute, however, Plaintiffs' Complaint fails to establish that the letters at issue were in any way unlawful, fraudulent, misleading or unfair. To the contrary, the letter from Privett to Welk attached as Exhibit B to the Complaint contradicts the assertion that Privett instructed Welk not to communicate with timeshare owners regarding their financial obligations to Plaintiffs. As the above discussion regarding the contractual interference claim demonstrates, facts in exhibits to Plaintiffs' Complaint take precedence over contradictory factual allegations within the Complaint itself. See: <u>Bronson</u>, 2009 U.S. Dist. LEXIS 20221, 21.

Based on the foregoing, Privett respectfully requests dismissal of Plaintiffs' Fourth Claim for Relief against Privett for violation of the UCL.

## IV. CONCLUSION

For the reasons set forth above, Privett requests that this Court dismiss all claims for relief in the Complaint asserted against Privett because each and every such claim fails to state a claim upon which relief may be granted. In the event that this Court is inclined to deny this motion as to any given claim, Privett requests that the Court dismiss all other claims for relief set forth in the Complaint against Privett that were insufficiently plead under FRCP Rule 12(b)(6).

DATED: October 20, 2107      LINCOLN, GUSTAFSON & CERCOS, LLP

*Paul H. James*

BY: _____
TERESA M. BECK, Esq. SBN 149763
PAUL H. JAMES, Esq. SBN 227228
MONICA J. YOON, SBN 238256
Attorneys for Ken B. Privett, PLC