Heather L. Rosing, Bar No. 183986
Gregor A. Hensrude, Bar No. 226660
Robert M. Shaughnessy, Bar No. 174312
KLINEDINST PC
501 West Broadway, Suite 600
San Diego, California 92101
(619) 239-8131/FAX (619) 238-8707
hrosing@klinedinstlaw.com
ghensrude@klinedinstlaw.com
RShaughnessy@klinedinstlaw.com

Attorneys for Defendant
SCHROETER GOLDMARK &
BENDER, P.S.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

WELK RESORT GROUP, INC., a
California corporation; and WELK
RESORTS PLATINUM OWNERS
ASSOCIATION, a California non-
profit corporation,

        Plaintiffs,

        v.

REED HEIN & ASSOCIATES,
LLC, dba TIMESHARE EXIT
TEAM, a Washington limited
liability company; SCHROETER
GOLDMARK & BENDER, P.S., a
Washington professional
corporation; and KEN B. PRIVETT,
PLC, an Oklahoma limited liability
company,

        Defendants.

Case No.   3:17-cv-01499-L-AGS

**DEFENDANT SCHROETER
GOLDMARK AND BENDER'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES
AND COSTS AS PREVAILING
PARTIES (CAL. CODE CIV. PROC.
SEC. 425.16(C)(1)**

Date:          May 6, 2019
Time:         10:30 a.m.
Courtroom:    5B
Judge:        Hon. M. James Lorenz
Magistrate Judge:  Hon. Andrew G. Schopler
Complaint Filed:  July 25, 2017
Trial Date:     None set

**NO ORAL ARGUMENT UNLESS
REQUESTED BY THE COURT**

/ / /

/ / /

/ / /

/ / /

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND ............................................................................... 2

    A.    Welk sued SGB two days after the firm initiated three California lawsuits on behalf of Welk timeshare owners against Welk ...................... 2

    B.    SGB moved to strike Welk's FAC under California's anti-SLAPP law and Welk filed its SAC ............................................................................ 3

    C.    SGB successfully moved to strike the SAC because Welk's action arose from protected petitioning activity and its claims against SGB were barred by the litigation privilege ........................................................... 3

III.  LEGAL ARGUMENT ......................................................................................... 4

    A.    Attorneys' fees and costs to a defendant following a successful anti-SLAPP motion are mandatory ............................................................... 4

    B.    The fees sought are reasonable given the complexities of this case ........... 6

        1.    The time spent by SGB's attorneys on the successful anti-SLAPP motion was reasonable and necessary given the complexity of the issues raised in the anti-SLAPP motion ............... 8

            a.    SGB's anti-SLAPP Motion raised complex issues against a complicated factual background ........................... 8

            b.    Time spent on tasks that overlapped with the 12(b) motion were inexplicably intertwined and should be recovered in full ................................................................... 10

        2.    An hourly rate of $450 for Klinedinst's attorneys falls well within the market rate for San Diego business litigation counsel ............................................................................................. 11

            a.    Heather L. Rosing ......................................................... 12

            b.    Robert M. Shaughnessy ............................................... 13

            c.    Gregor A. Hensrude ...................................................... 14

            d.    The discounted rate charged to SGB's insurer should not be the measure of a reasonable market rate ................... 14

        3.    SGB is entitled to recover the fees incurred for filing this motion ......................................................................................... 15

        4.    SGB is entitled to recover costs in connection with the anti-SLAPP motion ............................................................................. 16

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA  92101

1

IV.    CONCLUSION ..................................................................................... 16

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA  92101

DEFENDANT SCHROETER GOLDMARK AND BENDER'S P&A's ISO MOTION FOR ATTORNEYS' FEES
AND COSTS AS PREVAILING PARTIES (CAL. CODE CIV. PROC. SEC. 425.16(C)(1)
3:17-cv-01499-L-AGS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnes v. Sea Haw Rafting, LLC*
889 F.3d 517 (9th Cir. 2018) ............................................................. 13, 14

*Braden v. BH Fin. Servs.*
2014 U.S. Dist. LEXIS 28153 (N.D. Cal. Mar. 4, 2014) ............................. 12

*Center for Biological Diversity v. County of San Bernardino*
188 Cal.App.4th 603 (Cal. Ct. App. 2010) .............................................. 15

*Chacon v. Litke*
181 Cal.App.4th 1234 (Cal. Ct. App. 2010) .............................................. 15

*Citizens Against Rent Control v. City of Berkeley*
181 Cal.App.3d 213 (1986) ..................................................................... 8

*Cornwell v. Belton*
2008 U.S. Dist. LEXIS 907, 2008 WL 80724 (S.D. Cal. 2008) .................... 12

*Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.*
2014 U.S. Dist. LEXIS 84366 (9th Cir. Nov. 16, 2009) .............................. 5

*Dalidio Family Trust v. San Luis Obispo Downtown Ass'n*
(9th Cir. Nov. 16, 2009) 2009 U.S. App. LEXIS 29530 .......................... 5, 12

