Gabriel G. Hedrick (Bar No. 220649)
gabriel.hedrick@gmlaw.com
GREENSPOON MARDER LLP
One Columbia Place
401 West A Street, Suite 1150
San Diego, California 92101
Tel: (619) 544-6400

Richard W. Epstein (*Pro Hac Vice*)
richard.epstein@gmlaw.com
Jeffrey A. Backman (*Pro Hac Vice*)
jeffrey.backman@gmlaw.com
Eliot New (*Pro Hac Vice*)
eliot.new@gmlaw.com
GREENSPOON MARDER LLP
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120

Attorneys for Plaintiffs
WELK RESORT GROUP, INC. and
WELK RESORTS PLATINUM OWNERS ASSOCIATION

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELK RESORT GROUP, INC., a California corporation; and WELK RESORTS PLATINUM OWNERS ASSOCIATION, a California non-profit corporation,<br><br>        Plaintiffs,<br><br>     v.<br><br>REED HEIN & ASSOCIATES, LLC dba TIMESHARE EXIT TEAM, a Washington limited liability company; SCHROETER GOLDMARK & BENDER, P.S., a Washington professional corporation; and KEN B. PRIVETT, PLC, an Oklahoma limited liability company,<br><br>        Defendants. | Case No. 3:17-cv-01499-L-AGS<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT SCHROETER GOLDMARK AND BENDER'S MOTION FOR ATTORNEYS' FEES AND COSTS AS PREVAILING PARTIES**<br><br>Date:     May 6, 2019<br>Time:    10:30 a.m.<br>Ctrm:    5B<br>Judge:   Hon. M. James Lorenz |

# TABLE OF CONTENTS

I.      SUMMARY OF ARGUMENT ................................................................... 1

II.     LEGAL STANDARD................................................................................ 1

III.    THE PROXIMITY IN TIME BETWEEN THE SUPERIOR COURT LAWSUITS
        AND THE INSTANT ACTION WAS PURELY COINCIDENTAL AND IS
        IRRELEVANT TO THE PRESENT MOTION ................................................ 2

IV.     SGB'S PURPORTED FEES ARE PATENTLY UNREASONABLE AND NOT
        ADEQUATELY SUPPORTED.................................................................... 3

        A.      SGB'S PROPOSED FEE RATE AND LODESTAR MULTIPLIER ARE
                WHOLLY UNJUSTIFIED AND WOULD RESULT IN UNFAIR
                TRIPLE COMPENSATION.............................................................. 3

                1.      SGB Is Not Entitled To Any Fee Enhancement ......................... 4

                2.      SGB Has Failed To Meet Its Burden Of Establishing That
                        $450/hour Is The Prevailing Rate For Comparable Legal Services
                        In The Community ..................................................................... 7

        B.      THE HOURS PURPORTEDLY EXPENDED BY SGB ARE
                EXCESSIVE................................................................................ 11

        C.      ANY FEE AWARD SHOULD NOT INCLUDE FEES CAUSED BY
                SGB'S FAILURE TO COMPLY WITH LOCAL RULES AND THE
                COURT'S STANDING ORDER ...................................................... 13

        D.      FEES RELATED TO MATTERS UNRELATED AND/OR
                UNNECESSARY TO SGB'S MOTIONS TO STRIKE SHOULD BE
                DEDUCTED FROM THE LODESTAR AMOUNT ............................ 14

        E.      MANY OF SGB'S FEE DESCRIPTIONS ARE INSOLUABLY VAGUE........ 15

V.      CONCLUSION....................................................................................... 16

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal.App.5th 426 (2016) ................................................................................................................... 8, 9

*Blum v. Stenson,* 465 U.S. 886 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ........................... 7

*Braden v. BH Financial Services*, 2014 WL 892897 (N.D.Cal. 2014).................................... 10

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 2005 U.S. Dist. LEXIS 11028, at *17 (C.D. Cal. 2005) ................................................................................................................. 7

*Chalmers v. City of Los Angeles,* 796 F.2d 1205 (9th Cir.1986) ..................................... 2

*Christie v. Lester*, 2015 WL 13439821, *3 (C.D.Cal. June 15, 2015) ............................... 12

*Church of Scientology of California v. Wollersheim,* 42 Cal.App.4th 628 (1996)................. 2

*Cornwell v. Belton*, 2008 WL 80724 (S.D.Cal. 2008) ......................................................... 10

*Coulter v. Murrell,* 2010 WL 2775627 (S.D.Cal.2010)....................................................... 2

*Crowe v. Gogineni,* 2014 WL 130488, *5 (E.D.Cal. Jan. 13, 2014) .................................. 12

*Dalidio Family Trust v. San Luis Obispo Downtown Association*, 2009 U.S. App. LEXIS 29530 (9th Cir. 2009) ......................................................................................... 11

*Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,* 47 Cal.App.4th 777 (1996) ................ 1

*El Escorial Owners' Assn. v. DLC Plastering, Inc.*, 154 Cal.App.4th 1337 (2007)............. 9

