1  CHARLES R. GREBING, State Bar No. 47927
2  *cgrebing@wingertlaw.com*
   COLIN H. WALSHOK, State Bar No. 255171
3  *cwalshok@wingertlaw.com*
4  WINGERT GREBING BRUBAKER & JUSKIE LLP
   One America Plaza, Suite 1200
5  600 West Broadway
   San Diego, CA 92101
6  (619) 232-8151; Fax (619) 232-4665
7
8  Attorneys for Defendant
   KEN B. PRIVETT, PLC
9

10                 **UNITED STATES DISTRICT COURT**

11              **SOUTHERN DISTRICT OF CALIFORNIA**

12

13  WELK RESORT GROUP, INC., a            Case No.: 3:17-cv-01499-L-AGS
    California corporation; and WELK
14  RESORTS PLATINUM OWNERS
    ASSOCIATION, a California non-profit   **MEMORANDUM OF POINTS AND**
15  corporation,                           **AUTHORITIES IN SUPPORT OF**
                                           **KEN B. PRIVETT, PLC'S EX PARTE**
16              Plaintiffs,                **APPLICATION FOR PROTECTIVE**
                                           **ORDER AND TO QUASH**
17         vs.                             **SUBPOENA TO TARA BURD, ESQ.**

18  REED HEIN & ASSOCIATES, LLC, dba
    TIMESHARE EXIT TEAM, a Washington      Judge:  M. James Lorenz
19  limited liability company; SCHROETER   Ctrm:   5B
    GOLDMARK & BENDER, P.S., a             Magistrate Judge: Andrew G. Schopler
20  Washington professional corporation; and   Ctrm:   5C
    KEN B. PRIVETT, PLC, an Oklahoma
21  limited liability company,

22              Defendants.

23

24

25

26

27

28

{00728396.DOCX}                     1

# TABLE OF CONTENTS

Page

I. BASIS FOR EX PARTE RELIEF.................................................................. 6

II. INTRODUCTION ....................................................................................... 7

III. STATEMENT OF FACTS .......................................................................... 8

IV. THE PARTIES HAVE MET AND CONFERRED ON THIS MATTER.......... 10

V. AUTHORITY FOR PROTECTIVE ORDER ............................................... 11

VI. ARGUMENT IN SUPPORT OF PROTECTIVE ORDER ............................. 11

    A. A Pending Dispositive Motion is Grounds to Stay Discovery.................. 11

    B. The Proposed Discovery Amounts to a Deposition of Opposing Counsel ......................................................................................................... 14

    C. Staying Discovery at this Juncture Furthers the State and Federal Policies to Dispose of Meritless Litigation Without Undue Expense or Burden .......................................................................................................... 15

    D. The Court has not Ruled on Privett's Objections to the Rule 26(f) Conference and Proposed Discovery Plan ............................................. 17

VII. AUTHORITY TO QUASH SUBPOENA TO TARA BURD ....................... 18

VIII. ARGUMENT IN SUPPORT OF QUASHING SUBPOENA TO TARA BURD .............................................................................................................. 18

    A. The Subpoena to Tara Burd Seeks Privileged Matters Concerning Attorneys' Legal Representations of Their Clients.................................. 19

        1. Category Nos. 1-3 to Burd Seek to Invade Privett's Attorney-Client Communications and Work Product ................................... 21

        2. Category Nos. 4-7 Seek Privett and Ms. Burd's Collaborative Attorney Work Product and Privileged Communications ............. 22

    B. The Subpoena to Ms. Burd is Does Not Permit Reasonable Time for Compliance.................................................................................................. 23

    C. Undue Burden.......................................................................................... 25

IX. CONCLUSION........................................................................................... 26

WINGERT GREBING BRUBAKER & JUSKIE LLP

{00728396.DOCX}

2

# **TABLE OF AUTHORITIES**

Page

## **UNITED STATES COURTS OF APPEAL**

*Baird v. Koerner*, 279 F.2d 623, 628 (9th Cir. 1960) ............................................19

*Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003) ......................................12

*Little v. City of Seattle* 863 F2d 681, 685 (9th Cir. 1988)......................11, 12, 16

*Metabolife Intern., Inc. v. Wornick* (9th Cir. 2001) 264 F.3d 832 ........................16

*Odom v. Microsoft Corp.* (9th Cir. 2007) 486 F.3d 541 ........................................11

*Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir.1964) ............7

*Rutman Wine Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829 F.2d 729 ............16

*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)..............14, 15

*Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1181 (9th Cir. 2016)....12

*Wagh v. Metris Direct, Inc.* (9th Cir. 2003) 363 F.3d 821 .....................................11

*Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002).......................................11

*Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981) ............................................11

## **UNITED STATES DISTRICT COURT**

*Mission Power Engr. Co. v. Contl. Cas. Co.*, 883 F. Supp. 488............................6

*Nemirofsky v. Seok Ki Kim*, 523 F. Supp. 2d 998, 1000 (N.D. Cal. 2007)...........15

*Price v. Stossel*, 590 F. Supp. 2d 1262, 1271 (C.D. Cal. 2008)................11, 12, 17

## **FEDERAL RULES DECISIONS**

*California Sportfishing Protec. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014).........................................................................18

*Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ........................25

*Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Assn.*, 316 F.R.D. 327, 337 (D. Nev. 2016) .............................................................6

## **FEDERAL STATUTES**

Fed. R. Civ. P. 12(b)..............................................................................................16

Fed. R. Civ. P. 12(b)(6)..........................................................................................16

Fed. R. Civ. P. 26 (a)(1)(C).....................................................................................17

WINGERT GREBING BRUBAKER & JUSKIE LLP

{00728396.DOCX}

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE
APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ.
Case No. 3:17-CV-01499-L-AGS