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman*
47 Cal. App. 4th 777 (1996) ................................................................... 5

*Fleming v. Coverstone*
2009 U.S. Dist. LEXIS 53825 (S.D. Cal., June 25, 2009) ........................... 11

*Fleming v. Coverstone*
2009 U.S. Dist. LEXIS 22083, 2009 WL 764940 ..................................... 11

*Hensley v. Eckerhart*
461 U.S. 424 (1983) ............................................................................ 5, 8

*Jordan v. Multnomah County*
815 F.2d 1258 (9th Cir. 1987) ................................................................. 6

*Kearney v. Foley & Lardner*
553 F.Supp.2d 1178 (S.D. Cal. 2008) ............................................... 5, 6, 10

*Ketchum v. Moses*
24 Cal.4th 1122 (2001) .................................................................. 4, 5, 7, 15

*May v. Brunton*
2014 U.S. Dist. LEXIS 159889 (S.D. Cal. Nov. 13, 2014) .......................... 12

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT SCHROETER GOLDMARK AND BENDER'S P&A's ISO MOTION FOR ATTORNEYS' FEES
AND COSTS AS PREVAILING PARTIES (CAL. CODE CIV. PROC. SEC. 425.16(C)(1)
3:17-cv-01499-L-AGS

*McDermott, Will & Emery v. Sup. Ct.*
    83 Cal.App.4th 378 (2000) ................................................................. 9

*Metabolife Int'l Inc. v. Wornick*
    213 F. Supp. 2d 1220 (S.D. Cal. 2002) ....................................... 5, 10

*Miller v. Los Angeles Co. Bd. Of Educ.*
    827 F.2d 617 (9th Cir. 1987) ............................................................. 5

*Mordechai Orian v. Fed'n Int'l des Droits de L'Homme*
    2012 U.S. Dist. LEXIS 39298 (C.D. Cal. Mar. 22, 2012) ............... 12

*PCLM Group, Inc. v. Drexler*
    22 Cal.4th 1084 (Cal. 2000) ........................................................ 6, 15

*PLCM Group v. Drexler*
    22 Cal.4th 1084 (2000) ..................................................................... 6

*Ravet v. Stern*
    2010 U.S. Dist. LEXIS 79589 (S.D. Cal. 2010) .............................. 12

*Rubin v. Green*
    4 Cal.4th 1187 (1993) ........................................................................ 9

*Serrano v. Unruh*
    32 Cal.3d 621 (1982) .................................................... 5, 8, 14, 15

*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*
    141 Cal.App.4th 15 (Ct. App. 2006) ................................................. 8

**Statutes**

Cal. Code Civ. Proc. § 1021.5 .................................................................. 5

Cal. Code Civ. Proc. § 425.16(b)(1) ........................................................ 4

Cal. Code Civ. Proc. § 425.16(c) .............................................. 4, 10, 12

Cal. Code Civ. Proc. § 425.16(c)(1) ........................................................ 5

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

DEFENDANT SCHROETER GOLDMARK AND BENDER'S P&A's ISO MOTION FOR ATTORNEYS' FEES
AND COSTS AS PREVAILING PARTIES (CAL. CODE CIV. PROC. SEC. 425.16(C)(1)
3:17-cv-01499-L-AGS

# I.

## __INTRODUCTION__

Defendant Schroeter Goldmark & Bender, P.S. ("SGB") prevailed entirely on its special "anti-SLAPP" motion to strike under California Code of Civil Procedure section 425.16. The District Court's Order granting the motion struck and dismissed every claim against SGB without leave to amend, ending Welk's case against the law firm. (Doc. 80.)

Welk sued SGB to deter its attorneys from representing clients in constitutionally protected litigation activity against Welk. At the time Welk filed its complaint, SGB was successfully representing timeshare owners who were consumers unhappy with their Welk timeshare agreements and adverse to Welk. Welk knew SGB's representation included successful negotiations of dozens of settlements, resistance to Welk's attempts to enforce unconscionable arbitration clauses in several instances, and the filing of three state court complaints against Welk seeking relief for SGB's clients from unfair timeshare agreements.

SGB's track record of representation belied Welk's demonstrably untrue assertion that SGB was not providing true legal representation for its clients. The very SGB demand letter that Welk attached to its pleadings, which sought to portray SGB as a firm that only wrote "cookie-cutter" demand letters, included a client for whom SGB prevailed against Welk overwhelmingly in arbitration, recovering for its clients complete rescission, a refund of all monies paid to Welk, and attorneys' fees based upon what the arbitrator called "egregious" conduct by Welk. (Doc. 64-8, p. 47.)

Welk's action sought to trample on SGB's constitutional rights, and inflict economic and reputational damage on attorneys for representing consumers seeking to terminate unfair Welk timeshare agreements. Having successfully vindicated those rights by ending Welk's meritless SLAPP action, SGB should recover costs, and attorneys' fees of $170,212.50 under the lodestar approach.