*Elser v. I.A.M. Nat. Pension Fund*, 579 F.Supp. 1375 (C.D.Cal. 1984) ........................... 8

*eMove Inc. v. SMD Software Inc.*, 2012 WL 4856276, *8 (D.Ariz. 2012)........................ 13

*Fleming v. Coverstone*, 2009 WL 764940 (S.D.Cal. 2009)................................................ 10

*Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) .................. 2, 11

*Ketchum v. Moses*, 24 Cal. 4th 1122 (2001) ...................................................................... 4

*Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, 2014 WL 5698448, *4 (E.D.Cal. Nov. 4, 2014) ..................................................................................... 11, 12

*Macias v. Hartwell*, 55 Cal.App.4th 669 (1997).............................................................. 2

*Maldonado v. Lehman*, 811 F.2d 1341 (9th Cir. 1987) .................................................. 8

-iii-

*Maughan v. Google Technology, Inc.*, 143 Cal. App. 4th 1242 (2006)...................................... 11, 12

*May v. Brunton*, 2014 WL 6086255 (S.D.Cal. 2014) ...................................................... 10

*McCown v. City of Fontana*, 565 F.3d 1097 (9th Cir. 2009) ............................................. 11

*Metabolife Int'l, Inc. v. Wornick,* 213 F.Supp.2d 1220 (S.D.Cal.2002) .............................. 2

*Moore v. James H. Matthews & Co.*, 682 F.2d 830 (9th Cir. 1982)...................................... 8

*Moreau v. Daily Indep.*, 2013 WL 796621, *2 (E.D.Cal. Mar.4, 2013)................................ 12

*Open Source Security, Inc. v. Perens*, 2018 WL 2762637, *7 (N.D.Cal. June 9, 2018) .............. 6

*Orian v. Federation Intern. Des Droits de L'Homme*, 2012 WL 994643 (C.D.Cal. 2012) ......... 10

*Pennsylvania v. Delaware Valley Citizens Council,* 478 U.S. 546 (1987) ............................. 7

*Platypus Wear, Inc. v. Goldberg,* 166 Cal.App.4th 772, 83 Cal.Rptr.3d 95 (2008).................... 2

*Plevin v. City & Cnty. of S.F.,* 2013 WL 2153660, *8 (N.D.Cal. May 16, 2013) ...................... 12

*Ravet v. Stern,* 2010 WL 3076290 (S.D.Cal. 2010).......................................................... 10

*Robertson v. Rodriguez,* 36 Cal.App.4th 347 (1995)........................................................ 1

*Ryan v. Editions Limited West, Inc.*, 2016 WL 233093 (N.D.Cal. Jan. 19, 2016)...................... 4

*S.B. Beach Props. v. Berti,* 39 Cal.4th 374, 46 Cal.Rptr.3d 380, 138 P.3d 713 (2006).................. 2

*Smith v. Payne,* 2013 WL 1615850, at *3 (N.D.Cal. April 15, 2013) .................................... 12

*United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403 (9th Cir.1990)...................... 7

*Wilkerson v. Sullivan,* 99 Cal.App.4th 443 (2002) .......................................................... 2

**STATUTES**

California Code of Civil Procedure Section 425.16 ............................................................. 1, 15

Plaintiffs Welk Resort Group, Inc. and the Welk Resorts Platinum Owners Association (collectively, "Plaintiffs" or "Welk") hereby oppose the Motion by Defendant Schroeter Goldmark and Bender ("SGB") for Attorneys' Fees and Costs as follows:

## I.  SUMMARY OF ARGUMENT

By its motion, SGB seeks an unconscionable tripling of the fees it was actually charged by counsel.  SGB provides absolutely no adequate justification for such an outrageous demand aside from a self-serving, conclusory declaration from its own counsel and inapposite case law.  On top of that, SGB seeks fees for over 270 hours of alleged time billed by its attorneys related to largely duplicative motions that SGB had previously described as "textbook."  SGB further had the nerve to include time billed due to counsel's own carelessness in failing to comply with this Court's Civil Standing Order.  Finally, SGB's billing summaries include time billed for activities that are either vaguely described, insufficiently related to the subject anti-SLAPP motions, or otherwise unnecessary, including time billed for preparation of a reply on an unopposed motion.  SGB's fee motion represents a thinly-veiled attempt to unjustifiably maximize its fee recovery with insufficient legal and factual support.  Welk therefore respectfully requests that the Court adjust the lodestar amount accordingly as set forth in more detail below and that it decline to apply any fee enhancement.

## II.  LEGAL STANDARD

An award of attorney fees and costs under California's anti-SLAPP statute must be reasonable. Cal. Code of Civ. Pro. ("CCP") § 425.16.  The Court has broad discretion in determining the reasonable amount of attorney fees and costs to award to a prevailing defendant.  *See Dove Audio, Inc. v. Rosenfeld, Meyer & Susman,* 47 Cal.App.4[th] 777, 785 (1996) (citing *Robertson v. Rodriguez,* 36 Cal.App.4[th] 347, 362 (1995)).  "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors

-1-

as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. [Citation.]" *Wilkerson v. Sullivan,* 99 Cal.App.4th 443, 448 (2002). The Court must have "substantial evidence" to support the fee award. *Macias v. Hartwell,* 55 Cal.App.4th 669, 676 (1997) (citing *Church of Scientology of California v. Wollersheim,* 42 Cal.App.4th 628, 658–59 (1996).