1    Fed. R. Civ. P. 26(b)(1)..............................................12

2    Fed. R. Civ. P. 26(b)(1); 26(b)(3)(A)............................14

3    Fed. R. Civ. P. 26(b)(3)(A)........................................19

4    Fed. R. Civ. P. 26(c)..................................................10

5    Fed. R. Civ. P. 26(c)(1)..............................................11

6    Fed. R. Civ. P. 26(c)(1)(A)-(D)....................................11

7    Fed. R. Civ. P. 26(f)..................................................16

8    Fed. R. Civ. P. 34(b)(2)(a).........................................25

9    Fed. R. Civ. P. 34(b)(2)(a); 45(d)(2)(b).......................24

10   Fed. R. Civ. P. 37(d)(2); 45(g).....................................7

11   Fed. R. Civ. P. 45(d)(1)..............................................25

12   Fed. R. Civ. P. 45(d)(2)(B); 45(d)(3); 26(c)..................25

13   Fed. R. Civ. P. 45(d)(3)(A)........................................18

14   Fed. R. Civ. P. 45(d)(3)(A)(i).....................................24

15   Fed. R. Civ. P. 45(d)(3)(B)........................................18

16   Fed. R. Civ. P. 45(e)(2)(A)(ii)....................................24

17   Fed. R. Civ. P. 56....................................................11

18   Fed. R. Civ. P 56(d).................................................17

19   **CALIFORNIA SUPREME COURT**

20   *Ardon v. City of Los Angeles*, 62 Cal. 4th 1176......................20

21   *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 734 (2009)..................21

22   *Los Angeles County Bd. of Supervisors v. Super. Ct.*, 2 Cal. 5th 282,
23     293 (2016) ..........................................................22

24   *Mitchell v. Super. Ct.*, 37 Cal. 3d 591, 601 (1984)..................21

25   *Moore v. Conliffe*, 7 Cal. 4th 634, 638, fn. 1 (1994) ...............13

     *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)..................13

26

27

28

{00728396.DOCX}

WINGERT GREBING BRUBAKER & JUSKIE LLP

# CALIFORNIA COURT OF APPEAL

*Am. Mut. Liab. Ins. Co. v. Super. Ct.*, 38 Cal. App. 3d 579, 591
(Cal. App. 3d Dist. 1974) .................................................................. 20

*Armenta v. Super. Ct.*, 101 Cal. App. 4th 525, 533
(Cal. App. 2d Dist. 2002) ............................................................. 20, 23

*Carehouse Convalescent Hosp. v. Super. Ct.*, 143 Cal. App. 4th 1558 .............. 14

*Citizens for Ceres v. Super. Ct.*, 217 Cal. App. 4th 889, 911
(Cal. App. 5th Dist. 2013) ................................................................ 21

*County of Los Angeles v. Super. Ct. (Axelrad)*, 82 Cal. App. 4th 819, 833
(Cal. App. 2d Dist. 2000) ................................................................. 20

# CALIFORNIA STATUTES

Cal. Bus. & Prof. Code § 6068 ........................................................... 24

Cal. Civ. Proc. Code § 2018.030 ........................................................ 20

Cal. Civ. Proc. Code. § 425.16(g) ................................................. 12, 16

Cal. Evid. Code §§ 953 .................................................................... 20

Cal. Evid. Code § 955 ..................................................................... 24

# OTHER

CivLR 1.1; 26.1(d) ........................................................................ 16

{00728396.DOCX}

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ.**
**Case No. 3:17-CV-01499-L-AGS**

WINGERT GREBING BRUBAKER & JUSKIE LLP

# I. BASIS FOR EX PARTE RELIEF

Defendant KEN B. PRIVETT PLC ("Privett") seeks a protective order to stay discovery in this matter pending the resolution of its anti-SLAPP motion and an order to quash the subpoena to Tara Burd, Esq.

Privett recognizes that ex parte relief is intended as an emergency procedure and does not take this filing lightly. However, the issues presented here go beyond beyond mere inconvenience and expense of unnecessary discovery, but to the heart of Privett's duties to its clients. The proposed discovery, three depositions unilaterally set by Welk and most notably the subpoena to non-party witness Tara Burd, Esq., seeks to invade the attorney-client relationship between Privett and its clients. Ms. Burd is not an employee of Privett, but rather a collaborator in representing certain clients against Welk. If this discovery is permitted, Privett may not be able to fully protect its attorney-client communications and attorney work product from the hands of Welk, a frequent legal adversary. The threat of Welk obtaining privileged information from a non-party relating to the legal representation of Privett's clients constitutes a threat of irreparable prejudice. See *Mission Power Engr. Co. v. Contl. Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Because Privett continues to represent clients to lawfully terminate their contracts with Welk, this prejudice would not be contained to this action but would spread to any current or future proceedings between Privett and Welk.

This ex parte application is unfortunately necessary to preserve Prievtt's privileged information because there was insufficient time to obtain an order by a noticed motion. Welk issued the subpoenas on May 8, 2019 and unilaterally scheduled the first deposition for May 22, 2019. In order to excuse attendance at the depositions which would seek to invade the attorney client privilege, the law requires a court order. See *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maint. Assn.*, 316 F.R.D. 327, 337 (D. Nev. 2016) [holding that a pending motion for protective order is a necessary, but not sufficient, condition to excuse non-appearance]; see also *Pioche*

6

{00728396.DOCX}

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ.
Case No. 3:17-CV-01499-L-AGS**

*Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir.1964) [noting "it is for the court, not the deponent or his counsel, to relieve him of the duty to appear"].