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

## II.

## FACTUAL BACKGROUND

**A.**   **Welk sued SGB two days after the firm initiated three California lawsuits on behalf of Welk timeshare owners against Welk**

The facts detailing the underlying case are well documented in SGB's prior anti-SLAPP motion. (Doc. 64) For purposes of this motion it is sufficient to note that Welk filed its complaint in this case two business days after SGB filed three lawsuits in the San Diego Superior Court on behalf of their consumer clients. Welk's complaint, filed on July 25, 2017, and every amended complaint filed thereafter intentionally omitted any mention of these three pending actions against Welk. Instead, Welk claimed SGB was not really representing Welk owners who were Reed Hein customers; but Welk's lawsuit failed to mention the fact that SGB was representing multiple Welk owners, who were are also Reed Hein customers, in the three pending California cases against the plaintiffs. (Doc. 64-3, p. 18.) Such facts would have publicly revealed the true SLAPP nature of Welk's action.

Welk's First Amended Complaint ("FAC") alleged five causes of action against SGB, arising from the firm's representation of its clients. The claims included: (1) intentional interference with contract; (2) violation of the Racketeering Influenced and Corrupt Organizations Act under 18 U.S.C. section 1962(c); (3) violation of California's Unfair Competition Law ("UCL") at California Business and Professions Code section 17200 et seq.; (4) violation of California's State Bar Act at Business and Professions Code section 6151 et seq.; and (5) violation of the State Bar Act at Business and Professions Code section 6155 et seq. (Doc. 24-1, p. 17.) The FAC premised SGB's liability upon the alleged manner in which SGB provided legal services for its clients, who were Welk timeshare owners. (Doc. 5, pp. 3-4.) Welk asserted that SGB's representation of its clients amounted to participation in a racketeering scheme, and wrongful interference with Welk's contracts with its timeshare owners. (Doc. 5, pp. 3-4.)

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

**B.** **SGB moved to strike Welk's FAC under California's anti-SLAPP law and Welk filed its SAC**

SGB filed a Rule 12(b) motion to dismiss the FAC on September 15, 2017. (Doc. 20.) Co-Defendants Reed Hein & Associates, and Ken B. Privett filed their own separate Rule 12(b) motions on the same day. (Doc. 18 and 19.) SGB filed an anti-SLAPP motion targeting the FAC on September 29, 2017. (Doc. 24.)

Choosing not to oppose the pending motions on the merits, Welk filed its Second Amended Complaint ("SAC") on October 6, 2017, superseding the FAC. (Doc. 25) Based generally upon the same allegations, the SAC dropped the federal RICO claim, and the California State Bar Act claims against SGB. Instead Welk tried to allege state law claims against SGB including: (1) intentional interference with contract (Doc. 25, ¶¶ 80-94); (2) civil conspiracy (Doc. 25, ¶¶ 111-122); and (3) violation of the UCL. (Doc. 25, ¶¶ 123-138).  Like its two predecessors, the SAC again failed to disclose the pending California actions that would have clearly identified the case as falling under the protections of the anti-SLAPP law. (Doc. 25.) Again Welk alleged liability premised upon the manner in which SGB's attorney-client relationship with Welk timeshare owners arose, and the manner in which SGB provided legal services to its clients. (Doc. 25, pp. 8-10.) The allegations once again gave rise to the protections of California's anti-SLAPP law.

**C.** **SGB successfully moved to strike the SAC because Welk's action arose from protected petitioning activity and its claims against SGB were barred by the litigation privilege**

On October 20, 2017, SGB re-filed its motion to strike, to address Welk's SAC under California's anti-SLAPP law. (Doc. 32.) On the same day, SGB also filed a 12(b) motion to dismiss the SAC raising arguments similar to those asserted in the second step analysis of its anti-SLAPP motion. (Doc 33.) Welk filed its oppositions to both the 12(b) and anti-SLAPP motions on November 6, 2017. (Doc. 46 and 47.) SGB then filed its reply briefs on November 13, 2017 (Doc. 49

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

1   and 50.) The court struck the moving, opposing, and reply papers for failure to

2   comply with Civil Local Rule 7.1(h), which requires the combining of arguments

3   into one singe memorandum of points and authorities where multiple motions are

4   set for hearing on the same day. (Doc. 56.) However, the court allowed all parties

5   to correct and refile their papers, (Doc. 63), and SGB did so on December 4, 2017.

6   (Doc. 64.) Welk re-filed its opposition papers on December 15, 2017. (Doc. 69.)

7   SGB replied to Welk's opposition on December 22, 2017. (Doc. 70.)

8         On March 18, 2019, the Court issued its order granting SGB's anti-SLAPP

9   motion to strike. (Doc. 80.) Following a thorough analysis of the procedural and

10   substantive law, and the issues raised in the motion, the Court concluded that

11   Welk's case arose from protected petitioning activity, each of Welk's claims

12   against SGB failed because of the litigation privilege, and leave to amend was not

13   warranted. (Doc. 80, pp. 4-17.) The Court's order concludes with language stating,

14   "The special motion to strike filed by Defendant Schroeter Goldmark & Bender is

15   granted. All claims alleged against this Defendant are dismissed without leave to

16   amend." (Doc. 80, p. 36.) The outcome was a complete win for SGB.