SGB "bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles,* 796 F.2d 1205, 1210 (9th Cir.1986). An attorney fee award should be reduced if claimed hours are "excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Generally, the award of attorneys' fees pursuant to an anti-SLAPP motion is limited to the reasonable fees incurred during the course of or in connection with the anti-SLAPP proceeding, not the entire action. *S.B. Beach Props. v. Berti,* 39 Cal.4th 374, 381, 46 Cal.Rptr.3d 380, 138 P.3d 713 (2006); *Platypus Wear, Inc. v. Goldberg,* 166 Cal.App.4th 772, 83 Cal.Rptr.3d 95 (2008); *see also Metabolife Int'l, Inc. v. Wornick,* 213 F.Supp.2d 1220, 1221–24 (S.D.Cal.2002); *Coulter v. Murrell,* 2010 WL 2775627 (S.D.Cal.2010) (denying fees incurred in bringing a motion to dismiss where "the motion and the anti-SLAPP motion were not 'inextricably intertwined' and did not share any common legal or factual issues").

### III. THE PROXIMITY IN TIME BETWEEN THE SUPERIOR COURT LAWSUITS AND THE INSTANT ACTION WAS PURELY COINCIDENTAL AND IS IRRELEVANT TO THE PRESENT MOTION

SGB asserts that "[f]or purposes of this motion it is sufficient to note that Welk filed its complaint in this case two business days after SGB filed three lawsuits in the San Diego Superior Court on behalf of their consumer clients." (Motion at p. 2.) First, contrary to SGB's suggestion, this fact, even if true, is entirely irrelevant to the Court's determination of whether counsel's purported fees

are reasonable and adequately supported, which are the only issues properly before this Court on SGB's motion.

Second, to the extent the Court determines that this fact is relevant, the timing of the parties' respective actions is purely coincidence. In fact, Welk had been investigating and preparing the initial complaint in this matter for months prior to its filing and certainly long before SGB filed the three referenced State court lawsuits. Welk was not even aware of the referenced lawsuits as they had not been served with copies of those complaints at the time the complaint in this matter was filed. (*See, e.g.*, Ex. A to Declaration of Gabriel G. Hedrick ("Hedrick Decl.") filed herewith.) SGB apparently raises this issue to relitigate a motion that it has already won in a disingenuous attempt to persuade the Court to grant its exorbitant attorney's fee request. The implication is that Welk's complaint in this matter amounted to some sort of gamesmanship,[1] but SGB's misguided arguments have no bearing on the ultimate issues this Court must determine on this motion for fees and costs—i.e., whether the fees are reasonable and adequately supported.

## IV. SGB'S PURPORTED FEES ARE PATENTLY UNREASONABLE AND NOT ADEQUATELY SUPPORTED

### A. SGB'S PROPOSED FEE RATE AND LODESTAR MULTIPLIER ARE WHOLLY UNJUSTIFIED AND WOULD RESULT IN UNFAIR TRIPLE COMPENSATION

SGB asks the Court to apply two sets of multipliers. First, SGB seeks an almost-doubling of the actual hourly rates charged by and paid to its counsel, from $230/$240 per hour to $450 per hour. (*See* ECF No. 84-3 at pp. 44-72 (reflecting actual billed rates).) Second, SGB asks the Court to enhance its total attorney's fees award by 50% by applying a multiple of 1.5%, which would increase the

---

[1] This is not so. Welk's complaint was investigated and prepared well in advance of the filing and service of the referenced complaints, which were not even filed by SGB. Further, at least one other Court has allowed claims nearly identical to those asserted by Welk to proceed against SGB, in addition to finding that SGB did not even have an attorney-client relationship with the timeshare owners referred to it by TET. (*See* Ex B; Ex. C to Hedrick Decl.)

effective hourly rate from \$230 to \$675. As a result, although SGB has allegedly been invoiced to-date for a total of only \$49,276.00 in attorneys' fees (*see* ECF No. 84-3 at p. 72),[2] it seeks recovery of attorney's fees of more than triple the amount it was actually billed (*see* Motion at p. 7:12-20). This is not only unreasonable and punitive, it is offensive. *See Ryan v. Editions Limited West, Inc.*, 2016 WL 233093 (N.D.Cal. Jan. 19, 2016) ("the court finds that the reasonable hourly rate it applied already compensates De Liberty for his risk of nonpayment [due to contingency fee agreement]. Using a multiplier thus would result in unfair double compensation.")