Absent a court order, Privett would be at risk for contempt proceedings and possible sanctions for a failure to comply with Welk's unilateral issuance of subpoenas. See Fed. R. Civ. P. 37(d)(2); 45(g)

## II.  **INTRODUCTION**

Plaintiffs WELK RESORT GROUP, INC., and WELK RESORTS PLATINUM OWNERS ASSOCIATION ("Welk") are in the business of selling timeshare properties to the public, which often necessitate long-term inflexible commitments secured by a promissory note. Privett is a law firm which represents consumers who have entered into these types of agreements. Privett seeks to either negotiate a release from the timeshare obligations or pursue other legal remedies on behalf of these clients against Welk including but not limited to, lawsuits, trials, arbitrations, and/or mediations, depending upon its ability or the lack of ability to resolve claims by negotiation and settlement.

Privett continues to handle claims against Welk on behalf of Welk timeshare owners who are contesting the propriety of the interests which Welk sold or induced. Privett is currently managing approximately eight of these claims which will result in either settlement, litigation, or arbitration forced by Welk. All of these past, current, and future disputes between Privett's clients and Welk end in the same manner, with negotiated settlement, litigation, or forced arbitration.

Welk sued Privett for its conduct relating to representing timeshare owners alleging (1) intentional interference with contractual relations; (2) civil conspiracy; and (3) violation of California's unfair competition laws. This Court granted Privett's motion to dismiss in part, dismissing the claims for civil conspiracy and unfair competition causes of action except to the extent that the civil conspiracy claim can survive if and only if it is based in the interference with contractual relations. Similarly,

7

{00728396.DOCX}

the claim for unfair competition claim remains if it is premised on either the interference or conspiracy claims. Therefore, the viability of all the causes of action against Privett hinge on Welk's ability to prove an intentional interference with contractual relations.

Privett's alleged interference stems from representing its clients' goals in disputes with Welk over certain timeshare interests. The client's claims were negotiated or tried by a court or in mediation. Accordingly, the claim against Privett for intentional interference with contractual relations, dealing with communications between its prospective clients or the clients themselves and the applicability of the litigation privilege, is the exact subject of the pending anti-SLAPP motion, to be heard by the court on May 28, 2019

## III.   STATEMENT OF FACTS

Welk filed the operative Second Amended Complaint on October 6, 2017. (doc. no. 25.) This complaint was subject to multiple motions to dismiss and special motions to strike by Defendants Reed Hein & Associates Inc.; Schroeter Goldmark & Bender, P.S.; and Privett. (docs. no. 31, 64, 65, 66). The Schroeter Goldmark & Bender, P.S. anti-SLAPP motion was granted based on its claim for litigation privilege. (doc. no. 80.) Welk's claims against Privett for civil conspiracy and violation of California's unfair competition laws were dismissed in part by the Court on March 18, 2019 and only survived based upon a foundation of Welk's claim for international interference with contractual relations. *Id.*

This Court granted the Schroeter Goldmark & Bender, P.S. anti-SLAPP motion on nearly identical grounds that are presented by the Privett motion, noting that the demand letters and attorney correspondence regarding matters of public concern are protected by California's anti-SLAPP statute. (doc. no. 80 at pp. 5-6.) This Court also denied Welk's previous request for discovery to "better oppose" the Schroeter Goldmark & Bender, P.S. anti-SLAPP, finding that the issues presented do not create

8

"appropriate circumstances" to allow discovery. (doc. no. 80 at p. 9.)

Shortly thereafter, Privett filed a special motion to strike the keystone cause of action for international interference with contractual relations through an anti-SLAPP motion arguing that the claim should fail as a matter of law based on the substantive immunities under California law. (doc. no. 99.)

Privett also sent demand letters, which predated judicial or quasi-judicial proceedings and addressed the same public concerns as raised in the communications that this Court previously found to invoke the litigation privilege, but Privett did not fully demonstrate the ensuing litigation in its initial motion. (doc. no. 80 at 18-20.) Privett participated in settlement negotiations, finalized numerous settlement agreements and mutual releases, and Welk commenced more than five arbitration proceedings against Welk timeshare owners represented by Privett.

Aside from the evidence provided to demonstrate the history of litigation activity and conduct in anticipation of litigation, which Welk already possessed as the adverse party, Privett is in the same situation as Schroeter Goldmark & Bender, P.S. was previously. This situation is one where further discovery is further discovery is not appropriate under the circumstances. (doc. no. 80 at p.9.)

Privett's potentially dispositive anti-SLAPP motion has not been heard or considered by the court as of the date of this motion. It is set for hearing on May 28, 2019. Plaintiffs' Opposition papers were due and filed on May 14, 2019. In the opposition Welk seeks to delay the hearing on the anti-SLAPP in order to conduct even more discovery. (doc. no 104 at p 12.)

After Privett filed its anti-SLAPP motion, Welk's counsel initiated a conference with the defendants to discuss the matters required pursuant to Federal Rules of Civil Procedure 26(f). Declaration of Charles Grebing "Grebing Decl." at ¶ 3. Specifically, counsel for Welk indicated that he wanted to initiate discovery in this matter regardless of the anti-SLAPP motion. *Id.* Privett's attorney objected at the Rule 26(f) conference

{00728396.DOCX}

9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ.**
**Case No. 3:17-CV-01499-L-AGS**

and requested that the same objection be incorporated into the proposed discovery plan, because no discovery is needed to respond to the anti-SLAPP and the motion could obviate the need for any and all discovery concerning Privett in this matter. *Id* at ¶4. The Court has not had an opportunity to rule on these objections.

This Court has already denied Welk the opportunity to conduct discovery in this matter during the pendency of the Schroeter Goldmark & Bender, P.S. anti-SLAPP finding that the issues presented did not give rise to "appropriate circumstances" to allow discovery. (doc. no. 80 at p. 9.) Privett's anti-SLAPP motion presents the same circumstances because it is based on a substantially similar factual background and the same litigation privileged-based underpinnings as the Schroeter Goldmark & Bender, P.S. motion.

Undeterred, Welk unilaterally scheduled and sent notice of three planned depositions, accompanied by subpoenas issued by the District Court of the Southern District of California, within one week of the Rule 26(f) meeting,. Grebing Decl.at ¶¶ 5; 7; and 8.