### III.

### LEGAL ARGUMENT

**A.**   **Attorneys' fees and costs to a defendant following a successful anti-SLAPP motion are mandatory**

21         California's anti-SLAPP statute provides a mechanism for a defendant to

22   strike civil actions or claims brought primarily to chill the exercise of free speech.

23   (Cal. Code Civ. Proc. § 425.16(b)(1).) In order to deter such chilling, "a prevailing

24   defendant on a special motion to strike shall be entitled to recover his or her

25   attorney's fees and costs." (Cal. Code Civ. Proc. § 425.16(c).) Thus, it is well-

26   settled that an award of attorney's fees and costs to a successful anti-SLAPP

27   movant is mandatory. (*Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001).)

28   "[A]bsent circumstances rendering an award unjust, the fee should ordinarily

1  include compensation for all hours reasonably spent, including those relating solely

2  to [obtaining] the fee [award]." (*Serrano v. Unruh*, 32 Cal.3d 621, 624 (1982),

3  (applying Cal. Code Civ. Proc. § 1021.5), cited in *Ketchum, supra*, 24 Cal. 4th at

4  1141).) Here, SGB obtained nothing short of absolute success on its anti-SLAPP

5  motion. (Doc. 80.) Thus, SGB is entitled to recover its attorneys' fees and costs

6  pursuant to section 425.16(c)(1), including the fees and costs incurred in bringing

7  this motion to determine the reasonableness of the fees to be recovered.

8      A successful SLAPP defendant is entitled to attorney's fees and costs

9  "incurred in connection with" the anti-SLAPP motion, and "necessary to prevail"

10  thereon. (*Metabolife Int'l Inc. v. Wornick,* 213 F. Supp. 2d 1220, 1221-24 (S.D.

11  Cal. 2002).) The fee applicant must show its entitlement to an award, documenting

12  the appropriate hours expended and a reasonable hourly rate. (*Hensley v.*

13  *Eckerhart,* 461 U.S. 424, 437 (1983).) The amount awarded must be reasonable,

14  but it must also "adequately compensate the [prevailing party] for the expense of

15  responding to a baseless suit." (*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,*

16  47 Cal. App. 4th 777, 785 (1996).) Further, in awarding fees and costs the anti-

17  SLAPP statute must be construed broadly. (*Kearney v. Foley & Lardner,* 553

18  F.Supp.2d 1178, 1183-1184 (S.D. Cal. 2008).) Courts have broad discretion in

19  determining the reasonable amount of fees and costs to award a prevailing

20  defendant. (*Id.* at 1184, citing *Metabolife, supra*, 213 F.Supp.2d at 1222.)

21      Generally, the reasonableness of fees is determined by the "lodestar"

22  method. (*Ketchum, supra,* 24 Cal.4th at 1131-36; *Dalidio Family Trust v. San Luis*

23  *Obispo Downtown Ass'n,* 2009 U.S. App. LEXIS 29530, *4 (9th Cir. Nov. 16,

24  2009); *Critical Care Diagnostics, Inc. v. Am. Ass'n for Clinical Chemistry, Inc.,*

25  2014 U.S. Dist. LEXIS 84366, *3).) The calculation begins with a determination of

26  the number of hours reasonably expended on the litigation multiplied by a

27  reasonable hourly rate. (*Miller v. Los Angeles Co. Bd. Of Educ.,* 827 F.2d 617, 621

28  (9th Cir. 1987). The reasonable hourly rate is the prevailing market rate in the

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

relevant community. (*PLCM Group v. Drexler*, 22 Cal.4th 1084, 1095 (2000).) A court may then adjust the lodestar figure upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. (*Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987), n.5 (describing lodestar adjustment method in federal court).) The lodestar adjustment method "anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." (*PCLM Group, Inc. v. Drexler*, 22 Cal.4th 1084, 1095 (Cal. 2000).)

Reasonableness is further determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. (*Kearney*, *supra*, 553 F.Supp.2d at 1184-1185.) Reasonableness also depends in part on "the success of the attorney's efforts." (*Id.* at 1185.) As discussed below, the hours expended, and the hourly rate requested are very reasonable given the complexity of the issues raised in Welk's complaint against SGB, the experience and expertise of counsel, and the successful outcome of the motion, which resulted in a full dismissal of SGB.

**B.** **The fees sought are reasonable given the complexities of this case**

In support of this motion for fees and costs, SGB presents its defense counsel's detailed billing entries setting forth the time spent in connection with the anti-SLAPP motion.[1] Entries include the time incurred to file the motion to strike the FAC, to file the motion to strike the SAC, to consolidate and coordinate the briefing with other motions and defendants, and to respond to Welk's attempt to file improper additional materials without permission. (Shaughnessy Dec., ¶ 10-16; NOL, Exs. B-C, Fees Spreadsheets.) In addition, SGB provides proof of the costs

/ / /

---

[1] Where necessary to protect attorney-client confidentiality, the narrative description of certain time entries have been redacted. (Shaughnessy Dec., ¶ 15.)

incurred in connection with the motion. (*Ibid.*; and see NOL, Ex. D, Costs Spreadsheet.)