## 1. SGB Is Not Entitled To Any Fee Enhancement

"[T]he party seeking a fee enhancement bears the burden of proof." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1138 (2001). "[T]he trial court is not *required* to include a fee enhancement to the basic lodestar figure for contingent risk, exceptional skill, or other factors, although it retains discretion to do so in the appropriate case." *Id.* In determining whether to award a fee enhancement, the California Supreme Court has cautioned against considering factors that are "already encompassed in the lodestar." *Id.* Specifically, the California Supreme Court holds:

> [A] trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of

---

[2] Notably, the "Billed Fees" documentation provided by SGB (*see* ECF No. 84-3 at Ex. B) only reflects billings of 213 hours for \$49,276 in fees. However, SGB's motion asserts that it spent 215.5 hours on matters it alleges were related to the anti-SLAPP motion plus another 55 hours in preparing the present motion for fees and costs. While Plaintiffs understand that it can be difficult or impossible to submit detailed records of work that has not yet been billed, unless and until SGB presents evidence in support this additional 57.5 hours aside from its conclusory summary description of work performed and expected to be performed in relation to the motion for fees (*see* Shaughnessy Decl. (ECF No. 84-2) at ¶33), there is no way for Welk or the Court to determine whether these hours were reasonable. To that extent, SGB has failed to meet its burden and, at minimum, these unsupported fees should be denied. *Chalmers*, *supra*, 796 F.2d at 1210 (prevailing party "bears the burden of submitting detailed time records justifying the hours claimed to have been expended").

comparable skill and experience billing at the hourly rate used in the lodestar calculation. Otherwise, the fee award will result in unfair double counting and be unreasonable.

*Id.* at 1139.

With respect to the proposed multiplier, SGB argues that its anti-SLAPP motion raised complex issues against a complicated factual background. (Motion at 8:24-10:7.) First, the California Supreme Court holds that these factors are already encompassed within the lodestar. *See Ketchum*, *supra*, 24 Cal. 4th at 1138-1139 ("for the most part, the difficulty of a legal question and the quality of representation are already encompassed in the lodestar. A more difficult legal question typically requires more attorney hours, and a more skillful and experienced attorney will command a higher hourly rate.)

Second, SGB's assertion is not true. SGB argues that that it spent "[m]uch time … to investigate the facts, gather useful documents, draft declarations, and prepare a proper notice of lodgment and request for judicial notice." (*Id.* at 9:3-7.) However, this is true with respect to any motion. SGB further summarily asserts that its anti-SLAPP motion "addressed complicated legal issues," including the constitutional right to petition the court, issues surrounding the attorney-client relationship, the application of the litigation privilege and public policy in favor of discouraging SLAPP lawsuits, applicability of the agent's immunity rule, and the legal merits of Welk's damages claims. (*Id.* at 9:8-22.) These factors do not render SGB's motion complex by any means or suggest that the issues were novel or difficult. Indeed, in its anti-SLAPP motion, SGB claimed that "[t]his lawsuit represents a ***transparent and patently prohibited*** attempt by Welk to deter SGB from representing its clients in protected litigation and associated pre-litigation activity against Welk" and is a "***textbook*** SLAPP suit" (ECF No. 64-1 at 1:10-12 and 15:3-5, emphasis added.) While Welk clearly disagrees with SGB's ultimate conclusions, it is simply outrageous for SGB to now claim that the issues underlying its motion were complex where it had previously argued that the issues

were "transparent and patent" and "textbook." *See Open Source Security, Inc. v. Perens*, 2018 WL 2762637, *7 (N.D.Cal. June 9, 2018) ("The issues in the motions were not complex, and the legal analysis turned on well-established case law. Defense counsel did a good job, but that doesn't mean that the case itself required extraordinary skill or expertise warranting a multiplier.")

SGB's reliance on the total number of pages of its moving papers also does not justify a fee enhancement. While SGB boasts that the total number of pages submitted on its motion amounted to 325 pages (*id.* at 9:23-10:2), the vast bulk of these pages are made up primarily of previously-filed pleadings, docket reports, and documents that SGB presumably had already reviewed in prepared in relation to those other proceedings. (*See* ECF No. 64-4 through 64-6.) In addition, although SGB's initial memorandum of points and authorities totaled the maximum allowed number of 25 pages, only ten pages of that brief was dedicated to substantive argument. (ECF No. 64-1 at pp. 15:1-25:9.) Another ten-and-a-half pages of the motion were dedicated to "factual background" that was largely uncited to, and irrelevant to, any of the arguments discussed in the substantive portion of the motion. (*Id.* at 2:16-12:25.) Most importantly, however, the number of pages submitted on SGB's anti-SLAPP motion has no logical relationship to the complexity of the issues, particularly in light of SGB's prior assertions that this case is "textbook."

As with SGB's moving papers, the length of the Court's order granting SGB's motion has no bearing on whether this case is complex so as to justify increasing the fee award by 50%. (*See* Motion at p. 10:3-7.) In fact, SGB's assertion is deliberately misleading given that more than half of the Court's 36-page order was directed to SGB's co-defendants' motions to dismiss. (Compare ECF No. 80 at pp. 4:1-17:2 and pp. 17:3-36:4.)

Finally, SGB was not represented on a contingency basis. Counsel therefore faced no risk of not being compensated. SGB further presents no evidence that

counsel was precluded from other employment.