The deponents are Tara Burd, a California attorney who associated as counsel with Privett in several matters against Welk; Ken Privett, the principal attorney of Privett; and Lynda Dust, a part-time employee and secretary for Privett. Grebing Decl. at ¶¶ 5; 7; and 8.

Two of these depositions are noticed for Oklahoma, while Ms. Burd's is noticed for San Diego. The subpoena to Ms. Burd also included a request for production of documents. Grebing Decl. at ¶¶ 5; 7; and 8.

## IV.     THE PARTIES HAVE MET AND CONFERRED ON THIS MATTER

Pursuant to the requirements set forth in Fed. R. Civ. P. 26(c) and CivLR 26.1(a) counsel for Privett and Welk met and conferred by telephone on May 16, 2019 to discuss the issues in this motion and the matter of this protective order but were unable to come to a resolution short of requiring court action. Grebing Decl. at ¶ 16. Counsel

1  for Welk has refused to cancel the noticed depositions pending the disposition of the

2  anti-SLAPP hearing. *Id.*

3  ## V.  AUTHORITY FOR PROTECTIVE ORDER

4  "A party or any person from whom discovery is sought may move for a

5  protective order in the court where the action is pending" to avoid "annoyance,

6  embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This

7  protective order can forbid any type of disclosure or discovery, altering the terms,

8  methods, and scope of the proposed discovery. See Fed. R. Civ. P. 26(c)(1)(A)-(D).

9  ## VI.  ARGUMENT IN SUPPORT OF PROTECTIVE ORDER

10  **A.  A Pending Dispositive Motion is Grounds to Stay Discovery**

11  A stay of discovery is appropriate when "the plaintiff will be unable to state a

12  claim for relief." *Wood v. McEwen*, 644 F.2d 797, 802 (9th Cir. 1981). The pendency

13  of a dispositive motion is a proper ground to issue a protective order to stay discovery.

14  See *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) [affirming grant of

15  protective order staying discovery pending resolution of motion to dismiss for failure to

16  state a claim]; see also *Little v. City of Seattle* 863 F2d 681, 685 (9th Cir. 1988)

17  [affirming discovery stay pending adjudication of a summary judgment motion].

18  Discovery at the pleading stage is only appropriate when there are factual issues

19  raised by the dispositive motion. See *Wagh v. Metris Direct, Inc.* (9th Cir. 2003) 363

20  F.3d 821, 829 *overruled on other grounds, Odom v. Microsoft Corp.* (9th Cir. 2007)

21  486 F.3d 541, 551.

22  Even if some discovery is allowed, it ought to be narrowly tailored to matters at

23  issue in the dispositive motion and which are "essential to the opposition" of the

24  motion. See *Price v. Stossel*, 590 F. Supp. 2d 1262, 1271 (C.D. Cal. 2008) [citing Fed.

25  R. Civ. P. 56 and denying plaintiff's motion to compel when discovery was not

26  essential to opposition of anti-SLAPP motion]. "Parties may obtain discovery regarding

27  any *nonprivileged matter* that is relevant to any party's claim or defense and

28  11

{00728396.DOCX}

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ.
Case No. 3:17-CV-01499-L-AGS**

*proportional to the needs of the case*, considering the importance of the issues at stake in the action, . . . *the parties' relative access to relevant information*, . . . *the importance of the discovery in resolving the issues*, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1) [emphasis added].

In *Little, supra*, the plaintiff appealed the dismissal of his complaint premised on an immunity defense as well as the District Court's decision to stay discovery pending the disposition of the motion for summary judgment. See *Little, supra,*, 863 F.2d 681, at 685. In affirming the judgment, the Ninth Circuit Court of Appeals noted that "the district court has wide discretion in controlling discovery" and found that the stay was proper because the disallowed "discovery could not have affected the immunity decision" that led to the ultimate dismissal. *Id.* at 685.

In *Price, supra*, the plaintiff sought discovery concerning the intent of television producers in creating a news segment to oppose an anti-SLAPP in a defamation case. *Price v. Stossel, supra,* 590 F. Supp. 2d 1262, at 1270. However, the anti-SLAPP was premised on only a falsity issue presented by the defamation claim. *Id.* In denying the plaintiff's motion to compel, the court found the proposed discovery would only be relevant if the Plaintiff survives the anti-SLAPP, but that additional facts concerning defendants' intent were not "essential to the opposition" concerning the dispositive issue of falsity. *Id* at 1271.

Here, the pending anti-SLAPP motion also invokes a substantive immunity from suit, which would be unaffected by discovery. See Cal. Civ. Proc. Code. § 425.16(g) [California statute staying discovery pending disposition of anti-SLAPP]; see also *Little, supra,*, 863 F.2d 681, at 685. Federal Courts sitting in diversity have recognized the state law immunity presented by the anti-SLAPP motion. See *Travelers Cas. Ins. Co. of Am. v. Hirsh*, 831 F.3d 1179, 1181 (9th Cir. 2016); see also *Batzel v. Smith*, 333 F.3d 1018, 1025-26 (9th Cir. 2003). If this immunity is established, then the entire

12

WINGERT GREBING BRUBAKER & JUSKIE LLP

action against Privett would be dismissed.

Furthermore, the basis for Privett's anti-SLAPP motion is the litigation privilege, which is an additional substantive immunity afforded by California state law. See *Moore v. Conliffe*, 7 Cal. 4th 634, 638, fn. 1 (1994). The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)

There is no discovery that Welk can undertake which would seek non-privileged information relevant to these immunity-based defenses which it does not already possess. The only communications which would be relevant would be (1) between Privett and its adversaries in a judicial or quasi-judicial proceeding; or (2) between Privett and its clients in the same proceedings.