The following table summarizes the attorneys' fees sought by SGB in this motion, for the underlying anti-SLAPP motion and this motion to recover reasonable fees and costs. The hours set forth below are supported by the accompanying detailed time entries contained on the Fees Spreadsheets, (NOL, Ex. B-C, Fees Spreadsheets), and the accompanying attorney declaration. (Shaughnessy Dec., ¶¶ 10-16.) The table sets forth, by attorney, the number of hours spent to obtain the complete victory of an order striking the Welk plaintiffs' claims against SGB and dismissing them without leave to amend. It also sets forth the reasonable market rate of each attorney that worked on the anti-SLAPP motion.

| Attorney | Hours | Reasonable Rate | Amount |
|---|---|---|---|
| Heather L. Rosing | 10.30 | $450 | $4,635.00 |
| Robert M. Shaughnessy | 186.7 | $450 | $84,015.00 |
| Gregor A. Hensrude | 18.50 | $450 | $8,325.00 |
| Total Hours x Rate | 215.5 | $450 | $96,975.00 |
| Lodestar "multiplier" | | 1.5 | $145,462.50 |
| Fees for this motion to recover fees | 55 | $450 | $24,750 |
| Total Fees Requested | | | **$170,212.50** |

The table also includes a lodestar multiplier of 1.5, by which the court should increase the fees recovered by SGB. Here, the reckless manner in which Welk pressed its claim that SGB did not really represent Welk timeshare owners, when such a claim was demonstrably unsupportable, warrants strong consideration. Certainly, this factor should be considered in connection with the lodestar factors, which include the novelty and difficulty of the questions involved, and the skill displayed in addressing them. (*Ketchum, supra,* 24 Cal.4th at 1122.) An increase of

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

fees by a positive multiplier of 1.5 would also further the anti-SLAPP law's policies of both preventing meritless litigation filed for no legitimate purpose except to harass and harm SLAPP defendants, and imposing the costs of litigation on the SLAPP plaintiff who sought to chill SGB's valid exercise of constitutional rights on behalf of consumer clients. (*Id.* at 1131 (Section 425.16 permits use of the lodestar adjustment method).)

> ### 1. The time spent by SGB's attorneys on the successful anti-SLAPP motion was reasonable and necessary given the complexity of the issues raised in the anti-SLAPP motion

The anti-SLAPP statute is "intended to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal.App.4th 15, 22 (Ct. App. 2006).) In this regard, the number of hours reasonably expended on a matter includes time spent drafting and revising pleadings, meeting with clients, interviewing witnesses, taking depositions, communicating with clients and other counsel, and preparing the case on the issue of section 425.16. (*Hensley*, *supra*, 461 U.S. 424, 430 (1983); *Serrano, supra,* 20 Cal.3d at 48-49; *Citizens Against Rent Control v. City of Berkeley,* 181 Cal.App.3d 213, 233 (1986).) As the detailed itemization of the tasks performed, along with the time spent by each lawyer on the tasks establishes, all time requested through this motion is reasonable. (NOL, Ex. B-C, Fees Spreadsheets.)

> #### a. SGB's anti-SLAPP Motion raised complex issues against a complicated factual background

SGB's anti-SLAPP motion addressed a very complicated set of facts arising against the background of the timeshare industry, and its attempts to beat down those who assist timeshare owners in their attempts to terminate their timeshare

interests. (Shaughnessy Dec., ¶ 5.) Welk's actions were a deliberate and willful targeting of SGB and its attorneys because they were providing legal services for such individuals. (*Id.*) Detailed evidence of SGB's successful legal services was marshalled and presented, along with evidence of Welk's egregious timeshare sales tactics. (*Id.*) Much time was required to investigate the facts, gather useful documents, draft declarations, and prepare a proper notice of lodgment and request for judicial notice. (*Id.*)

In addition, SGB's anti-SLAPP motion addressed complicated legal issues including the constitutionally protected right to petition on behalf of consumer client, like the Welk timeshare owners, which is protected activity under the first step of the anti-SLAPP law. (Shaughnessy Dec., ¶ 6.) The motion also addressed issues surrounding the attorney-client relationship and the often complicated set of duties and responsibilities arising from such. (*Id.*) It addressed application of the litigation privilege, as well as the attorney-client privilege and the policies discouraging lawsuits such as Welk's as described in *McDermott, Will & Emery v. Sup. Ct.,* 83 Cal.App.4th 378, 384 (2000), and *Rubin v. Green,* 4 Cal.4th 1187, 1194 (1993). (*Id.*) SGB's motion also addressed the applicability of the agent's immunity rule. (*Id.*) And it addressed arguments as to why Welk could not proceed with a damages action against SGB under California's UCL. (*Id.*) Many hours of legal analysis were required to consider the pleadings, prepare and draft the legal arguments, coordinate with defense counsel as required by local rule, and to then reply to Welk's opposition. (*Id.*)

The time incurred was also reasonable given the size and thoroughness of the motion and its supporting documents. The final set of moving papers amounted to 325 pages of materials, including the motion and notice of motion, a 25-page memorandum of points and authorities, an attorney declaration, the declaration of SGB attorney Thomas Breen, a joint request for judicial notice containing Exhibits

/ / /

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

A through R, and a notice of lodgment of exhibits containing exhibits S through Z. (Shaughnessy Dec., ¶ 4.)