Based on the foregoing, SGB has failed to meet its burden of establishing any entitlement to an enhanced fee award. Indeed, if the Court were to apply a multiplier in light of the factors presented by SGB, then nearly every anti-SLAPP motion would be subject to an enhanced attorney's fee award. SGB's request for a fee enhancement must therefore be denied.

### 2. SGB Has Failed To Meet Its Burden Of Establishing That $450/hour Is The Prevailing Rate For Comparable Legal Services In The Community

To determine the reasonable hourly rate, courts are to look to the rates customarily charged for work of the type performed in the relevant legal community, the reputation and experience of the attorneys who performed the services, the quality of counsel's services on behalf of their client, the complexity of the work performed, and the results achieved. *Pennsylvania v. Delaware Valley Citizens Council,* 478 U.S. 546, 556–57 (1987). For the purposes of determining a reasonable rate, "[t]he relevant community is that where the district court sits." *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 2005 U.S. Dist. LEXIS 11028, at *17 (C.D. Cal. 2005). The burden is on the party requesting attorneys' fees to "produce satisfactory evidence." *Blum v. Stenson,* 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). In determining the reasonable hourly rate, Courts will consider "[a]ffidavits of the [movant's] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the [movant's] attorney." *United Steelworkers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir.1990).

SGB argues that this district has "found that hourly rates in the $450 range are reasonable hourly rates for anti-SLAPP attorneys' fees." (Motion at 11:11-13.) This is not exactly the legal standard. The question is not what hourly rates the Court has found reasonable in the context of an anti-SLAPP motion, but what is the prevailing rate in the community for the *type of work* for which the prevailing

party seeks an award. The inquiry is narrower than SGB asserts and requires an examination of the legal issues at play in the claims and defenses asserted. The issues at play with respect to the claims against SGB are not highly complex issues and do not require any specialized legal skill or knowledge. This case does not require, for example, specialized technical knowledge, as might be required in a patent infringement lawsuit, and does not require specific experience with an obscure area of law. On the contrary, the claims asserted against SGB are basic common law tort and California unfair competition claims. Looking at the anti-SLAPP motion issues presented, SGB already declared previously that its motion was not complex, as discussed above.

Counsel's actual billed rates, even though purportedly discounted for volume, are commensurate with the skill and expertise required to defend against Plaintiffs' claims. Further, given the non-novel legal issues at play, much of the tasks associated with the anti-SLAPP motion could have been performed by a lower level attorney at a less costly rate than that charged by counsel in this case. *See 569 East County Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal.App.5th 426, 437-438 (2016) (affirming trial court finding of reasonable hourly rate of $275/hour for San Diego attorneys in unlawful interference with prospective economic advantage case where court found most of the work performed could have been done by younger associates rather than by a senior attorney at a higher billing rate).

Courts customarily look to the rate actually billed to SGB as evidence of the prevailing rate. *See Moore v. James H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982) ("Unless counsel is working outside his or her normal area of practice, the billing-rate multiplier is, for practical reasons, usually counsel's normal billing rate"); *Maldonado v. Lehman*, 811 F.2d 1341, 1342 (9th Cir. 1987); *Elser v. I.A.M. Nat. Pension Fund*, 579 F.Supp. 1375, 1378-1379 (C.D.Cal. 1984) ("the actual rate that [the applicant] can command in the market is itself highly relevant proof of the

prevailing community rate" (internal quotations and citations omitted)). Here, SGB counsel's actual billing rates are between $230 and $240 per hour. (*See* ECF No. 84-3 at Ex. B.) This is not inconsistent with the rates allowed for similar work by San Diego counsel in *569 East County Boulevard*, *supra*, 6 Cal.App.5[th] at 438 (finding $275 to be a reasonable rate for San Diego counsel in a case, like here, involving a basic common law tort cause of action).

Notwithstanding its counsel's actual billing rates, SGB seeks recovery of attorneys' fees at a rate that is nearly double the rate actually billed in addition to a further 50% fee enhancement. *See El Escorial Owners' Assn. v. DLC Plastering, Inc.*, 154 Cal.App.4[th] 1337, 1367 (2007) (affirming trial court's reduction of hourly fees to prevailing party in breach of contract case where trial court found, in part, that "the hourly rates counsel sought were twice the amount they billed the insurance company"). SGB's request is offensive to any notion of fairness and justice. While SGB's counsel asserts that its billed rates represented a volume discount, this representation is of little value where SGB has failed to present sufficient objective evidence of what the prevailing, non-discounted rates for similar work actually are in this District. Notably, SGB provides no declarations or expert testimony from qualified, disinterested witnesses regarding what is the appropriate prevailing rate or any objective study of prevailing rates in San Diego County for the type of work involved in this case.