Welk was the adverse party in the underlying disputes with Privett's clients and is thus already in possession of documents evidencing these types of communications (i.e. demand letters, demands for arbitration, settlement communications, releases, pleadings, etc.) and the judicial or quasi-judicial proceedings which ensued or were contemplated.

Any communications or documents that Welk does not already have in its possession would constitute Privett's or Ms. Burd's attorney-client communications or work product prepared, with clients or other permissible third parties, in furtherance of Privett's legal pursuits on behalf of its clients against Welk.

Anything that Welk might seek outside of these categories would not be relevant to the issue of the litigation privilege.

Finally, even if Welk's discovery were material to the substantive issues in the anti-SLAPP motion, the depositions would not occur until *after* Welk's opposition is due on May 14, 2019. The anti-SLAPP motion is set to be heard on May 28, 2019, so

13

WINGERT GREBING BRUBAKER & JUSKIE LLP

the depositions on May 29 and 30, 2019 will have no effect on the outcome of the motion and would likely be an undue burden of the parties' time and resources.

The pendency of a dispositive motion alone is grounds for a protective order to stay discovery because the anti-SLAPP motion is based on substantive immunities and no discovery will affect the current issue.

**B.** **The Proposed Discovery Amounts to a Deposition of Opposing Counsel**

Among the discovery that Welk seeks is the deposition of Ken Privett, the principal attorney for Privett. Mr. Privett is an attorney who currently represents clients who are adverse to Welk in ongoing disputes regarding timeshare contracts. Privett anticipates that the substance of this deposition would invade the attorney-client relationship between Ken Privett and his clients, and would be an attempt to take undue advantage of Privett's industry and efforts in current and future litigation against Welk. Grebing Decl. at ¶ 11. This potential line of questioning would seek privileged and undiscoverable information. Fed. R. Civ. P. 26(b)(1); 26(b)(3)(A).

"Depositions of opposing counsel are presumptively improper, severely restricted, and require "extremely" good cause—a high standard." *Carehouse Convalescent Hosp. v. Super. Ct.*, 143 Cal. App. 4th 1558, 1562 (Cal. App. 4th Dist. 2006). The party seeking to depose an attorney must show that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) [internal citation omitted]. "Each of these prongs poses an independent hurdle to deposing an adversary's counsel; any one of them may be sufficient to defeat the attempted attorney deposition." *Carehouse Convalescent Hosp. v. Super. Ct.*, *supra*, 143 Cal. App. 4th 1558, at 1563. "Without question, the proponent has the burden of proof to establish the predicate circumstances for the first two prongs." *Id.*

Although at least one Federal case has speculated that the same protections do

{00728396.DOCX}

not apply to "former opposing counsel in a different case" the facts in that case are not applicable here. See *Nemirofsky v. Seok Ki Kim*, 523 F. Supp. 2d 998, 1000 (N.D. Cal. 2007). The dispute in *Nemirofsky* was whether allow the deposition of an attorney who had represented an corporation in an underlying patent litigation, which spurned a lawsuit between a Director and the CEO of the client-entity over the disposition of settlement proceeds. *Id.* at 999-1000. There is no indication that the attorney continued to represent the entity, the Director, or the CEO following the patent litigation, nor any interest adverse to any of the parties.

Here, Welk seeks to depose Ken Privett while there are ongoing disputes between Privett's clients and Welk. Because this lawsuit stems from Privett's conduct as an attorney engaging in litigation and pre-litigation activities, the information sought in this deposition will almost certainly invoke attorney-client communications and attorney work product. Welk has not shown a necessity to depose Ken Privett, nor that the proposed deposition would seek only relevant and non-privileged information. See *Shelton v. Am. Motors Corp.*, supra, 805 F.2d 1323, at 1327. In fact, the evidence of Ken Privett's litigation activity is already in Welk's possession, including demand letters, demands for arbitration, pleadings, settlement negotiations, and releases.

Because Mr. Privett currently represents clients against Welk, deposing him would be analogous to deposing him as opposing counsel in an underlying litigation and would constitute an undue burden on Mr. Privett and his ability to represent his clients as well as an attempt to seek undiscoverable information. The same attorney-client privilege and work product protections are equally applicable to information sought from Ms. Burd and Ms. Dust, as they were parties to the communications and creation of the work product in anticipation of litigation efforts against Welk.

**C.** **Staying Discovery at this Juncture Furthers the State and Federal Policies to Dispose of Meritless Litigation Without Undue Expense or Burden**

An anti-SLAPP motion, although procedurally and substantively distinct from a

15

motion brought under Federal Rule 12(b), shares the common policy concerns of disposing of meritless litigation without incurring unnecessary expense or burdens to the parties.

The California anti-SLAPP statute provides for an automatic stay in discovery.

> All discovery proceedings in the action shall be stayed upon the filing of a notice of motion made pursuant to this section. The stay of discovery shall remain in effect until notice of entry of the order ruling on the motion. The court, on noticed motion and for good cause shown, may order that specified discovery be conducted notwithstanding this subdivision.

Cal. Civ. Proc. Code. § 425.16(g).

This provision is illustrative of California's policy "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." *Metabolife Intern., Inc. v. Wornick* (9th Cir. 2001) 264 F.3d 832, 839. Similarly the policy behind "Federal Rule of Civil Procedure 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery* (9th Cir. 1987) 829 F.2d 729, 738. Even more explicitly stated, the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the *just, speedy, and inexpensive determination of every action and proceeding*." Fed. R. Civ. P. 1 [emphasis added]; see also CivLR 1.1; 26.1(d).