Finally, as can be seen from the numerous pages of factual discussion and legal analysis contained in the court's ruling granting the anti-SLAPP motion, there is simply no reasonable argument against the conclusion that SGB's anti-SLAPP motion was complex, required the number of hours spent by SGB's defense counsel to draft, and ultimately proved successful. (Doc. 80, pp. 4-17.)

> **b.**   Time spent on tasks that overlapped with the 12(b) motion were inexplicably intertwined and should be recovered in full

The exhibits detailing the time spent in connection with SGB's anti-SLAPP motion only include entries that concern the anti-SLAPP motion. Time entries with no relation to the anti-SLAPP motion, including time spent solely on preparing SGB's concurrent 12(b) motion to dismiss are not included in SGB's fees request. (Shaughnessy Dec., ¶ 14.) But there some included entries do reference both the anti-SLAPP motion and the 12(b) motion to dismiss. (*Id.*) These entries remain part of the calculation because the work performed was so inextricably intertwined that it should properly be recovered by SGB under section 425.16(c). (*Id.*)

This Court addressed a similar issue in *Kearney*, *supra*, 553 F.Supp.2d at 1183, where defense attorneys prevailed on an anti-SLAPP motion directed to state law claims, and a 12(b) motion addressing federal claims. There, defendants claimed that full recovery was proper because the factual basis and the legal arguments in support of their arguments were inextricably intertwined. "[A]ll of plaintiff's claims involve a common core of facts and are based on related legal theories, all the fees in preparing the motion to strike and to dismiss should be recoverable because they were 'in connection with' the motion to strike and were 'necessary to prevail.'" (*Kearney*, *supra*, 553 F.Supp.2d at 1183, citing *Metabolife Int'l*, *supra*, 213 F.Supp.2d at 1221-1224.) The court in *Kearney* awarded defendants all of their fees incurred in connection with the anti-SLAPP motion.

Here, although some of the billing entries relate to work that benefited the anti-SLAPP motion, and the 12(b) motion, those fees are recoverable in full not only because they were incurred in connection with the anti-SLAPP motion, and were necessary to its outcome, but doing so furthers the policy of allowing a SLAPP defendant to be made whole upon achieving the dismissal of a meritless SLAPP action. All of the 215.5 hours of time set forth and explained thoroughly in the accompanying exhibits, (NOL, Ex. B-C, Fees Spreadsheets), was time reasonably incurred in connection with SGB's motion.

### 2. An hourly rate of $450 for Klinedinst's attorneys falls well within the market rate for San Diego business litigation counsel

As a preliminary matter, the Southern District of California has, in cases reaching back over a decade, found that hourly rates in the $450 range are reasonable hourly rates for anti-SLAPP attorneys' fees. *Ten years ago*, the court found that Klinedinst's shareholder hourly rates of $425 were reasonable. (*Fleming v. Coverstone,* 2009 U.S. Dist. LEXIS 22083, 2009 WL 764940 at *7 (S.D. Cal. 2009).) In *Fleming*, plaintiff sued defendant for breach of contract, defamation, and civil extortion related to a dispute over the purchase of a patent. (*Id.* at *1-2.) Fleming required two anti-SLAPP motions. When Coverstone filed his first anti-SLAPP motion, plaintiff was given leave to amend his complaint and dropped his defamation claim. Defendant then refiled his anti-SLAPP motion to the extortion cause of action. The Court found that plaintiff did not establish a probability of prevailing on his extortion claim. (*Id.*, at pp. *6-15.) The court awarded defendant his attorney's fees for both motions, finding reasonable rates of $425 for shareholders. (*Id.*, at *15-18 (discussing reasonableness of rates); *Fleming v. Coverstone,* 2009 U.S. Dist. LEXIS 53825 *9-16 (S.D. Cal., June 25, 2009) (awarding fees on second motion).)

Several other cases discussing awards of anti-SLAPP fees provide guidance. In *May v. Brunton,* 2014 U.S. Dist. LEXIS 159889 *31, and fn. 4 (S.D. Cal. Nov.