Instead, SGB offers the self-interested and conclusory testimony of its own counsel that a rate of $450 is reasonable "based on personal experience when setting my own hourly rate, viewing the hourly rates of my current and prior firm's shareholder attorneys with similar years of experience, and otherwise reviewing and discussing the hourly fees charged by firms engaged in, and competing for, legal work similar to the kind of work I perform." (ECF No. 84-2 at 9:23-28.) However, SGB provides no corroborating evidence – other than inapposite case law (discussed below) – of what is the actual prevailing rate in this jurisdiction for

matters similar to the case-at-bar. Counsel's self-serving, uncorroborated and conclusory declaration therefore fails to satisfy SGB's burden of proof for an audacious near-doubling of its allegedly invoiced billing rates.

The cases cited by SGB in support of its proposed lodestar rate are distinguishable. In *Fleming v. Coverstone*, 2009 WL 764940 (S.D.Cal. 2009), the hourly rates were not contested by the plaintiff in that case. *Id.* at *7. Further, unlike the motion in this case, the fees sought in *Fleming* appear to have been the rates actually billed to the client. *Id.* (referring to "the hourly rates billed by the attorneys" and the "per hour fees charged by Defendant's attorneys"). Similarly, in *May v. Brunton*, 2014 WL 6086255 (S.D.Cal. 2014), counsel's hourly rate was not disputed and the only issue before the court was the reasonableness of the hours billed. *Id.* at *3. The rates at issue in *Ravet v. Stern*, 2010 WL 3076290 (S.D.Cal. 2010) also do not appear to have been challenged and again, unlike here, were the rates actually billed. *Id.* at *5. Further, the Court in *Ravet* found the rate was justified based in part on "the complex and lengthy nature of this case." *Id.* Again, there are no such analogous conditions here. In *Cornwell v. Belton*, 2008 WL 80724 (S.D.Cal. 2008), the Court made no specific findings with respect to the subject hourly rates. *Id.* at *1-2. However, the Court in that case reduced the requested fees by nearly half. *Id.* at *2. Accordingly, this case does not support SGB's proposed hourly rate in the slightest.

The out-of-district cases cited by SGB are even more inapposite. The hourly rate established in *Braden v. BH Financial Services*, 2014 WL 892897 (N.D.Cal. 2014) related to counsel practicing in Los Angeles and Beverly Hills, not this district. *Id.* at * 6. It also, unlike this case, involved a "novel legal argument" related to Finance Lender Law. (*Id.*) Similarly, the attorneys in *Orian v. Federation Intern. Des Droits de L'Homme*, 2012 WL 994643 (C.D.Cal. 2012) also practiced in Los Angeles, California and, at least one of the attorneys had been practicing law and litigating complex cases for more than 39 years. *Id.* at *2.

*Dalidio Family Trust v. San Luis Obispo Downtown Association*, 2009 U.S. App. LEXIS 29530 (9th Cir. 2009) also involved a case pending in the Central District of California and counsel practicing in Los Angeles, California. The rulings in these cases therefore have no bearing on the prevailing rate in the Southern District of California with respect to the basic torts alleged in this case.

## B. THE HOURS PURPORTEDLY EXPENDED BY SGB ARE EXCESSIVE

To determine the reasonable hours expended in a case, the Court should exclude hours "that are excessive, redundant, or otherwise unnecessary." *McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed. 40 (1983)). Here, counsel for SGB claims to have expended over 270 hours of total attorney time in preparing its anti-SLAPP motions and this motion for fees and costs. (ECF No. 84-2 at 12:5-25.) Previous courts have found such expenditures of time to be excessive, particularly where counsel has substantial experience and/or where the anti-SLAPP motion is relatively "non-complex." *See Maughan v. Google Technology, Inc.*, 143 Cal. App. 4th 1242, 1251 (2006); *Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, 2014 WL 5698448, *4 (E.D.Cal. Nov. 4, 2014). For example, in *Maughan*, the Court of Appeal upheld a fee award where the trial court found that prevailing party's expenditure of over 200 hours of work was excessive in light of counsel's acknowledgement "that they are old hats at [anti-]SLAPP motions and experts in defamation and the CDA." (*Id.*) Similarly, here, SGB's counsel Shaughnessy, who performed the vast majority of work for which SGB now seeks reimbursement, claims "over 20 years" of experience with "complex law and motion practice," "including both drafting and opposing … various fee motions" and anti-SLAPP motions. (ECF No. 84-2 at 8:20-25, 9:3-6, 9:21-23.) Similarly, in *Lee-Tzu Lin*, *supra*, the district court found that, "[g]iven the non-complex nature of the anti-SLAPP motion, the 211.25 hours sought by

defendants is high." *Id.* at *4 (*citing Moreau v. Daily Indep.*, 2013 WL 796621, *2 (E.D.Cal. Mar.4, 2013) (anti-SLAPP motion filed against pro se plaintiff "should take no more than 40 hours" for experienced attorney); *Crowe v. Gogineni,* 2014 WL 130488, *5 (E.D.Cal. Jan. 13, 2014) (135.4 hours expended on anti-SLAPP motion unreasonable, instead awarding 75 hours); *Plevin v. City & Cnty. of S.F.,* 2013 WL 2153660, *8 (N.D.Cal. May 16, 2013) (71.5 hours of attorney time reasonable); *Smith v. Payne,* 2013 WL 1615850, at *3 (N.D.Cal. April 15, 2013) (66.5 hours reasonable); *Maughan v. Google Tech., Inc.,* 143 Cal.App.4th 1242, 1249 (2006)); *see also Christie v. Lester*, 2015 WL 13439821, *3 (C.D.Cal. June 15, 2015) (approving 60 hours as reasonable time spent on anti-SLAPP litigation and motion for fees). As with the requested fees in *Maughan, Lee-Tzu Lin, et al.*, given counsel's experience and, as discussed above, SGB's claim that its motion was "textbook," the expenditure of over 270 hours in preparing the anti-SLAPP motions and fee motion papers is objectively unreasonable.