When the proposed discovery will not affect the outcome of a dispositive motion, staying that discovery "furthers the goal of efficiency for the court and litigants." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

Here, Welk has unilaterally scheduled three depositions within the first week after the Rule 26(f) conference, one in San Diego and two in Oklahoma. Grebing Decl. at ¶¶ 5; 7; and 8. If allowed, these depositions will immediately ratchet up the expense of litigation and Privett anticipates that additional waves of discovery, unrelated to the substantive immunity defense, will quickly follow. Meanwhile, the pending anti-SLAPP motion could obviate the need for these cross-country depositions and all future

16

{00728396.DOCX}

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ. Case No. 3:17-CV-01499-L-AGS**

WINGERT GREBING BRUBAKER & JUSKIE LLP

time-consuming, expensive discovery.   Importantly, all of this discovery is scheduled to take place after Plaintiffs' Opposition is due on May 14, 2019 or even later after the Court is set to hear Privett's anti-SLAPP motion on May 28, 2019.

In the event that the anti-SLAPP is not granted, the stay of discovery would not prejudice Welk's ability to prepare for trial. To the contrary, if it is determined that Privett's actions are not protected by the litigation privilege as a matter of law, then the scope of Welk's discovery will have been enhanced beyond the possible limitation of what is "essential to the opposition" of the anti-SLAPP motion. See *Price v. Stossel*, *supra,* 590 F. Supp. 2d 1262, 1271 (C.D. Cal. 2008) [denying motion to compel discovery to oppose an anti-SLAPP applying standard set forth in Fed. R. Civ. P 56(d)].

Undertaking extensive discovery at this juncture is contrary to the policies of expedient and inexpensive resolutions of claims presented in both State and Federal law.

**D.** **The Court has not Ruled on Privett's Objections to the Rule 26(f) Conference and Proposed Discovery Plan**

Privett objected to holding the Rule 26(f) conference because of the pending dispositive motion and the futility of discovery in the interim. Grebing Decl. at ¶4. Privett also demanded that this objection be reflected in the proposed discovery plan. *Id.*

A party has a right to object to initial disclosures and the proposed discovery plan if the contemplated disclosures "are not appropriate in this action." Fed. R. Civ. P. 26 (a)(1)(C). The objecting party has a right to await the Court's determination and ruling of "what disclosures, if any, are to be made." *Id.*

Privett remains steadfast in its objection that neither initial disclosures nor any further discovery is appropriate in this action at the present time. Grebing Decl. at ¶4. Similar to the issues presented above, these disclosures will not be relevant to the pending dispositive anti-SLAPP motion and would be an inefficient use of the parties'

17

{00728396.DOCX}

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ.**
**Case No. 3:17-CV-01499-L-AGS**

resources. As of the date of this motion, Privett has not had an opportunity to be heard by the Court on these objections to the Rule 26(f) conference, nor to the proposed discovery plan. Discovery should be stayed at the very least until these objections have been adjudicated at either a Case Management Conference or the Early Neutral Evaluation.

## VII. AUTHORITY TO QUASH SUBPOENA TO TARA BURD[1]

The Court *must* quash or modify a subpoena that "fails to allow a reasonable time to comply" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). Additionally, the Court may, and should, quash or modify a subpoena that requires "disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B). A party has standing to quash a third-party subpoena to assert a privilege protection. See *California Sportfishing Protec. All. v. Chico Scrap Metal, Inc.*, 299 F.R.D. 638, 643 (E.D. Cal. 2014). Additionally, any person who is "affected by a subpoena" may seek to quash or modify the subpoena when "trade secret or other confidential research, development, or commercial information" in implicated. Fed. R. Civ. P. 45(d)(3)(B).

## VIII. ARGUMENT IN SUPPORT OF QUASHING SUBPOENA TO TARA BURD

Tara Burd is a California attorney who associated in as counsel of record with Privett on several matters concerning Welk timeshares. Grebing Decl. at ¶5. Privett and Ms. Burd would collaborate on these matters. Declaration of Tara Burd, Ex. 9 at ¶ 11; 15-17 to Grebing Decl. at ¶ 10. Each of Ms. Burd's Welk-related clients signed an agreement that articulated that Ms. Burd would associate in as counsel with Privett, and

---

[1] These motions are filed together pursuant to Judge Lorenz's standing order: "When the same party is noticing multiple motions for the same hearing date, the motions must be briefed together in one memorandum of points and authorities."

WINGERT GREBING BRUBAKER & JUSKIE LLP

Privett would continue to assist in the representation. *Id.* at ¶ 12. Specifically, Ms. Burd believes that each matter she handled with Privett against Welk concerned "a justiciable claim to pursue" which would either result in a settlement, litigation, or arbitration. *Id.* at ¶ 17-18. Therefore, the collaborate and coordinating efforts between Ms. Burd and Privett, including Privett's efforts to provide background information, and their communications regarding facts, theories, circumstances, and potential resolutions of the individual claims in anticipation of the litigation are all subject to attorney-client privilege and work product protections.

Welk seeks production of nine categories of documents in the subpoena to Ms. Burd. Welk Deposition Subpoena to Burd, Ex. 3 at p. 4 to Grebing Decl. at ¶ 6. Category Nos. 1-3 refer to documents reflecting communications or legal services provided by Privett to his clients and have no immediate connection to Ms. Burd. *Id.* Category Nos. 3-7 refer to communications or documents reflecting coordination between Privett and Ms. Burd as to their joint clients, to whom they each have an attorney-client relationship and duty of confidentiality. *Id.* Finally, Category Nos. 8-9 refer to communications between Privett and Burd, and Privett's attorneys in the current litigation and Ms. Burd that led to her declaration submitted in support of the anti-SLAPP. *Id.*

It is anticipated that the deposition testimony sought will address similar topics which would also invade the attorney-client relationship. Grebing Decl. at ¶ 11.

A.   **The Subpoena to Tara Burd Seeks Privileged Matters Concerning Attorneys' Legal Representations of Their Clients**

The documents sought in the subpoena to Tara Burd are "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative" and thus are not discoverable. Fed. R. Civ. P. 26(b)(3)(A). "On the question of privileged communications, the federal courts follow the law of the state of the forum." *Baird v. Koerner*, 279 F.2d 623, 628 (9th Cir. 1960).