13, 2014), hourly rates of $450 were awarded to a successful plaintiff in an action against her landlord for discrimination. In *Ravet v. Stern,* 2010 U.S. Dist. LEXIS 79589, *15-16 (S.D. Cal. 2010), this Court awarded a rate of $350 an hour for attorney work in bringing a *partially*-successful anti-SLAPP motion. And eleven years ago, in *Cornwell v. Belton,* 2008 U.S. Dist. LEXIS 907, 2008 WL 80724 (S.D. Cal. 2008), this Court awarded attorney's fees pursuant to section 425.16(c) at $400 an hour for lead counsel and partner in the firm, $350 for appellate and law and motion counsel, and $250 for associates. In *Braden v. BH Fin. Servs.,* 2014 U.S. Dist. LEXIS 28153 (N.D. Cal. Mar. 4, 2014), the Northern District awarded attorneys' fees at rates of $610 for partners and $310 for an attorney who had been practicing for eight years. And in *Mordechai Orian v. Fed'n Int'l des Droits de L'Homme,* 2012 U.S. Dist. LEXIS 39298 (C.D. Cal. Mar. 22, 2012), the Central district awarded attorneys' fees at hourly rates ranging from $395 to $900. Finally, in *Dalidio Family Trust, supra,* 2009 U.S. App. LEXIS 29530, *5, the Ninth Circuit awarded attorneys' fees at hourly rates of $595 and $470 for work in 2008, and $615 and $505 for work in 2009, regarding an anti-SLAPP motion.

In addition to case authority recognizing market rates near and sometimes well above $400 for shareholder attorneys, counsel for SGB brought a particularly high level of experience and expertise to this case, warranting a reasonable hourly rate of $450, based on their collective 63 years of knowledge, training, and experience regarding the procedural and substantive law surrounding SLAPP cases, and cases raising issues of attorney misconduct.

### a.    Heather L. Rosing

Lead counsel Heather L. Rosing has practiced law in San Diego for almost 23 years. (Shaughnessy Dec., ¶¶ 26-28, NOL, Ex. F.) She is a Klinedinst shareholder, and the chair of the firm's professional liability department. (*Id.*) She is a certified specialist in legal malpractice law. (*Id.*) In 2014, Southern California Super Lawyers ranked Ms. Rosing number one for all attorneys in San Diego

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

County. (*Id.*) She was recognized as "Best of the Bar" by the San Diego Business Journal in 2014 and 2016. (*Id.*) Ms. Rosing has been featured in the San Diego Super Lawyers publication (2008-2013) and Southern California Super Lawyers (2014-2015). (*Id.*) San Diego Super Lawyers has also named Ms. Rosing in its lists of the "Top 3 Super Lawyers of San Diego" (2013 and 2015), "Top 10 San Diego Super Lawyers" (2013), "Top 25 Women Super Lawyers" (2009-2013, 2015-2019), and "Top 50 San Diego Super Lawyers" (2010-2019.) (*Id.*) Ms. Rosing has been rated AV®-Preeminent™ by Martindale-Hubbell since 2000. (*Id.*) In addition to the above, Ms. Rosing currently serves as the president of the California Lawyers Association. Given the market for legal services in San Diego County, an hourly rate of just $450 for Ms. Rosing is quite reasonable. (*Id.*)

### b.  Robert M. Shaughnessy

Mr. Shaughnessy also warrants a reasonable hourly rate of $450. He has been practicing business litigation and appellate law in San Diego for nearly 25 years. (Shaughnessy Dec., ¶¶ 20-25; NOL, Ex. E.) Formerly a shareholder of Duckor Spradling Metzger & Wynne, he is now a Klinedinst shareholder. (*Id.*) He chairs Klinedinst's appellate practice department. (*Id.*) He has decades of business litigation experience, including years of experience with anti-SLAPP motions. (*Id.*) His role as appellate counsel specifically includes researching, drafting, and arguing complex law and motion matters where a writ petition or an appeal is likely to arise. (*Id.*) Anti-SLAPP motions present this situation because orders granting or denying anti-SLAPP motions are directly appealable under California law, (Cal. Code Civ. Proc. § 904.1(a)(13)), and orders denying anti-SLAPP motions are directly appealable under federal law. (*Barnes v. Sea Haw Rafting, LLC,* 889 F.3d 517, 527 (9th Cir. 2018).) Mr. Shaughnessy is the immediate past Chair of the San Diego County Bar Association's Appellate Practice Section. He is a founding member of the San Diego Appellate Inn of Court, a recognized "San Diego Super Lawyer" for appellate practice in 2019, and he enjoys an AV®-

- 13 -

1    Preeminent™ rating with Martindale-Hubbell. An hourly rate of $450 for Mr.

2    Shaughnessy is reasonable. (*Id.*)

3              **c.**    Gregor A. Hensrude

4          Mr. Hensrude is also a Klinedinst shareholder. (Shaughnessy Dec., ¶¶ 29-30;

5    NOL, Ex. G.) He received his Juris Doctorate from the University of Washington

6    School of Law in 2003, and his Bachelor of Arts degree from Western Washington

7    University in 2000. (*Id.*) Mr. Hensrude is admitted to practice in the states of

8    California and Washington, as well as the District of Columbia. (*Id.*) He has

9    practiced continuously since his admission in 2003, and currently serves as the

10   managing shareholder of Klinedinst's Seattle office. (*Id*) He splits his multi-

11   jurisdictional practice between business litigation and business transactions work.