The fact that SGB filed two separate anti-SLAPP motions does not justify the unnecessary amount of hours expended by counsel. The motions were substantively identical. While there were some new facts alleged in the second anti-SLAPP motion (ECF No. 64-1 at 9:1-12:6), these allegations had no bearing on the ultimate issues under consideration by the Court. In fact, SGB barely mentions any of the allegations contained in its 9½ page "Statement of Facts" in its "Legal Argument" and, when it does, it does so only cursorily. (*See* ECF No. 64-1 at 17:17-21; 21:1-6; 23:15-16.) Indeed, SGB's long-winded statement of facts (which is longer than their legal argument) and voluminous exhibit submissions appear to be little more than an exercise in maximizing attorney's fees for a potential fee award.

Further, the two motions addressed largely the same facts and arguments. While SGB does assert some additional facts and arguments in its second anti-SLAPP motion, the remainder of the motion and exhibits thereto is substantively

the same as its first motion. Where there are differences, these appear to be aimed at condensing the brief to make room within the page limit for the few additional facts and arguments. Accordingly, counsel's alleged expenditure of over 270 hours on its so-called "textbook" motions is *per se* unreasonable.

## C. ANY FEE AWARD SHOULD NOT INCLUDE FEES CAUSED BY SGB'S FAILURE TO COMPLY WITH LOCAL RULES AND THE COURT'S STANDING ORDER

Welk filed its Second Amended Complaint ("SAC") in this matter on October 6, 2017. (ECF No. 25.) On October 20, 2017, SGB filed a motion to strike and a separate motion to dismiss the SAC under the anti-SLAPP statute. (ECF Nos. 32, 33.) Welk opposed (ECF Nos. 46, 47) and SGB filed reply briefs in support of both motions (ECF Nos. 49, 54). On November 16, 2017, the court struck each of the pleadings in light of SGB's failure to comply with Civil Local Rule 7.1.h. and the Court's Standing Order for Civil Cases, which required SGB to brief its motion to strike and motion to dismiss in a single memorandum of points and authorities and to coordinate and consolidate its briefing with the other defendants who had also filed motions to dismiss under Rule 12(b)(6). (*See* ECF Nos. 56, 58, 59.)

The next day SGB filed an *ex parte* motion seeking leave to re-file its motions. (ECF No. 60.) The Court granted SGB's motion and ordered it to file new motions that complied with the Court's Standing Order and the Local Rules by December 4, 2017. (ECF No. 63.)

SGB now has the audacity to seek recovery of fees caused by its counsel's own carelessness. With respect to the stricken motions, SGB cannot be considered a prevailing party and should not be entitled to any award for fees billed with respect to that failed motion. *See, e.g., eMove Inc. v. SMD Software Inc.*, 2012 WL 4856276, *8 (D.Ariz. 2012) (denying award of attorney's fees related to preparation and defense of pleading that was stricken from the record). Welk submits that fees generated between the October 6, 2017 filing of the Second

Amended Complaint and the Court's November 22, 2017 order granting SGB's *ex parte* motion for leave to file a new motion to strike were related to the stricken pleading and should not be considered by the Court for any fee award granted on this motion.  Alternatively, if the Court is inclined to award fees billed during that time period, it should decline to award any fees generated *after* the Court's November 16, 2017 order striking SGB's motions.   SGB's *ex parte* motion and subsequently re-filed motion to strike were necessitated purely due to SGB's own failure to comply with the Court's Civil Standing Order and Civil Local Rule 7.1.h. and not due to any conduct of Welk.

### D. FEES RELATED TO MATTERS UNRELATED AND/OR UNNECESSARY TO SGB'S MOTIONS TO STRIKE SHOULD BE DEDUCTED FROM THE LODESTAR AMOUNT

SGB seeks fees for matters that are only tenuously related, if at all, to its anti-SLAPP motions.  For example, SGB seeks fees for reviewing the complaints filed in this matter, which counsel would have done whether it filed a motion to strike or not (ECF No. 84-3 at pp. 44 (8/10/17), 45 (8/29/17), and 54 (10/10/17)); communications regarding preparation of a litigation plan (*id.* at p. 44 (8/11/17)); communications regarding a potential, but unfiled Rule 11 motion (*id.* at p. 44 (8/29/17);   review of sanctions motions and motions to compel arbitration in unspecified "related" actions, which do not appear to have been cited by SGB in any of their unstricken motions (*id.* at p. 45 (8/31/17)); research and analysis regarding Welk's Civil RICO allegations, which allegations are not addressed in any of SGB's unstricken anti-SLAPP motions (*id.* at pp. 49 (9/25/17), 50 (two entries on 9/26/17); and work related to reviewing and correcting errors that led to the Court striking SGB's first motions to strike and to dismiss the second amended complaint (*id.* at pp. 63-67 (*passim*)).  Because these matters are not related to the substance of SGB's motions to strike, fees related thereto should not be included in the lodestar amount.