"A writing that reflects an attorney's impressions, conclusions, opinions, or legal research or theories is not discoverable under any circumstances." Cal. Civ. Proc. Code § 2018.030. The work product protection is designed to "[p]revent attorneys from taking undue advantage of their adversary's industry and efforts." Cal. Civ. Proc. Code § 2018.020. "The protection afforded by the privilege is not limited to writings created by a lawyer in anticipation of a lawsuit. It applies as well to writings prepared by an attorney while acting in a nonlitigation capacity." *County of Los Angeles v. Super. Ct. (Axelrad)*, 82 Cal. App. 4th 819, 833 (Cal. App. 2d Dist. 2000).

"Where parties collaborate on work product, 'waiver of [the] privilege by one of the joint holders does not bar the other joint holder from asserting it.'" *Armenta v. Super. Ct.*, 101 Cal. App. 4th 525, 533 (Cal. App. 2d Dist. 2002) [quoting *Am. Mut. Liab. Ins. Co. v. Super. Ct.*, 38 Cal. App. 3d 579, 591 (Cal. App. 3d Dist. 1974)]

Here, Welk seeks to invade the attorney-client relationship by demanding documents relating to the legal representation of Privett's clients. Separately, Welk also seeks to invade the relationship between Ms. Burd and her clients. These requests invoke privileged matters concerning an attorney's legal representation against Welk.

Furthermore, the client is the holder of the attorney-client privilege, and while an attorney has a duty to assert the privilege on behalf of a client, the client is the holder of the privilege. See Cal. Evid. Code §§ 953; 955. A waiver of the attorney-client privilege requires "some measure of choice and deliberation on the part of the privilege holder." *Ardon v. City of Los Angeles*, 62 Cal. 4th 1176, 1188 (2016).

Here, Welk's requests invoke communications between an attorney and client without notice to the privilege-holder. Because the individual clients do not have the opportunity to make a deliberate choice to waive the privilege, Ms. Burd and Privett have no choice but to vehemently stand on the claim of privilege.

1.  **1.** <u>Category Nos. 1-3 to Burd Seek to Invade Privett's Attorney-Client</u>
    <u>Communications and Work Product</u>

These requests read as follows:

> 1. Documents reflecting the authorization of Ken Privett or his law firm to represent any Welk timeshare owner in an attorney-client relationship.
>
> 2. Documents reflecting any legal representation Ken Privett or his law firm provided to any Welk timeshare owner.
>
> 3. Documents reflecting any services Ken Privett or his law firm provided to any Welk timeshare owner.
>
> Welk Deposition Subpoena to Burd, Ex. 3 at p. 4 to Grebing Decl. at ¶ 6.

These requested documents do not mention Ms. Burd and only implicate Privett's attorney-client relationships, communications, and attorney work-product in representing its clients. It is currently unknown whether Ms. Burd is in custody or control of any responsive documents to these overbroad requests which do not explicitly concern her business or practice. Grebing Decl. at ¶ 12. More importantly, the three requests seek documents protected by the attorney-client privilege and work product protection.

"The attorney-client privilege attaches to a confidential communication between the attorney and the client and bars discovery of the communication irrespective of whether it includes unprivileged material." *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 734 (2009); see also *Mitchell v. Super. Ct.*, 37 Cal. 3d 591, 601 (1984) [holding protection applies to both "factual" and "legal" communications between an attorney and client].

While generally the party asserting a privilege has the initial burden of establishing preliminary facts to show the privilege applies, sometimes the scope of the requests "presuppose a communication between attorney and client." *Mitchell v. Super. Ct.*, 37 Cal. 3d 591, 601 (1984); see also *Citizens for Ceres v. Super. Ct.*, 217 Cal. App. 4th 889, 911 (Cal. App. 5th Dist. 2013).

21

As phrased, these requests seek documents "made for the purpose of seeking or delivering the attorney's legal advice or representation." *Los Angeles County Bd. of Supervisors v. Super. Ct.*, 2 Cal. 5th 282, 293 (2016).

Here, an authorization to represent a client, evidence of that legal representation, and a reflection of the legal services are all within the purview of "seeking or delivering the attorney's legal advice or representation." See *Los Angeles County Bd. of Supervisors v. Super. Ct.*, 2 Cal. 5th 282, 293 (2016) These are also the types of requests which presuppose a communication between an attorney and client because there can be no authorization for representation, nor evidence thereof without an underlying communication concerning the same.

Here, these requests are an attempt to obtain documents evidencing Privett's communications with its clients as well as any overt acts from an attorney's mental impressions that constitute "legal representation" or "any services." As a frequent legal adversary of Privett, with ongoing disputes with certain clients, Welk is attempting to use the discovery process to infiltrate and take undue advantage of Privett's industry and efforts in representing its clients against Welk. See Grebing Decl. at ¶ 13. In addition, the requests are impermissibly attempting to invade the attorney client privilege.

The Court should not condone this invasive effort

2. <u>Category Nos. 4-7 Seek Privett and Ms. Burd's Collaborative Attorney Work Product and Privileged Communications</u>

4. Documents reflecting any communications you had with Ken Privett or his law firm relating to any Welk timeshare owner, as described in paragraph 15 of your April 22, 2019 Declaration.
5. Documents reflecting any coordination you had with Ken Privett or his law firm relating to any Welk timeshare owner, as described in paragraph 16 of your April 22, 2019 Declaration.
6. Documents reflecting that Ken Privett or his office gathered information relating to Welk timeshare owners who asserted or may assert claims against Welk, as described in Paragraph 11 of your April 22, 2019 Declaration.
7. Retainer Agreements signed by Ken Privett, as described in paragraph 13 of your April 22, 2019 Declaration.