12   (*Id.*) Mr. Hensrude is an accomplished trial and transactions attorney with an

13   extensive practice. (*Id.*) Like Ms. Rosing and Mr. Shaughnessy, Mr. Hensrude

14   reasonably could charge an hourly rate of $450 for his services in San Diego

15   litigation matters. (*Id.* at ¶ 31.)

16             **d.**    The discounted rate charged to SGB's insurer should not be the
17                      measure of a reasonable market rate

18         The billing rates charged for work on SGB's anti-SLAPP motions were $240

19   for shareholders including Ms. Rosing and Mr. Hensrude, and $230 per hour for

20   then Senior Counsel Mr. Shaughnessy (NOL, Ex. B and C.) These rates reflected a

21   significant volume-based discount arising from the firm's relationship with SGB's

22   insurance carrier. (Shaughnessy Dec., ¶¶ 22-25, 28, and 31.) These rates are far

23   below the prevailing market rates for similar work in the San Diego community.

24   (*Id.*) SGB is entitled to recover fees at the prevailing market rate, even though

25   Klinedinst charged them at a substantially discounted rate.

26         The California Supreme Court has repeatedly held that under the lodestar

27   method, an attorney is entitled to be compensated at hourly rates that reflect the

28   prevailing market rate for like services in the community. (*Serrano, supra*, 20

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

- 14 -

Cal.3d at 48-49; *Ketchum, supra,* 24 Cal.4th at 1131; PCLM Group, Inc., *supra*, 22 Cal.4th at 1084.) "This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel." (*Chacon v. Litke,* 181 Cal.App.4th 1234, 1260 (Cal. Ct. App. 2010); see also *Center for Biological Diversity v. County of San Bernardino,* 188 Cal.App.4th 603, 619 (Cal. Ct. App. 2010) (affirming award based on prevailing market rate, even though firm accepted reduced rates).)

Allowing SGB to recover at the prevailing market rate furthers the remedial purpose of the anti-SLAPP statute, by encouraging attorneys to make their services more widely available in cases where a defendant's constitutionally-protected rights are challenged. Using the prevailing market rate also discourages more SLAPP lawsuits by Welk and similar entities, and ensures that a prevailing defendant's attorneys are fully compensated for the value of their time.

### 3.   SGB is entitled to recover the fees incurred for filing this motion

In addition to the fees incurred in connection with the anti-SLAPP motion, SGB is entitled to be compensated for the additional fees related to obtaining the fee award, specifically, the fees related to this motion. (*Serrano*, *supra*, 32 Cal. 3d at 624; *Ketchum*, *supra*, 24 Cal. 4th at 1141).) In preparing this motion, SGB's attorneys have spent no less than 45 hours reviewing and redacting billings, researching the applicable law, preparing and redacting detailed exhibits, drafting the accompanying declaration, and preparing this notice, motion, and memorandum.  An additional 10 hours of time is anticipated for reviewing Welk's opposition papers and preparing the reply brief. (Shaughnessy Dec., ¶ 33.) At the same hourly rate of $450, SGB should recover additional attorneys' fees of $24,750 for the costs associated with this fees motion. Failure to allow this additional recovery will leave SGB uncompensated for part of its cost of defense, and will instead result in giving Welk the outcome it sought when it filed this

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

KLINEDINST PC
501 WEST BROADWAY, SUITE 600
SAN DIEGO, CALIFORNIA 92101

SLAPP action—the ability to inflict unwarranted financial harm upon SGB for exercising its constitutional rights. Such an outcome would only encourage Welk, and others like it, to continue prosecuting meritless SLAPP claims.

### 4.    SGB is entitled to recover costs in connection with the anti-SLAPP motion

As set forth in the accompanying Exhibit D, costs incurred in connection with SGB's anti-SLAPP motion include only de minimis costs related to obtaining copies of court documents used as exhibits, minimal copy costs, and costs related to the e-filing and service. (NOL, Ex. D, Costs Spreadsheet.) The costs amount to only $183.62.

### IV.
### CONCLUSION

SGB prevailed completely on its anti-SLAPP motion and is entitled to recover reasonable attorney fees at the market rate for the time spent by counsel preparing the motion, in addition to costs of $183.62. Under the lodestar analysis, those fees amount to $170,212.50 in connection with the underlying motion, and this motion to recover fees and costs. Recovery of fees in the requested amount will further the purposes underlying the anti-SLAPP motion, and will deter similar misconduct by Welk and other defendants in the future, by making SGB whole after affirmatively defeating a meritless SLAPP action.

KLINEDINST PC

DATED: April 1, 2019          By:  /s/Robert M. Shaugnessy
                                    Heather L. Rosing
                                    Gregor A. Hensrude
                                    Robert M. Shaughnessy
                                    Attorneys for Defendant
                                    SCHROETER GOLDMARK &
                                    BENDER, P.S.

17568992v1