In addition, SGB seeks fees for filing a completely unnecessary reply in

support of its first motion to strike after Welk filed a notice of non-opposition to the motion. (ECF No. 84-3 at p. 54 (all entries on 10/9/17), 58 (10/9/17 and 10/20/17), 59 (10/20/17).) In light of Welk's notice of non-opposition, there was simply no reason for SGB to expend the time and expense of filing a reply brief. Any fees related to these efforts should therefore be deducted from the lodestar amount.

### E. MANY OF SGB'S FEE DESCRIPTIONS ARE INSOLUABLY VAGUE

SGB's itemization of billed fees (ECF No. 84-3 at Ex. B) contains a number of entries that are so vague that it is impossible for Welk or the Court to determine whether the fees are reasonable or otherwise related to the anti-SLAPP motions. For example, on August 30, 2017, counsel billed SGB 2.20 hours for "[Redacted] [Further client input re:] strategy related to 12(b)(6) motion and Cal. Code Civ. Proc. 425.16." (*Id.* at p. 45.) While Welk does not expect SGB to reveal attorney-client communications, simply describing the communications as "client input re: strategy" with a vague reference to SGB's motions to strike and to dismiss the complaint fails to provide Welk or the Court with any basis from which to determine whether the fee is reasonable and/or whether the time was entirely related to the motions, particularly given the 2.2 hour duration of the communication. SGB offers a similar vague entry for August 30, 2017 for 2.3 hours by a separate attorney, which appears to relate to the same call and is therefore redundant or double-billing. (*Id.*) Accordingly, these items should be deducted from the lodestar amount.

SGB also lists additional vague entries such as, by way of example and not limitation, "[r]eview of online docket report for active case and review prior order striking Complaint and granting leave to amend" (ECF No. 84-3 at p. 54 (10/9/17)); "[b]egin damages analysis of Cholakian theory, prepare possibilities and structure necessary follow-up research" (*id.* at p. 56 (10/17/17); "[f]urther

attention to draft motion and attendant strategy considerations" (*id.* at p. 57 (10/18/17)); "[Redacted] [Further consideration and analysis regarding] using arbitration ruling, [redacted]" (*id.* at p. 65 (11/22/17); "[Redacted] Consider additional proposed changes and edits to combined brief]" (*id.* at p. 67 (12/1/17)); and multiple vague entries related to "coordinat[ing]" preparation of documents (*id.* at pp. 68-70 (*passim*)). Because these descriptions are so vague, Welk, and presumably the Court, have no basis for determining what these activities are, how they specifically relate to SGB's motions to strike, and, consequently, whether they are reasonable. These entries should therefore be deducted from the lodestar figure.

Similarly, counsel's billing descriptions are replete with vague descriptors such as "analysis of…" and/or "strategy consideration regarding…," with no corresponding reference to any document review, document preparation, research or discussion. (*See* ECF No. 84-3, *passim.*) In other words, RGB seeks reimbursement for fees related to simply "thinking" about a topic related to its anti-SLAPP motions. However, without any description tying counsel's "analysis" to a specific task related to the motions, such as researching a particular topic, preparing a particular section of the briefing, or conferring with co-counsel, it is not apparent that billing for such idle contemplation is reasonable. Indeed, these billing entries smack of bill padding. Accordingly, any such hours should be deducted from the lodestar calculation.

## V. **CONCLUSION**

SGB has failed to meet its burden of establishing the reasonableness of all of its fees, including its proposed hourly rate, proposed multiplier, and hours its counsel claims to have expended related to the subject anti-SLAPP motions. Accordingly, Welk respectfully requests that the Court calculate the lodestar amount at the rate actually billed by SGB's counsel, reduce the number of hours claimed by SGB from its lodestar calculation as indicated herein above, and

decline to award any fee enhancement.

Respectfully submitted.

GREENSPOON MARDER LLP

Dated: April 22, 2019     By:     */s/ Gabriel G. Hedrick*
Gabriel G. Hedrick
Attorneys for Plaintiffs
WELK RESORT GROUP, INC. and
WELK     RESORTS     PLATINUM
OWNERS ASSOCIATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on this date to all counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system. Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery upon their appearance in this matter.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct. Executed this 22nd day of April 2019 at San Diego, California.

*/s/ Gabriel G. Hedrick*
Gabriel G. Hedrick

*PLAINTIFFS' OPPOSITION TO DEFENDANT SGB'S MOTION FOR FEES AND COSTS*

Case No. 3:17-cv-01499-L-AGS