22

These documents constitute Ms. Burd and Privett's collaborate efforts to represent their collective clients. To emphasize the importance of the aforementioned work product and attorney-client protections, Privett continues to actively represent clients adverse to Welk. Grebing Decl. at ¶ 13. Allowing Welk to gain access to the communications, coordinating efforts, and information gathering processes of opposing counsel in a separate action would undermine the policy of protection afforded by the attorney-client privilege and work product protection. Even as it relates to matters in which Ms. Burd and Privett's representation has ended the disclosure of this information would violate the attorney client privilege and work product protection.

Perhaps most egregiously, Category No. 6 seeks information that an attorney gathered for clients "who asserted or may assert claims against Welk." This language parallels the protection for "documents and tangible things that are prepared in anticipation of litigation or for trial" which are presumptively not discoverable. Fed. R. Civ. P. 26(b)(3)(A). This request would seek to discover Privett's opinions on the viability of past, current, and future claims against Welk, which would fall under the protection of work-product and attorney client privilege.

As these documents constitute collaborative work between attorneys in furtherance of the representation of their clients, Privett and Ms. Burd are joint holders of the work product protection. See *Armenta v. Super. Ct.*, 101 Cal. App. 4th 525, 533 (Cal. App. 2d Dist. 2002). Without assuming that Ms. Burd would waive her portion of this protection, Privett asserts its right to prevent any such disclosure. Furthermore, the clients have not waived any privileges as to these communications and documents.

**B.** **The Subpoena to Ms. Burd is Does Not Permit Reasonable Time for Compliance**

The subpoena seeks to force Ms. Burd to appear for a deposition and produce

23

{00728396.DOCX}

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ.**
**Case No. 3:17-CV-01499-L-AGS**

responsive documents by May 22, 2019. As of May 13, 2019, Ms. Burd had not been

served with the subpoena.

The Court must quash a subpoena that does not "allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i). Unless the recipient of a subpoena responds with written objections, in order to withhold privileged documents he or she must "describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim" (i.e. provide a privilege log) Fed. R. Civ. P. 45(e)(2)(A)(ii). An attorney has an affirmative duty to protect attorney-client confidences and to assert attorney-client privileges. See Cal. Evid. Code § 955; Cal. Bus. & Prof. Code § 6068.

Here, the subpoena seeks privileged information concerning not only Ms. Burd's clients, but also Privett's clients. As such, Ms. Burd would have less than six days to review her client files, identify potentially responsive documents, analyze each for potential privilege issues, articulate each issue into a privilege log, then coordinate with Privett to undertake a similar review and analysis. This process would likely take weeks, not days, to fully comply with the requirements. While a subpoena may provide shorter notice relative to other discovery provisions, providing only nine days is not a reasonable request. See Fed. R. Civ. P. 34(b)(2)(a); 45(d)(2)(b) [comparing the thirty days allotted for requests for production to party the fourteen-day window to provide objections to a subpoena]. Such a short amount of time prejudices both Ms. Burd and Privett's ability to fully protect their clients and raise the required assertions of privilege.

///

Because of the hardship to be imposed on both Ms. Burd and Privett, the subpoena to Ms. Burd must be quashed or modified for a failure to allow a reasonable time to comply.

{00728396.DOCX}

WINGERT GREBING BRUBAKER & JUSKIE LLP

## C. **Undue Burden**

These documentary requests also place an undue burden on Ms. Burd, a non-party to this action. All of these documents, even though they are protected and not discoverable, relate to Ms. Burd's dealings and communications with Privett, or the agents and employees of Privett.

"A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Subpoenas that seek documents from a non-party that could have been requested from a party constitute an undue burden. See *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) [finding undue burden where "plaintiffs have not shown they have attempted to obtain these documents from defendant" before subpoenaing them from a non-party]. Otherwise, a party could circumvent the thirty-day requirement set forth in Rule 34 by instead issuing subpoenas to non-parties for its desired documents. See Fed. R. Civ. P. 34(b)(2)(a). This practice is also suspect because only the recipient of the subpoena has the right to respond with written objections, while an interested party is required to either bring a motion to quash or seek a protective order. See Fed. R. Civ. P. 45(d)(2)(B); 45(d)(3); 26(c).

Here, Welk attempts to serve the subpoena on Ms. Burd and require production by May 22, 2019. Welk Deposition Subpoena to Burd, Ex. 3 at p. 1 to Grebing Decl. at ¶ 6. Privett received notice from Welk on May 8, 2019 of the subpoena. Grebing Decl. at ¶ 6. Privett has not received any Rule 34 requests for production of documents from Welk in this matter. Grebing Decl. at ¶ 14. Privett is unaware of any affirmative action or reasonable steps taken by Welk or Welk's counsel to avoid this undue burden. Grebing Decl. at ¶ 15. Welk's attempt to accelerate its receipt of documents by targeting a non-party and circumventing the prescribed means for discovery should not be rewarded.

## IX. CONCLUSION

For the forgoing reasons, Defendant Ken B. Privett PLC respectfully requests that the Court grant this motion and issue protective order staying all discovery in this matter until the pending anti-SLAPP motion has been fully adjudicated. Defendants also respectfully requests that the Court quash the subpoenas directed to Tara Burd, Esq.; Ken Privett, Esq.; and Lynda Dust.

Dated: May 16, 2019

WINGERT GREBING BRUBAKER
& JUSKIE LLP

By: *s/Charles R. Grebing*
    CHARLES R. Grebing
    *cgrebing@wingertlaw.com*
    COLIN H. WALSHOK
    *cwalshok@wingertlaw.com*
    Attorneys for Defendant
    Ken B. Privett, PLC

{00728396.DOCX}

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KEN B. PRIVETT, PLC'S EX PARTE APPLICATIONS FOR PROTECTIVE ORDER AND QUASHING SUBPOENA TO TARA BURD, ESQ.**
**Case No. 3:17-CV-01499-L-AGS**